**Exhibit A**

2577CV00816



FILED
IN THE ESSEX SUPEIOR COURT
AUG 05 2025
THOMAS. H. DRISCOLL
CLERK OF COURTS

Superior Court State of Massachusetts

Peter R. Rumbin, Plaintiff Doc. No.:

VS July 31,2025

Office of the General Counsel, US Dept of Education, Ms. Sheri Cann, CEO, President, F. H. Cann & Associates (North Andover, Mass), Scott Bassent, Department of The US Treasury, Ellen R. Patterson, Senior Ex. VP, General Counsel, Wells Fargo & Co., Elizabeth Shahin, VP & General Counsel, University of Chicago, Defendants

**Complaint for the University of Chicago Student Loan case-US Borrower Defense Application Predatory Lending Program Settlement**

---

**A BRIEF BACKGROUND**

Attorney Ira B. Grudberg has been counsel of record since the plaintiff was sued in Federal Court in 1989-1990 for student loans borrowed for one year while Mr. Rumbin, defendant at that time, was an University of Chicago student. The University of Chicago engaged in what is now termed: "predatory lending" and treated "students of need as students of means." The U. of Chicago received PELL/BEOG grant funds to pay for his education but instead of crediting these funds towards his education bill, the U. of Chicago pocketed the funds and then proceeded to borrow—which was unnecessary if the grant monies had been credited towards his education bill. Thus the U. of Chicago unjustly enriched itself and others. The U. of Chicago was caught embezzling and committing fraud when Harvard College financial aid office requested a financial aid transcript from the U. of Chicago. Harvard discovered these financial aid "irregularities" and then Harvard directed the plaintiff to inform the US Dept of Ed in Chicago, Illinois of the problem. US Dept of Ed in Chicago investigated the U. Of Chicago for "predatory lending" and embezzlement-fraud of plaintiff's BEOG/PELL grant funds. As a consequence of the investigation, the U. of Chicago returned the BEOG/PELL grant funds that it had embezzled and committed fraud for but not the loans. Plaintiff withdrew from the U. of Chicago and never borrowed again. He attended Harvard on a full scholarship.

The Connecticut Savings Bank refused to lend any more money to the U. of Chicago because (1) it did not like how U. of Chicago was conducing itself and (2) plaintiff's mother was dying from cancer and the bank refused to extend any more loans under the circumstances as it thought it would be imprudent. Furthermore, the U. of Chicago had requested that the plaintiff's parents take out a "second mortgage" in order to obtain more money. The bank also denied this requested and directed the plaintiff's parents to "have

your son withdraw from the U. of Chicago" and so he withdrew from U. of Chicago and never returned.

Since 1979, Ira Grudberg has been counsel of record when he first struggled to obtain a transfer credit transcript for over three years from the former dean of students, Professor Lorna Strauss of the University of Chicago.

Then, in 1989-1990, Grudberg represented Mr. Rumbin (then defendants) when he was sued for the student loans by the US Depts of Treasury and Education in Chicago and then Connecticut, US District Courts. Grudberg, won the student loan case in Federal Court in 1990 by stipulated agreement of the parties dismissed with prejudice against them (US Dept of Ed and Treasury et al). Plaintiff only borrowed student loans for this one year while a student attending U. of Chicago, withdrew and never borrowed again. All the loans were included in the stipulated agreement dismissed with prejudice against the US Depts of Ed and Treasury (see attached court order UD District Judge Warren Eginton and discovery-interrogatories etc.).

In 2011 due process was revoked by an act of US Congress and offsets commenced thereupon against the plaintiff, Mr. Rumbin, until 2024. This act of Congress permitted the US Depts of Treasury and Education to seize money and assets without suing in court and obtaining a favorable judgement from the court. Hence revoking due process, the US Depts of Ed and Treasury "could do an end run around the stipulated agreement of the parties, dismissal with prejudice against them" and thus it resorted to "self-help" by removing due process in the student loan case to avoid the previous court order signed by a Federal judge, Warren Eginton. Now the US Depts of Ed and Treasury did not have to sue in court and win a judgement before a judge to seize a student's monies and assets. The "claw back program" of 2024 imposed offsets of 100 percent by the US Dept of Treasury against plaintiff's income and total loss of health insurance except if you could pay for it and/or find a medical insurance company. This draconian policy caused significant hardships.

