Peter R. Rumbin, plaintiff, pro se

c/o Ms. Katia Baltimore, Secretary

188 Crocker Court, Orange, CT 06472

## COMMONWEALTH OF MASSACHUSETTS

## SUPERIOR COURT-ESSEX COUNTY

**PETER R. RUMBIN,**           Case No. **2577CV00816**

Plaintiff,

VS

**OFFICE OF THE GENERAL COUNSEL, US DEPT OF EDUCATION**

**MS. SHERI CANN, CEO. PRESIDENT, F.H. CANN & ASSOCIATES (NORTH ANDOVER, MASS),**

**SCOTT BASSENT, DEPT OF THE TREASURY**

**ELLEN R. PATTERSON, SENIOR EX. VP., GENERAL COUNSEL, WELLS FARGO & CO.**

**ELIZABETH SHANIN, VP & GENERAL COUNSEL, UNIVERSITY OF CHICAGO, DEFENDANTS**

<u>**PLAINTIFF'S OBJECTION TO THE DEFENDANT, ELLEN R. PATERSON'S MOTION TO DISMISS, AND ARGUMENTS FOR LEVYING DAMAGES AND CESSATION OF FURTHER LITIGATION AGAINST THE PLAINTIFF, PETER R. RUMBIN.**</u>

**I.      INTRODUCTION**

Defendant Ellen R. Patterson is the Executive Vice President of Wells Fargo and Co. and has jurisdiction over the operation of the bank and therefore should be empowered to award just compensation to the plaintiff. The sheriff of Massachusetts served the defendants according to the rules of

1

civil procedure and for the Essex Superior Court. If the service was defective the clerk of the court would have notified the sheriff and plaintiff, but no such objection has been raised by the court clerk or judge. The plaintiff, Peter R. Rumbin, hereby objections to the defendant's motion to dismiss because the defendants have lost their case already before the General Counsel, US Dept of Education. The General Counsel found the defendants guilty of predatory lending, embezzlement and fraud in connection with their student loans. The plaintiff submitted a "borrower defense application" (with Ira B. Grudberg, ESQ) and it was approved. The debt was discharged (see attached letter).

## II.   FACTUAL ALLEGATIONS

Wells Fargo and associates acquired Connecticut Savings Bank in 2010. (see attached). Hence Wells Fargo and Ellen Patterson are accountable for these student loans.

## III.   ARGUMENT

US Depts of ED and Treasury commenced "offsets" in 2011 when due process was revoked by US Congress and thus required the plaintiff to file suit against the defendants to stop the seizure of money and property by the defendants. After March 24, 2025, the General Counsel halted "offsets" by the US Depts of ED and Treasury and has affirmed its wrongdoing by refunding the funds that it had offset from 2011-2025 and hence acknowledged the predatory lending of the defendants.

In 2024, the US Treasury executed its "claw back program" against the plaintiff for four months during which time he had no income and no medical health insurance. The defendants have behaved in a draconian manner since 1978-79 until the present. Even though all the defendants have been noticed about the affirmation of their predatory lending- irregular financial aid practices by the General Counsel of the US Det of ED, the defendants continue to engage in useless litigation instead of simply compensating the plaintiff for legal costs and damages spanning over 48 years.

The borrower defense program-predatory lending litigation commenced when President Joe Biden advocated for loan reforms and financial aid reforms for poor students who were being saddled with unmanageable debts. President Joe Biden filed a writ of certiorari to SCOTUS on August 24,2022and court announced its decision September 31, 2022. Ira Grudberg, Esq had joined Biden's writ of certiorari to SCOTUS.

Sweet vs Cardona (Sweet vs McMahon) class action settlement became effective January 28th, 2023. Ira B. Grudberg, ESQ is counsel of record for the class action suit with Harvard Legal Services on Predatory Lending with Harvard Professor of Law, Alan Dershowitz et al. The class action requiring the US Dept of Ed to review borrower defense applications and compelled the General Counsel of the US Dept of Ed to review the plaintiff's borrower defense application. This application was approved, and the defendants were found guilty of predatory lending. (See attached as aforementioned letter).

