## COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                      SUPERIOR COURT DEPARTMENT

PETER RUMBIN,

     Plaintiff,

        v.                                    Civil Action No. 2577CV00816

OFFICE OF THE GENERAL COUNSEL, U.S.
DEPARTMENT OF EDUCATION; SHERI
CANN *in her official capacity as CEO and
President of F.H. Cann & Associates*; SCOTT
BASSENT *in his official capacity as Secretary of
the Department of the U.S. Treasury*; ELLEN
PATTERSON *in her official capacity as Senior
Executive Vice President and General Counsel of
Wells Fargo & Co.*; and ELIZABETH SHANIN,
*in her official capacity as Interim Vice President
and General Counsel of the University of Chicago*,

     Defendants.

### DEFENDANTS UNIVERSITY OF CHICAGO AND ELIZABETH SHANIN'S
### REPLY IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT

     Pursuant to Superior Court Rule 9A, Defendants the University of Chicago and Elizabeth

Shanin (collectively, the "University") hereby submit this Reply in support of their Motion to

Dismiss Plaintiff Peter Rumbin's Complaint. For the reasons explained below, Rumbin's

Opposition[1] fails to address—let alone rebut—any of the substantive legal and factual

---

[1] On December 1, 2025, the University received by mail a document dated November 24, 2025, and titled "Plaintiff's Objection to the Defendants Motion to Dismiss" (the "Opposition"). The Opposition was filed on this Court's docket on November 28, 2025. Because the Opposition focuses primarily on F.H. Cann & Associates ("FHC"), the University originally believed the Opposition to be responsive only to FHC's Motion to Dismiss, which was filed on the docket on November 19, 2025. *See* Dkt. No. 3. On December 8, 2025, the University received by mail a document dated December 2, 2025, and titled "Plaintiff's Objection to the Defendant, Ellen R. Patterson's Motion to Dismiss, and Arguments for Levying Damages and Cessation of Further

deficiencies in his Complaint identified in the University's Memorandum in Support of its Motion to Dismiss.

**A.      The Opposition Fails to Identify a Cognizable Cause of Action Against the University**

The University's primary argument is straightforward: Rumbin's allegations do not amount to any cause of action against the University that is cognizable under Massachusetts law. Rumbin's Opposition is silent on this point.

Like the Complaint, the Opposition mischaracterizes the documents on which Rumbin relies, including by claiming that Rumbin "won" the 1989 Action and that the University "was found guilty of predatory lending" in the *Sweet v. Cardona* class action. Opp. at 2. As discussed in detail in the University's Memorandum in Support of its Motion to Dismiss, however, the 1989 Action settled and was subsequently dismissed; there was no judgment, and the District Court made no findings of fraud or misconduct. *See* University Mem. at 3; *see also* Stipulation for Dismissal, 1989 Action (attached to Complaint at p. 19). And the *Sweet v. Cardona* class action was brought by individual borrowers against the Department of Education ("ED") based on ED's alleged failure to process their borrower-defense claims; the University was not a party to that case and was not "found guilty" of anything. *See* University Mem. at 5, 7; *see also Sweet v. Cardona*, No. 3:19-cv-03674 (N.D. Cal. Jun. 25, 2019), Dkt. No. 1. Where Rumbin has not identified any judgment that can be enforced against the University, his claim must be dismissed.

---

Litigation Against the Plaintiff, Peter R. Rumbin." Where Rumbin's response to the University's Motion to Dismiss was due on December 1, 2025, and where the December 2, 2025 document is directed specifically at Patterson, the University treats the November 24, 2025 Opposition as responsive to its Motion to Dismiss, which it served on Rumbin by mail on November 20, 2025.

**B.      The Opposition Ignores the Finality of Prior Adjudications**

Rumbin's Opposition also fails to address the University's argument that his claims are barred by res judicata. In the 2011 Action, the District Court granted the University summary judgment on allegations identical to those that Rumbin now attempts to relitigate in this Court. *See* University Mem. at 8-10; *see also Rumbin v. Duncan*, 2014 WL 2881397, at *6 (D. Conn. June 25, 2014). Rumbin's Opposition does not distinguish this prior judgment, does not explain why res judicata should not apply, and does not identify any new facts or legal theories that would overcome the finality of that decision; he simply ignores it, except to note that he appealed the grant of summary judgment to the Second Circuit (which summarily dismissed the appeal, *see Rumbin v. Duncan*, 2019 WL 11689797, at *1 (2d Cir. July 8, 2019)) and to the Supreme Court (which denied certiorari, *see Rumbin v. DeVos*, 140 S. Ct. 2673 (2020)). Rumbin's Complaint must accordingly be dismissed where he has already had the opportunity to litigate these claims, and judgment entered against him.

**C.      The Opposition Does Not Address the Statute of Limitations**

In its Memorandum, the University also raised the fact that any claim based on alleged misconduct by the University in the 1970s is barred by the applicable statute of limitation. *See* University Mem. at 10. Indeed, in the 2011 Action, the District Court determined that Rumbin was aware of the facts underlying his fraud claims when he was sued by the government in 1989 but did not assert any claims against the University until 2011—well beyond any applicable limitations period. The Opposition provides no response to this argument, and the Complaint must be dismissed for this additional, independent reason.

**D.      The Opposition Fails to Address the University's Inability to Provide Rumbin with Relief**

Finally, the Opposition does not meaningfully address the University's argument that it cannot grant Rumbin the relief he seeks because it does not hold his debt and has not had any involvement in collection efforts since 1989. *See* University Mem. at 10-11. Rumbin asserts that the University must "compensate [him] generously" and be "bar[red] from seizing funds ever again," opp. at 5, but these demands cannot be directed at the University. The University has not conducted collection activities as to Rumbin's loans in decades; it assigned its loan to ED in 1989. The University did not participate in the *Sweet v. Cardona* settlement; that litigation was brought by borrowers against ED. The University has no ability to reverse Social Security offsets; that is between Rumbin and the federal government. Because the University cannot grant Rumbin any relief, it is not a proper party to this litigation.

* * *

For the foregoing reasons, as well as those stated in the University's Memorandum of Law, the University's Motion to Dismiss should be granted, and this Court should issue an Order dismissing all of Rumbin's claims against the University and Shanin with prejudice.

Respectfully submitted,

UNIVERSITY OF CHICAGO and
ELIZABETH SHANIN

By their attorneys,

/s/ *Daniel J. Cloherty*
Daniel J. Cloherty (BBO #565772)
dcloherty@clohertysteinberg.com
Alexandra Arnold (BBO #706208)
aarnold@clohertyspteinberg.com
Cloherty & Steinberg LLP
One Financial Center, Suite 1120
Boston, MA 02111
December 10, 2025                          617-481-0160

4

## <u>CERTIFICATE OF SERVICE</u>

I, Daniel J. Cloherty, hereby certify that on December 10, 2025, a copy of the foregoing pleading was served via first class mail upon:

Peter Rumbin                              Katia Baltimore
87 Second Street                          188 Crocket Court
Hamden, CT 06514                          Orange, CT 06472

The foregoing was additionally served by email on all counsel of record.

/s/ *Daniel J. Cloherty*
Daniel J. Cloherty