In 2011 a civil suit was filed against the defendants in US District Court, followed by a brief to the US Second Circuit Court of Appeals. Then Grudberg filed two writs of certiorari to SCOTUS (one with President Joe Biden) on behalf of the plaintiff, joined the class action suit Sweet vs DeVos (Sweet vs Cordola): borrower defense-predatory lending program of the US Dept of ED and three borrower defense program applications for predatory lending against the defendants with the US Dept. of ED. Recently, Grudberg won the borrower defense- predatory lending case before the General Counsel of the US Dept of Education (Washington, DC). This is the second time Grudberg and the plaintiff have won his student loan case in court. In this student loan case against the U. of Chicago, litigation by the

plaintiff commenced in 2011 and has continued until the present. But this case has been ongoing since 1979.

Compensation appropriate for this huge consumption of time and resources is justifiable and necessary to prevent its reoccurrence. Ira Grudberg, is counsel of record for the two writs of certiorari to SCOTUS, class action suit: Sweet vs Cordola (Sweet vs DeVos) with Harvard Law School et al as part of the borrower defense program-predatory lending (submitted three applications). Ira B. Grudberg, instructed the plaintiff to keep his name upon all pleadings since he is counsel of record for them.

The plaintiff hereby notices the court of the affirmative judgement discharging all debts in favor of the plaintiff by the class action suit Sweet vs Cordola-borrower defense application program for predatory lending issued by the General Counsel, US Dept. of Education. The defendants must be compelled to comply with this ruling. This "foreign judgement" according to rule M. G. L. 218, sec 4A is attached herein. Plaintiff requests the assistance of the court in enforcing judgement upon the defendants. (see attached affidavit and documents)

Plaintiff enlists the assistance of the court for execution of judgment upon the defendants for all outstanding debts claimed by them. F.H. Cann & Associates claims $10,000 owed. Other defendants have ignored solicitations for monies that they claim are owed to them and to pay for damages and legal costs etc. Plaintiff requests that all debts be settled immediately by the defendants and that the court absolve the plaintiff of any financial liability whatsoever now and in the future. (Please read writ of certiorari, addendum and for a comprehensive history and legal case law).

**RELIEF SOUGHT**

**1**.To cease and desist the unlawful seizure of property and monies; ignoring a prior judge's ruling of dismissal with prejudice against the defendants by stipulated agreement of the parties; Plaut v. Spendthrift Farms, res judicata, United Student Aid Funds, Inc. v. Espinosa, No appeal or modification of 1990 ruling was ever sought by defendants for over 30 years.

**2**. Return of what monies have been seized; total sum, with interest, of all payments, tax returns, fees, penalties, interest etc.

**3**. A Court order stopping any further taking of any funds or property from the plaintiff, Peter R. Rumbin

**4**. Reimbursement of all legal counsel fees and expenses as a result of the defendants' actions.

**5.** Counter suit on predatory lending, Dodd-Frank Consumer Protection Act or other applicable laws or relief as the court or legal counsel deem appropriate.

## THE COURT'S POWER TO GRANT RELIEF

The FCPA empowers this court to grant any appropriate legal or equitable relief with respect to violations of federal consumer financial law, the refund of monies, paid restitution, disengagement, or compensation for unjust enrichment, and civil money penalties. 12U.S.C.455565(A)(1). (p.31 Writ of certiorari to SCOTUS, Ira B. Grudberg, ESQ, counsel of record for plaintiff) The foregoing discussion is derived from Ira B. Grudberg's pleadings and instructions to the plaintiff. Attorney Ira B. Grudberg represented the plaintiff from 1979 until the recent present.

Respectfully submitted to the court: Peter R. Rumbin

Peter R. Rumbin, plaintiff (pro se) ( Ms. Katia Baltimore, Sec't/Assist.,188 Crocker Court,
87 Second ST. Hamden, CT 06514 Orange, CT 06477, TEL 203-494-5229, messages)

Certification___________________________________

It is hereby asserted that a copy of the above was sent to the defendants of record found on the cover sheet to the complaint and herein follows below this day July 31, 2025 by plaintiff, Peter R. Rumbin, 87 Second Street, Hamden, CT 06514:

US Dept of ED, Office of General Counsel, 400 Maryland Ave. SW, Washington, DC 20202

Sheri Cann, CEO, President, F. H. Cann & Associates, 1600 Osgood St., Suite 3058, North Andover, Mass. TEL 877-750-9804;

Department of the Treasury, Scott Bassent, secretary, 1500 Pennsylvania Ave. NW., Washington, DC 20220, TEL. (202)-622-2000

Ellen R. Patterson, Senior EX VP, General Counsel, Wells Fargo & Co., Corporate Offices, 420 Montgomery St., San Francisco, CAL 94104

Elizabeth Shanin, Interim VP and General Counsel, U. of Chicago, (Professor Lorna Strauss, former dean of students), Edward H. Levi Hall, Suite 619, 5801 S. Ellis Ave., Chicago, Illinois 60637; Tel 773-702-8873

Affidavit For Foreign Judgement (M.G, L. 218, Sec.4A) State of Massachusetts

Doc. No.: Superior Court---Civil

Case: Rumbin, Peter R.