In 1989-1990, US Dept of Justice (Chicago, ILL and In Bridgeport, CT) sued Peter Rumbin (then defendant) for the student loans. The US Depts of Justice and Treasury lost their case before the late honorable Judge Warren Eginton (Bridgeport CT) by stipulated agreement of the parties, dismissed with prejudice against them. (already entered as an exhibit by defendants) Judge Eglinton met with defendant, Peter R. Rumbin, held hearings with the defendant, and his legal counsel Ira Grudberg. Judge Eginton realized that the defendants were engaging in what is today called predatory lending. The defendants lost their case in 1990 ruling.

In 2011-2025, offsets commenced with the revocation of due process required in the 1989-1990 case. Honorable Charles S. Haight, Jr. refused to hold hearing or acknowledge any of the plaintiff's pleadings. Even after the US Second Circuit Court of Appeals ordered Judge Haight to hold a hearing and review his ruling, he refused. Thus, ignoring the Appeals court directive.

Ira B. Grudberg, Esq filed a writ of certiorari to SCOTUS on behalf of the plaintiff on January 28,2020. (Boston Supreme Court Press). This was followed

by Grudberg joining President Joe Biden's writ of certiorari to Scotus on August 24,2022 followed by its announcement September 31, 2022.

Ira Grudberg, Esq then joined the class action suit Sweet vs Cardona as counsel of record for the plaintiff. The Sweet vs Cardona ruling compelled the General Counsel of the US Dept of Ed to re-consider and review its previous denials of the plaintiff's borrower defense applications. General Counsel of the US Dept of ED discharged the debts March 25th, 2025, and found the defendants guilty of predatory lending and "irregular financial aid practices."

Ira Grudberg, Esq commenced litigation in Mass Superior for legal costs, damages, restitution, punitive damages, violations of consumer protection law etc. on behalf of the plaintiff. Attorney Ira Grudberg died recently. Plaintiff requires the assistance and representation of legal counsel.

The court and Honorable Judge Jeffery Karp should take note that the U. of Chicago was claiming monies owed to it when it had PELL/BEOG and loan funds (See attached). It is not possible to ascertain what the defendants were doing with these funds at their disposal. However, the defendants did financially and substantially enrich themselves. Likewise, the other letters affirm the struggle to obtain any transcript from the U. of Chicago even into 1990. Plaintiff has never received any accurate accounting of his academic record. Ira Grudberg played "telephone tag" with Dean of Students, Lorna Strauss (U. of Chicago) to obtain a document of acceptability stating that the plaintiff was in "good standing" for education elsewhere required by other colleges for over three years.

The plaintiff has experienced difficulties stemming from the ongoing student loan matter that has negatively impacted his education, employment and credit worthiness. Plaintiff's credit score is "zero" because of the student loan debt that has been reported and derogatory comments from the defendants. Credit scores are now used for employment and educational admissions. Hence the necessity to terminate the defendants' litigation and recovery of compensation for fallout caused from all the student loans for the past 48 years.

4

Ira Grudberg understood the ramification of the student loans and predatory lending how they would manifest themselves as loss of monies (offsets and claw backs) and seizure of property resulting in poverty and homelessness for the plaintiff. The court must hear the case and order awarding of damages, restoration of credit and halt the futile litigation of the defendants.

Attorney Ira Grudberg has been counsel of record from the 1989-1990 suit, yet these defendants never reached out to him even when he wrote to them nor telephone him. He wrote to the legal counsel of Wells Fargo Bank when he filed the writ of certiorari, and no one ever contacted him. Only now that this civil action has been filed in Essex Superior Court (Mass) and the plaintiff is represented pro se, have the defendants' filed pleadings.

This case has been decided favorably for the plaintiff three times. The plaintiff requests that the court deny the defendants' motion to dismiss because it is the only fair and reasonable decision to render just as the General Counsel of the US Dept of Education has decided to discharge the student loan debts because of the defendants predatory lending. The writ of certiorari and addendum and plaintiff's supporting documents present the most comprehensive discussion of this student loan case and Grudberg is counsel of record. F.H. Cann & Associates were revealed after the writ was submitted to SCOTUS. William Dow, Esq. is the only surviving partner of Jacobs, Grudberg, Belt and Dow, 350 Orange St., New Haven, CT 06510.