VS

Office of the General Counsel, US Dept. of Ed, F.H. Cann & Associates, Department of the Treasury, Scott Bassent, Ellen R. Pattersson, VP, Wells Fargo & Co., Elizabeth Shanin, Gen Counsel, U. of Chicago

AFFIDAVIT

I certify that the following is true that the attached favorable judgement by the General Counsel of the US Dept. of Education is a true copy of the ruling. Furthermore, to corroborate the court order stipulated agreement dismissal with prejudice against the defendants issued by Warren Eginton also discharges all loans and interrogatories, and discovery inventory all loans that were discharged in 1990 ruling that disclosed all loans and are therefore discharged today. The court may corroborate these documents itself if it wishes. Documents are attached hereafter.

Peter R. Rumbin, plaintiff, pro se, 87 Second Street, Hamden, Conn. 06514

Sworn to before me Frank Oomasco this 31st day of July 2025
Notary
commission expires 10·31·2029

Date signed
7·31·2025

Peter R Rumbin
87 2Nd St
Hamden, CT 06514-4711

March 24, 2025

Borrower Defense Application #: 02094713
Borrower Defense Application School: University of Chicago (The)

Dear Peter R Rumbin:

You are receiving this letter because you are a member of the class of Federal student loan borrowers covered by the recent settlement of the *Sweet v. Cardona* ("*Sweet*") lawsuit. You submitted a Borrower Defense to Repayment discharge application relating to your Federal student loan(s) on or before June 22, 2022. **The Department of Education, applying a special review process agreed to in the Sweet settlement agreement, has approved your claim for settlement relief.** For more information on the terms of the settlement agreement please see the Department's website at https://Studentaid.gov/announcements-events/sweet-settlement.

The Department has determined that you are entitled to settlement relief for the loans taken out on or after 4/15/1977 associated with your enrollment at University of Chicago (The) ("Relevant Federal Student Loan(s)") based on your allegations regarding the school's misconduct. Pursuant to the *Sweet* settlement, the Department of Education will do the following:

- discharge your Relevant Federal Student Loan(s);
- provide a refund for any payments made to the Department of Education on your Relevant Federal Student Loans, including Relevant Federal Student Loan debt that you previously paid off; and
- delete the credit report tradeline associated with the discharged loan(s).

The benefits described in this communication apply to your Relevant *Federal* Student Loan(s). The benefits do not apply to private loans. Discharging your Relevant Federal Student Loan(s) means that you will no longer owe the debt. You also may receive a refund for prior payments made to the Department on your discharged Relevant Federal Student Loan(s) related to University of Chicago (The). Your loan servicer will let you know if you are eligible for a payment refund, which would be mailed to you. Please check your online account with your loan servicer to ensure your address is correct so you can receive any refund.

**Other than confirming your address, you do not have to take any further action to receive your discharge**. Your servicer will send you more details about the discharge, including which loans have been forgiven. Your Relevant Federal Student Loan debt will remain in forbearance and collections will be stopped until you receive relief. Your credit report will also be updated to reflect this discharge when it is complete.

If you have questions about this notice, please call our borrower defense hotline at 1-855-279-6207. You may visit https://studentaid.gov/Contact for our hours of operation.

Sincerely,
U.S. Department of Education
Federal Student Aid

Superior Court State of Massachusetts

Peter R. Rumbin, Plaintiff Doc. No:

VS July 31,2025

Office of the General Counsel, US Dept of Education, Ms. Sheri Cann, CEO, President, F. H. Cann & Associates (North Andover, Mass), Scott Bassent, Department of The US Treasury, Ellen R. Patterson, Senior Ex. VP, General Counsel, Wells Fargo & Co., Elizabeth Shanin, VP & General Counsel, University of Chicago, Defendants

**Counter Suit on Predatory Lending, Dodd-Frank Consumer Protection Act and other applicable laws or relief as the court or legal counsel deem appropriate.**

The plaintiff hereby files a counter suit on Predatory lending against the defendants for their malfeasances and malevolent behavior against the plaintiff that spans from 1979 to the present. The predatory lending has cause disruption of the plaintiff's education, career development, destroyed his credit worthiness and lifetime income. The defendants unjustly enriched themselves at the expense of the students of need by treating them as students of means. U. of Chicago has increased its endowment tremendously; Wells Fargo Bank has paid billions of dollars in fines for its unjust and unfair credit behavior but has made billions of dollars in the conduct of this student loan business, and likewise, for F.H. Cann & Associates, US Depts of Ed and Treasury. The colleges pursued a prescription of ever-increasing fees, tuition and room and board costs by simply saddling students with ever increasing debts while the college administrators paid themselves multi-million-dollar salaries, expensive housing and pensions.