The only litigant eligible to access res judicata, laches etc. is the plaintiff, Peter R. Rumbin, originating from the 1990 dismissal with prejudice against the defendants by stipulated agreement of the parties, (please see Grudberg's writ of certiorari and pleadings from the late Robert C. Ruggiero, Jr. with plaintiff, and stipulated agreement-Judge Eginton). The defendants should find it legally impossible to avail themselves to res judicata, laches, or estoppel from Judge Edginton's 1990 ruling because this pertains to Peter Rumbin's case before Judge Edginton when the U.S. Dept. of Ed and Treasury sued him for the student loans. It is applicable to the plaintiffs in the 2011 law

5

suit (see writ of certiorari etc. pleading by Attorney Robert C. Ruggiero. and Peter R. Rumbin).

The 2011 suit brought against the defendants in US District Court before faced serious challenges because of Judge Charles S. Haight's biased and unreasonable conduct in his conduct of the case and his rulings were found objectionable by the US Second Circuit Court of Appeals' judges. The US Second Circuit Court of Appeals remanded the case back to Judge Haight to hold a hearing and review his decision, but he refused to do so. Furthermore, the defendants are prevented from availing themselves to Haight's rulings because the class action ruling of Sweet vs Cordona supersedes Judge Haight ruling and confirms the ruling of culpability of the defendants for their predatory lending and irregular financial aid practices. Ira Grudberg, Esq joined this class action with Harvard Legal Services et al. Finally in 2025, the General Counsel of the US Dept of Ed discharged the debts of the plaintiff and admitted its wrong doing in executing offsets of funds from 2011- 2025 from the plaintiff.

Fair Jurisprudence requires that a judge hold hearings and act to uphold the law and protect the most vulnerable- i.e. the plaintiff from the ravages of unlawful seizure of monies and properties by the defendants. Judge Haight earned the reputation as a cruel mean-spirited judge who came from New York and became the nemesis of lawyers involved in bankruptcy matters. Thus, he should not have even been handling the plaintiff's student loan case. However, the that US Attorney Christine Sciarrino worked in the nearby office, and she had agreed to and signed the stipulated agreement of the parties dismissed with prejudice against them in 1990 before Judge Warren Eginton in US District Court (Bridgeport, CT) was angry that she had lost the case so when due process was revoked by Congress, she seized the opportunity to commence the unlawful seizure of the plaintiff's income every month by erroneously claiming that all of the loans were not included in the stipulated agreement! This was a falsehood, and the rulings uphold this fact. She never appealed or attempted to modify the 1990 stipulated agreement of dismissal with prejudice – a court order signed by Judge Eginton who held hearings and

6

met with Peter R. Rumbin and legal counsel. The offsets against the plaintiff were levied from 2011 until the 2025 discharging of the debt.

Judge Haight failed in his execution of his duties as a judge which is why Attorney Ira Grudberg filed two writs of certiorari to SCOTUS, a class action suit with Harvard Predatory Lending et al and borrower defense applications to the General Counsel of the US Dept of ED. Grudberg won the class action and the borrower defense application that then discharged these debts, recovered offsets monies and now demands recover of legal costs, damages, restitution, punitive damages etc. and termination of the defendants litigation in order to deny justice for the plaintiff. Grudberg also won the 1990 suit brought against Peter R. Rumbin, (then defendant) in US District Court (Bridgeport, CT) before Honorable Judge Warren Eginton. Grudberg said that "unless you uphold the rule of law, there will be no law to uphold." I regret that Attorney Grudberg is not alive to file this answer himself, but it is based upon the plaintiff's last conversations with legal counsel.