Meanwhile poor students, like me, were burdened with unmanageable debts. In the plaintiff's case, the U. of Chicago committed fraud and embezzlement to keep the PELL/BEOG grant funds for itself. Most students would have been unaware of this occurrence unless another college had requested a financial aid transcript as the plaintiff had when he attended Harvard. During this time, the college's financial aid office of the U. of Chicago did not have to provide any accounting of the fund's whereabouts to the student. Hence abuse was easily committed to enrich the college, while harming the student, me. For these reasons and others (see writ of certiorari etc.) the defendants should be required to pay the plaintiff compensation for this counter suit on their predatory lending and draconian conduct for 48 years!

Respectfully submitted:

Respectfully submitted to the court:

Peter R. Rumbin, plaintiff (pro se)

87 Second Street, Hamden, Conn. 06514

Certification________________________________

It is hereby asserted that a copy of the above was sent to the defendants of record found on the cover sheet to the complaint and herein follows below this day July 31, 2025 by plaintiff, Peter R. Rumbin, 87 Second Street, Hamden, CT 06514:

US Dept of ED, Office of General Counsel, 400 Maryland Ave. SW, Washington, DC 20202

Sheri Cann, CEO, President, F. H. Cann & Associates, 1600 Osgood St., Suite 3058, North Andover, Mass. TEL 877-750-9804;

Department of the Treasury, Scott Bassent, secretary, 1500 Pennsylvania Ave. NW., Washington, DC 20220, TEL. (202)-622-2000

Ellen R. Patterson, Senior EX VP, General Counsel, Wells Fargo & Co., Corporate Offices, 420 Montgomery St., San Francisco, CAL 94104

Elizabeth Shanin, Interim VP and General Counsel, U. of Chicago, (Professor Lorna Strauss, former dean of students), Edward H. Levi Hall, Suite 619, 5801 S. Ellis Ave., Chicago, Illinois 60637; Tel 773-702-8873

# CIVIL ACTION COVER SHEET

DOCKET NUMBER 2577CV00914

Massachusetts Trial Court
Superior Court

COUNTY

Help-Party Information

| | |
|---|---|
| Plaintiff Peter R. Rumbin | Defendant: US Dept of Ed |
| ADDRESS: 87 Second St. | ADDRESS: Office of the General Counsel |
| Hamden, Conn. 06514 | 400 Maryland Ave. SW |
| | Washington, DC 20202 see attached |
| Plaintiff Attorney: | Defendant Attorney: additional Defendants |
| ADDRESS: | ADDRESS: |
| BBO: | BBO: |

Add Parties | Remove Parties

## TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| ~~BG1~~ | ~~Fin. Institutions~~ | ~~A~~ | YES X NO |

*If "Other" please describe: Student loan predatory lending

Is there a claim under G.L. c. 93A? Yes YES NO

Won case by stipulated agreement of def. dismissed with prejudice against them (1990, I.B. Grudberg, esq)

Is there a class action under Mass. R. Civ. P. 23? Yes YES NO

Sweet vs Cordona, 2024 US Dist. No. Cal Harvard L. Sch et al

### STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

### TORT CLAIMS

A. Documented medical expenses to date — March 2025 Gen. Counsel US Dept of ED discharged debt

1. Total hospital expenses
2. Total doctor expenses
3. Total chiropractic expenses
4. Total physical therapy expenses
5. Total other expenses (describe below)

FILED IN THE ESSEX SUPEIOR COURT AUG 05 2025 THOMAS H. DRISCOLL CLERK OF COURTS

Subtotal (1-5): $0.00

B. Documented lost wages and compensation to date

C. Documented property damages to date

D. Reasonably anticipated future medical and hospital expenses

E. Reasonably anticipated lost wages

F. Other documented items of damages (describe below)

Offsets, debts, legal costs, punitive, &Tort

SEE Complaint

TOTAL (A-F): $0.00

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

### CONTRACT CLAIMS

This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | $5,000 student loan c.$890 (Wells Fargo Bank)? | c.$6,000 |
| | $16,000 F.H.Cann & Associates, No. Andover, Mass. Total | c.$16,000 |

Offsets C. $12,000-14,000+ (US Treasury & ED.)