No one will ever know what and how U. Of Chicago, Wells Fargo Bank, F.H.Cann& Associates and US Depts of Ed and Treasury did with the grant funds and loans that it had in its possession with the plaintiff's education expenses. We do know that upon investigation by the US Dept of Ed in Chicago, the U. of Chicago refunded the grant funds that it had committed fraud and embezzlement but did not spend them to pay the plaintiff's education bill. We also have a note for a debt sum but we can never know what transpired within the U. of Chicago's financial aid office. One financial aid officer who resigned her position informed the plaintiff that she quit because she was being asked to do dishonest bookkeeping. She is listed on the interrogatories and discovery documents. (see attached)

The negative impact of the zero-credit reporting score, lack of transcript and disruption of education, employment and career are all a direct consequence of the actions of the defendants (See attached documents) We now know that schools and employers all use an algorithm that incorporates your credit

7

score and academic credentials etc. So, the defendants' decades of sabotage has been deleterious for the plaintiff's life.

The U. of Chicago has increased its endowment to 10.4 billion dollars and some of those funds were obtained by these "irregular financial aid endeavors and predatory lending". Wells Fargo Bank that acquired the Connecticut Savings Bank has total worth of 183.01 billion dollars and income of 5.59 billion dollars according to the information available to the public library. Thes defendants engaged in these loan programs to enrich themselves. The defendants profited from the exploitation of the financial aid programs and simply increased fees and tuition costs, passed them onto the poor students and saddled them with more debt meanwhile the administrators increased their own salaries to millions of dollars. The plaintiff is one of the few students who caught the defendants in the act of their "irregular financial practices" and has been punished ever since by them. Hence the court must intervene and correct this wrong. Only then can justice, restitution and compensation mend the harm that they have collectively caused to the plaintiff. Ellen Patterson is the legal representative of Wells Fargo Bank who acquired Connecticut Savings Bank in 2010. (see attached).

Concerning service, the Massachusetts' served the defendants according to the Massachusetts laws. If the service is lacking in any way this should be communicated to the sheriff. However, the court has accepted the complaint and service upon the defendants.

There is no statute of limitations because the offsets occurred from 2011 to 2025 and any statute of limitations would toll from the most recent offsets of funds seized from the plaintiff. Apriori their barring from statutory limitations fails.

Respectfully submitted,

Peter R. Rumbin, Plaintiff, pro se

c/o Ms. Katia Baltimore, Secretary, 188 Crocker Court, Orange, CT 06472

Dated this December 2, 2025

Certification

A copy of the above was sent by US Mail to the defendants on December 2, 2025, listed herein:

University of Chicago and Elizabet Shanin

Daniel J. Cloherty (BBO #565772)

Cloherty & Steinberg LLP

One Financial Center, Suite 1120

Boston, MA 02111, 617-481-0160

Judah H. Rome

Troutman Pepper Locke LLP

One Financial Plaza, Suite 2800

Westminster St.

Providence, RI 02903, 401-276-6433

Antonio Calvagno, Esq.

c/o F.H. Cann & Associates, Inc.

1600 Osgood St., Suite 3058

North Andover, MA 01845, 978-973-8593

U.S. Dept. of Education - Predatory Lending Student Loan Borrower Defense

400 Maryland Ave, SW, Washington, D.C. 20202

EXHIBIT A

Peter R Rumbin
87 2Nd St
Hamden, CT 06514-4711

March 24, 2025

Borrower Defense Application #: 02094713
Borrower Defense Application School: University of Chicago (The)

Dear Peter R Rumbin:

You are receiving this letter because you are a member of the class of Federal student loan borrowers covered by the recent settlement of the *Sweet v. Cardona* ("*Sweet*") lawsuit. You submitted a Borrower Defense to Repayment discharge application relating to your Federal student loan(s) on or before June 22, 2022. The Department of Education, applying a special review process agreed to in the Sweet settlement agreement, has approved your claim for settlement relief. For more information on the terms of the settlement agreement please see the Department's website at https://Studentaid.gov/announcements-events/sweet-settlement.