Add Claim | Delete Claim

Signature of Attorney/Self-Represented Plaintiff: X /s/ Peter R. Rumbin

Date: July 31, 2025

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

CERTIFICATION UNDER S.J.C. RULE 1:18(5)

court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney: X /s/ Date: July 31 , 2025

SC0001: 02/24 www.mass.gov/courts Date/Time Printed: 08-22-2024 13:36:5

Peter V. L. Kourkoulas

SHERI CANN, CEO, President

Defendants: F.H.Cann & Associates, 1600 Osgood Street,Suite 3058, North Andover, Mass.TEL 877-750-9804

Department of The Treasury, Scott BASSENT
1500 Pennsylvania Ave.NW
Washington,DC 20220,Tel (202)-622-2000

Ellen R. Patterson, Senior Executive Vice President,General Counsel
Wells Fargo & Company, Corporate Offices
420 Montgomery Street, San Francisco, CAL.94104

Elizabeth Shanin, Interim Vice President and General Counsel
The University of Chicago
Edward H,Levi Hall, Suite 619
5801 S. Ellis Ave.
Chicago,Illinois 60637
Tel 773-7028873

---

COMPLAINT: Please see attached writ of certiorari and addendum and documents.
COMPLAINT

**STATEMENT OF DAMAGES**
**G.L. c. 218, § 19A(a)**

DOCKET NO. 2577CV0346

**Trial Court of Massachusetts**

| PLAINTIFF(s) | DEFENDANT(s) | DATE FILED |
|---|---|---|
| Peter R. Rumbin | US Dept of ED, U of Chicago, F.H. Cann, Wells Fargo Bank, US Treasury | July 31, 2025 |

**INSTRUCTIONS:** THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT AND BOSTON MUNICIPAL COURT CIVIL ACTIONS SEEKING MONEY DAMAGES

COURT DIVISION: Superior Court-Mass-Civil

| TORT CLAIMS | AMOUNT |
|---|---|
| A. Documented medical expenses to date: | |
| 1. Total hospital expenses: | $ |
| 2. Total doctor expenses: | $ |
| 3. Total chiropractic expenses: | $ |
| 4. Total physical therapy expenses: | $ |
| 5. Total other expenses (*describe*) | $ |
| SUBTOTAL: | $ |
| B. Documented lost wages and compensation to date: | $ |
| C. Documented property damages to date: | $ |
| D. Reasonably anticipated future medical and hospital expenses: | $ |
| E. Reasonable anticipated lost wages: | $ |
| F. Other documented items of damage (*describe*): Offsets, legal fees, Debts, Class Action: Sweet v. Cordona, writs(2), Briefs etc. | $ c$40723 |
| G. Brief description of Plaintiff's injury, including nature and extent of injury: Predatory lending etc. Loss of credit, loss of educational and career opportunities etc. | |
| For this form, disregard double or treble damage claims; indicate single damages only. **TOTAL:** | $ 50,000-74,000+ |

FILED IN THE ESSEX SUPEIOR COURT AUG 05 2025 THOMAS H. DRISCOLL CLERK OF COURTS

| CONTRACT CLAIMS | AMOUNT |
|---|---|
| ☒ **This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a)** | |
| Provide a detailed description of the claim(s): The Court hAS POWER TO GRANT ANY APPROPRIATE LEGAL OR EQUITABLE RELIEF FOR violations of ~~federal (&state) consumer financial law, refund of monies~~, paid restitution, disengagement, or compensation for unjust enrichment, & civil money penalties. | $<br>$<br>$ |
| For this form, disregard double or treble damage claims; indicate single damages only. **TOTAL:** | $ 100+ millions |

| ATTORNEY FOR PLAINTIFF (OR UNREPRESENTED PLAINTIFF) | DEFENDANT'S NAME AND ADDRESS: (see attached) |
|---|---|
| Peter R.Rumbin — SIGNATURE / DATE | Office of the General Counsel |
| Peter R. Rumbin — PRINT OR TYPE NAME / B.B.O. # | US Dept of ED, 400 Maryland Ave.SW |
| 87 Second St. — ADDRESS | Washington, DC 20202 |
| Hamden, CT 06514 | |

**CERTIFICATION PURSUANT TO SJC RULE 1:18:** I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

**Signature of Attorney on Record:** Peter R. Rumbin

**Date:** JULY 31, 2025

12.18