The Department has determined that you are entitled to settlement relief for the loans taken out on or after 4/15/1977 associated with your enrollment at University of Chicago (The) ("Relevant Federal Student Loan(s)") based on your allegations regarding the school's misconduct. Pursuant to the *Sweet* settlement, the Department of Education will do the following:
- discharge your Relevant Federal Student Loan(s);
- provide a refund for any payments made to the Department of Education on your Relevant Federal Student Loans, including Relevant Federal Student Loan debt that you previously paid off; and
- delete the credit report tradeline associated with the discharged loan(s).

The benefits described in this communication apply to your Relevant *Federal* Student Loan(s). The benefits do <u>not</u> apply to private loans. Discharging your Relevant Federal Student Loan(s) means that you will no longer owe the debt. You also may receive a refund for prior payments made to the Department on your discharged Relevant Federal Student Loan(s) related to University of Chicago (The). Your loan servicer will let you know if you are eligible for a payment refund, which would be mailed to you. Please check your online account with your loan servicer to ensure your address is correct so you can receive any refund.

Other than confirming your address, you do not have to take any further action to receive your discharge. Your servicer will send you more details about the discharge, including which loans have been forgiven. Your Relevant Federal Student Loan debt will remain in forbearance and collections will be stopped until you receive relief. Your credit report will also be updated to reflect this discharge when it is complete.

If you have questions about this notice, please call our borrower defense hotline at 1-855-279-6207. You may visit https://studentaid.gov/Contact for our hours of operation.

Sincerely,
U.S. Department of Education
Federal Student Aid



UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA, :

    Plaintiff, : Civil No. N 89-522 (WWE)

VS. :

PETER R. RUMBIN, :

    Defendant. : September 24, 1990

## STIPULATION FOR DISMISSAL

It is hereby stipulated by and between the federal plaintiff, United States of America, on the one hand, and the defendant, Peter R. Rumbin, on the other hand, by and through their respective attorneys as follows:

1. That the parties do hereby agree to the dismissal of the above captioned action with prejudice, each party to bear his own costs and attorney's fees.

2. That the defendant, Peter R. Rumbin agrees to discharge and hold and save harmless the United States of America and the Secretary of the United States Department of Education and their agents, officers and employees from any claims, including costs or expenses for or on account of any and all lawsuits or claims of any character whatsoever, in connection with the subject matter or institution of this action.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,

 Plaintiff,       Civil No. N 89-52 (GWE)

vs.

PETER R. RUMBIN,

 Defendant.      September 26, 1990

MOTION TO DISMISS

Pursuant to Rule 41 of the Federal Rules of Civil Procedure, the federal plaintiff hereby moves the Court to dismiss this action with prejudice, in accordance with the attached Stipulation.

RESPECTFULLY SUBMITTED,

THE PLAINTIFF

BY: STANLEY A. TWARDY, JR.
UNITED STATES ATTORNEY

CHRISTINE SCIARRINO
SPECIAL ASST. U.S. ATTORNEY
915 LAFAYETTE BLVD.
BRIDGEPORT, CT 06604
(203) 579-5596

                        PLAINTIFF,

                        UNITED STATES OF AMERICA

                        STANLEY A. TWARDY, JR.
                        UNITED STATES ATTORNEY

DATED SEPTEMBER 24, 1990        [signature]
                        CHRISTINE SCIARRINO
                        SPECIAL ASST. U.S. ATTORNEY
                        915 LAFAYETTE BLVD.
                        BRIDGEPORT, CT  06604
                        (203) 579-5596


                        DEFENDANT,

                        PETER R. RUMBIN

DATED SEPTEMBER 25, 1990    BY: [signature]
                        DAVID A. LEFF, ESQ.
                        JACOBS, GRUDBERG, BELT & DOW
                        350 ORANGE STREET
                        NEW HAVEN, CT  06503
                        HIS ATTORNEY


                        DEFENDANT,

                        PETER R. RUMBIN

DATED SEPTEMBER 25, 1990    BY: [signature]
                        PETER R. RUMBIN
                        87 SECOND STREET
                        HAMDEN, CT  06514

**US BANK LOCATIONS**

Home    Advanced Search    Map    Check Routing Number    Rankings

Home > Connecticut Savings Bank

# Connecticut Savings Bank

| | |
|---|---|
| Status: | **Inactive as of 11/14/1991**<br>Absorption - Assisted |
| Successor Bank: | Centerbank |
| Headquarters: | Connecticut Savings Bank<br>47 Church Street<br>New Haven, CT 06501 |
| Established: | 01/01/1857 |
| FDIC Insurance: | 07/01/1960 |
| FDIC Cert: | #18239 |
| Charter Class: | |
| Total Assets: | $1,044,990,000 |
| Total Deposits: | $897,732,000 |

## History

| | |
|---|---|
| 1857-01-01 | Institution established: Original name: The Connecticut Savings Bank of New Haven |
| 1973-07-18 | Changed name to Connecticut Savings Bank |
| 1985-06-13 | Change trust powers from TRUST POWERS NOT GRANTED to FULL TRUST POWERS GRANTED |
| 1991-11-14 | Failed. Acquired with government financial assistance and subsequently operated as part of Centerbank (18262) |
| 1993-07-29 | Change trust powers from FULL TRUST POWERS GRANTED to TRUST POWERS TERMINATED |
| 1994-03-21 | Acquired Bank of Waterbury (26192) in WATERBURY, CT |
| 1995-07-28 | Acquired Founders Bank (26187) in NEW HAVEN, CT as part of a government assisted transaction. |
| 1995-12-15 | Acquired Great Country Bank (18222) in ANSONIA, CT |
| 1996-04-12 | Acquired Heritage Bank (27386) in WATERTOWN, CT |
| 1996-11-14 | **Merged into and subsequently operated as part of First Union Bank of Connecticut (9230) in STAMFORD, CT** |
| 1997-07-31 | **Merged into and subsequently operated as part of First Union National Bank (4885) in CHARLOTTE, NC** |
| 1997-07-31 | Acquired First Union National Bank of Tennessee (19879) in NASHVILLE, TN |
| 1997-07-31 | Acquired First Union National Bank of Washington, D.C. (18839) in WASHINGTON, DC |
| 1997-07-31 | Acquired First Union National Bank of Virginia (6904) in ROANOKE COUNTY, VA |
| 1997-07-31 | Acquired First Union National Bank of Maryland (18024) in ROCKVILLE, MD |
| 1997-07-31 | Acquired First Union Bank of Connecticut (9230) in STAMFORD, CT |
| 1997-07-31 | Acquired First Union National Bank of South Carolina (18395) in GREENVILLE, SC |
| 1997-11-29 | Acquired Signet Bank (11589) in RICHMOND, VA |
| 1998-02-26 | **Merged into and subsequently operated as part of First Union National Bank (33869) in CHARLOTTE, NC** |
| 1998-02-27 | Acquired Signet Trust Company (90613) in RICHMOND, VA |
| 1998-05-15 | Acquired Corestates Bank, National Association (719) in PHILADELPHIA, PA |
| 1998-08-13 | Acquired Mentor Trust Company (33942) in PHILADELPHIA, PA |
| 1998-08-13 | Acquired Mentor Trust Company (Virginia) (34822) in RICHMOND, VA |
| 1999-07-16 | Acquired Keystone Trust Company (34003) in PORTSMOUTH, NH |
| 1999-12-01 | Acquired Meridian Trust Company (26064) in READING, PA |
| 2002-04-01 | Acquired Wachovia Bank, National Association (817) in WINSTON-SALEM, NC |
| 2002-04-01 | Changed name to Wachovia Bank, National Association (33869) |
| 2002-12-31 | Acquired The First National Bank of Atlanta (26747) in NEW CASTLE, DE |
| 2002-12-31 | Acquired Offitbank (33603) in NEW YORK CITY, NY |
| 2003-11-06 | Acquired Atlantic Savings Bank, F.S.B. (32335) in HILTON HEAD ISLAND, SC |
| 2004-12-01 | Acquired First Union Direct Bank, National Association (34483) in AUGUSTA, GA |
| 2005-01-03 | Acquired SouthTrust Bank (849) in BIRMINGHAM, AL |
| 2006-03-01 | Acquired Western Financial Bank, National Association (31954) in Irvine, CA |
| 2007-10-12 | Acquired World Savings Bank Interim, National Association (NY) (58838) in OCEANSIDE, NY |
| 2008-06-01 | Acquired A.G. Edwards Trust Company, FSB (35018) in ST. LOUIS, MO |
| 2010-03-20 | **Merged into and subsequently operated as part of Wells Fargo Bank, National Association (3511) in SIOUX FALLS, SD** |
| 2010-03-20 | Acquired Wachovia Bank of Delaware, National Association (33931) in WILMINGTON, DE |
| 2010-04-10 | Acquired Wachovia Card Services, National Association (58496) in ATLANTA, GA |
| 2010-05-10 | Acquired Wells Fargo HSBC Trade Bank, National Association (34075) in SAN FRANCISCO, CA |

-30%    -30%

Allbirds Women's Wool Runner NZ    Allbirds Women
Waterproof, Everyday Sneakers, ...    Comfortable Felt

Check Today's Mortgage/Refi Rates

OFFICE OF THE BURSAR
CHICAGO, ILLINOIS 60637
(312) 753-0821

ORIGINAL INVOICE

STATEMENT [X]
ORIGINAL INVOICE [ ]

FROM Aut 78 TO Spr 1979

PLEASE RETURN THE REMITTANCE COPY WITH PAYMENT TO THE ADDRESS BELOW:

MAIL REMITTANCE OR INQUIRIES TO:

OFFICE OF THE BURSAR
UNIVERSITY OF CHICAGO
5801 S. ELLIS AVENUE
CHICAGO, ILLINOIS 60637

September 19, 1980

RE: Peter Richard Rubin   ID# 723482

SUBJECT: ITEMIZE STATEMENT FOR THE YEAR 1978-79

| DATE | INVOICE NO. | TERM | DESCRIPTION | TERM | AMOUNT |
|---|---|---|---|---|---|
| | | | TUITION/ROOM AND/OR BOARD/MAJOR ACTIVITY FEE | AUT 78 | $1,791.00 |
| | | | BLDG | AUT 78 | 179.00 |
| 01-22-79 | | | PAYMENT | AUT 78 | 1,791.00cr |
| | | | BALANCE | | 179.00cr |
| | | | TUITION/ROOM AND/OR BOARD/MAJOR ACTIVITY FEE | WIN 79 | $1,791.00 |
| | | | BLDG        *Full Time* | WIN 79 | 179.00 |
| 01-08-79 | | | PAYMENTS | WIN 79 | 209.00cr |
| 02-20-79 | | | PAYMENTS | WIN 79 | 600.00cr |
| | | | BALANCE | | $ 803.00 |
| | | | TUITION/ROOM AND/OR BOARD/MAJOR ACTIVITY FEE | SPR 79 | $1,791.00 |
| | | | BLDG | SPR 79 | 178.00 |
| | | | BALANCE | | 1,613.00 |
| | | | SUMMARY | AUT 78 | $ 179.00cr |
| | | | | WIN 79 | 803.00 |
| | | | | SPR 79 | 1,613.00 |
| | | | BALANCE | | $2,237.00 |

MAKE CHECKS PAYABLE TO UNIVERSITY OF CHICAGO
PAYABLE IN U.S. DOLLARS

TOTAL AMOUNT DUE ➤

**LAW OFFICES**

**JACOBS, JACOBS & GRUDBERG**

A PROFESSIONAL CORPORATION

HOWARD A. JACOBS
STANLEY A. JACOBS
IRA B. GRUDBERG
N. MITCHELL MORSE
DAVID L. BELT
JAMES A. WEZZANOTTE
JEAN L. WELTY
WILLIAM F. DOW, III
BRUCE D. JACOBS
JONATHAN KATZ

350 ORANGE STREET • POST OFFICE BOX 606
NEW HAVEN, CONNECTICUT 06503
TELEPHONE 203 772-3100

ISRAEL J. JACOBS (1918-1963)

OUR FILE NO.

March 11, 1980

Mrs. Lorna P. Strauss
University of Chicago
Dean of Students in the College
Chicago, Illinois 60637

Dear Dean Strauss:

    In response to my letter of February 15, apparently you called my office one Friday. However, three telephone calls since that time have been fruitless in eliciting a response from you.

    I am not sure what any of that means, but I would appreciate it if you would get back to me as soon as possible. It has been virtually a month since my letter.

                    Very truly yours,

                    JACOBS, JACOBS & GRUDBERG, P.C.

                  By_____
                      Ira B. Grudberg

IBG:dct
cc: Mr. Peter R. Rumbin

# THE UNIVERSITY OF CHICAGO
## The Office of the University Registrar
CHICAGO, ILLINOIS 60637

MAY 1, 1996

MR. PETER RUMBIN
87 SECOND STREET
HAMDEN, CT.   06514

DEAR MR. RUMBIN:

Your request for a transcript of your academic record has been received but a restriction has been placed on your academic records by STUDENT LOAN CENTER, 970 E. 58TH ST. 4TH FL, CHICAGO, IL 60637, (312)702-6053 - DENISE LONGDEN.

In keeping with University policy, this office cannot provide transcript service to students or alumni whose records are restricted.

Your request and your check (if prepaid) is enclosed. When the restriction has been cleared by STUDENT LOAN CENTER re-submit your request and this office will respond immediately.

Sincerely,

Maxine H. Sullivan
University Registrar

MHS/SA

Enclosed

X   Request
    Check in the amount of $
X   Not prepaid

# FINANCIAL COLLECTION AGENCIES

| YOU OWE | |
|---|---|
| CONNECTICUT STUDENT LOAN | |

FINANCIAL COLLECTION AGENCIES (1990) INC.
Westgate Center
3446 Demetropolis Road
Mobile, AL 36693

**TELEPHONE: 1-800-504-2359**

▼ REFER TO THIS KEY WHEN COMMUNICATING WITH THIS OFFICE

| YOUR ACCOUNT NUMBER | KEY |
|---|---|
| 044387325 | BP0409 0767 03807005 BF |
| AMOUNT OWED | OTHER CHARGES | TOTAL OWED |
| $5172.60 | $5602.43 | $10775.03 |

FROM: ▼
P.O. BOX 991834
MOBILE, AL 36691-1834

TO: ►
KEY BP0409 0767 03807005 M2BF 1535
PETER R RUMBIN
87 SECOND ST
HAMDEN CT   065140000

DATE
MAY 23, 1996

PETER R RUMBIN

Regrettably you have failed to respond to our communication concerning your delinquent account with CONNECTICUT STUDENT LOAN.

While it is still our desire to resolve this matter without inconvenience to you, this is an attempt to collect a debt. Any information obtained will be used for that purpose.

We trust your better judgment will prompt you to arrange for payment of this account without further delay. You are urged to remit payment in the enclosed envelope . . . or . . . at the very least to call our office at the telephone number shown above, to discuss the matter.

The "TOTAL OWED" shown above may, or may not include interest and or other costs, as per the terms of your agreement with your original creditor.

For your convenience, this account may be paid with Visa or Mastercard.

KE1535 021093

---

**PAYMENT SLIP**   Detach this payment slip and return with your remittance.   **PLEASE COMPLETE AND RETURN IN THE ENCLOSED ENVELOPE.**

| YOU OWE | |
|---|---|
| CONNECTICUT STUDENT LOAN | |

| YOUR ACCOUNT NUMBER | KEY |
|---|---|
| 044387325 | BP0409 0767 03807005 BF |
| | DATE |
| | MAY 23, 1996 |

FROM: ►
PETER R RUMBIN
87 SECOND ST
HAMDEN CT  065140000

KEY BP0409 0767 03807005 M2BF

FINANCIAL COLLECTION AGENCIES
P.O. BOX 1007
SOUTHEASTERN, PA 19399-1007

ENTER AMOUNT PAID ► $

I can be reached at:

| TEL. (DAY): | TEL. (EVENING): |
|---|---|
| | |

KE1535 021093

Judah H. Rowe
Troutman Pepper Locke, LLP
One Financial Plaza, Suite 2600
Westminster St
Providence, RI 02903