UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER R. RUMBIN,<br><br>               Plaintiff,<br><br>v.<br><br>SCOTT BESSENT, *in his official capacity as Secretary of the Treasury*, et al.,<br><br>               Defendants. | Case No. 26-cv-10247-ADB |

## MEMORANDUM IN SUPPORT OF FEDERAL DEFENDANTS' MOTION TO DISMISS

### I.    INTRODUCTION

Peter R. Rumbin filed this lawsuit against Scott Bessent, in his official capacity as Secretary of the Treasury, and the U.S. Department of Education (together, the "Federal Defendants"), along with several non-federal defendants in state court—alleging that the U.S. Department of the Treasury has wrongfully offset certain payments to him based on debts to the U.S. Department of Education that he claims he no longer owes. *See* Doc. No. 1-1 at 2–3. For the reasons explained below, the Court should dismiss the claims against the Federal Defendants based on the doctrine of *res judicata*. Alternatively, the Court should dismiss the claims against the Federal Defendants for lack of jurisdiction.

### II.    LEGAL STANDARD

A district court should dismiss claims under Rule 12(b)(1) when it lacks subject matter jurisdiction to decide them. That includes where, as here, the federal government has not waived its sovereign immunity for the types of claims at issue. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature."). "When a district court considers a Rule 12(b)(1) motion, it must credit the plaintiff's well-pled factual allegations and draw all reasonable

inferences in the plaintiff's favor." *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010). "A plaintiff, however, may not rest merely on unsupported conclusions or interpretations of law." *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995) (citation omitted). Moreover, "the party invoking the jurisdiction of a federal court carries the burden of proving its existence." *Taber Partners, I v. Merit Builders, Inc.*, 987 F.2d 57, 60 (1st Cir. 1993).

In addition, a court should dismiss claims under Rule 12(b)(6) when the underlying allegations fail "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That includes where, as here, the allegations in the complaint show that an affirmative defense—such as the doctrine of res judicata—bars the plaintiff's claims. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief."); *In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 16 (1st Cir. 2003) (explaining that, "[i]n an appropriate case, an affirmative defense may be adjudicated on a motion to dismiss for failure to state a claim," and that "[t]he affirmative defense of res judicata is no exception."). In resolving a motion to dismiss for failure to state a claim, a court should disregard legal conclusions but must treat "[n]on-conclusory factual allegations" as true. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).

### III.   ARGUMENT

#### A. The doctrine of *res judicata* bars Plaintiff's claims against the Federal Defendants.

As a threshold matter, it appears that Rumbin's claims against the Federal Defendants merely repeat claims that were already raised and rejected in a prior matter. *See Rumbin v. Duncan*,

2

No. 3:11-cv-00904 (CSH), 2016 WL 632440 (D. Conn. Feb. 17, 2016).  In that case, Rumbin sued the then-Secretary of Education and the then-Secretary of the Treasury, similarly claiming that the Treasury Department was wrongfully offsetting his monthly Social Security payments based on debts to the Department of Education that he claimed he did not owe.  The United States District Court for the District of Connecticut, however, considered these arguments and dismissed the case "with prejudice."  *Id.* at *5.  The doctrine of res judicata therefore precludes Rumbin from re-asserting such claims in this case.  *See Cichocki v. Massachusetts Bay Cmty. Coll.*, 199 F. Supp. 3d 431, 439 (D. Mass. 2016) ("*Res judicata* precludes parties from relitigating claims that were raised or could have been raised in an action for which a final judgment has been issued.").

In determining whether the doctrine—also known as "[c]laim preclusion"—applies, courts consider whether "(1) the earlier suit resulted in a final judgment on the merits, (2) the causes of action asserted in the earlier and later suits are sufficiently identical or related, and (3) the parties in the two suits are sufficiently identical or closely related." *Airframe Sys., Inc. v. Raytheon Co.*, 601 F.3d 9, 14 (1st Cir. 2010).  Here, the dismissal of Rumbin's prior suit with prejudice was "plainly a final judgment on the merits."  *Id.*  And the federal defendants in both suits are essentially the same.  Moreover, the causes of action asserted in the prior suit and this one are sufficiently identical or related, as they "arise out of a common nucleus of operative facts." *Id.* at 15 (citation omitted).  "Federal claim preclusion law bars parties from relitigating claims that could have been made in an earlier suit, not just claims that were actually made." *Id.* at 14.  In the prior suit, Rumbin argued that the Treasury Department should be barred from offsetting his Social Security payments based on student loans owed to the Department of Education because, in his view, the Department of Education already agreed to discharge those loans. *See Rumbin*, 2016 WL 632440, at *2.  And, here, Rumbin continues to argue that the Federal Defendants should be

3

precluded from offsetting his income and "must be compelled to comply with" the agreement discharging his student loans. Doc. No. 1-1 at 4. The claims against the Federal Defendants in both suits derive from a common nucleus of operative facts and are thus barred by *res judicata*.

### B. The doctrine of sovereign immunity bars Plaintiff's claims against the Federal Defendants.

In any event, the Court lacks jurisdiction over the claims against the Federal Defendants because Rumbin has not shown, or even alleged, that the United States has waived its sovereign immunity with respect to the types of claims he seeks to assert. Absent a waiver, sovereign immunity bars suits "against the United States, its agencies, or federal officers sued in their official capacities." *McCloskey v. Mueller*, 446 F.3d 262, 272 (1st Cir. 2006). To sue a federal agency (such as the Department of Education) or a federal employee in his official capacity (such as Secretary Bessent), a plaintiff must therefore identify an express waiver in the text of a federal law and show that his claim falls within its scope. *See FAA v. Cooper*, 566 U.S. 284, 290 (2012) ("a waiver of sovereign immunity must be 'unequivocally expressed' in statutory text"). Otherwise, no court has jurisdiction to hear the plaintiff's claim. *Meyer*, 510 U.S. at 475.

The only statutes that Rumbin cites are the Foreign Corrupt Practices Act (FCPA) and the Consumer Financial Protection Act. *See* Doc. No. 1 at 4 ("The FCPA empowers this court to grant any appropriate or equitable relief with respect to violations of federal consumer financial law, the refund of monies, disengagement, or compensation for unjust enrichment, and civil money penalties."); *id.* (referencing "Dodd-Frank Consumer Protection Act" as basis for a "[c]ounter suit"). He does not, however, identify a clear and unequivocal waiver of the federal government's immunity from suit in either statute. Indeed, neither statute includes a private right of action to enforce its terms. *See Abdelalim Mostafa v. U.S. Sec. & Exch. Comm'n*, No. 1:24-cv-00164 (UNA), 2024 WL 1701551, at *2 (D.D.C. Apr. 15, 2024) ("the FCPA does not provide a private

4

right of action"); *Trivedi v. Gen. Elec. Co.*, No. 19-cv-11862-PBS, 2020 WL 9744754, at *10 n.11 (D. Mass. Aug. 13, 2020) ("There is no private right of action to bring a direct claim under the Consumer Financial Protection Act."), *report and recommendation adopted*, No. 19-11862-PBS, 2021 WL 2229088 (D. Mass. May 27, 2021).

Reading the pro se complaint liberally, it is possible that Rumbin seeks to assert a claim under the Fair Debt Collection Practices Act (FDCPA), which "authorizes private civil actions against debt collectors who engage in certain prohibited practices." *Rotkiske v. Klemm*, 589 U.S. 8, 9 (2019). That claim also fails, however, because Congress did not waive the federal government's sovereign immunity in the FDCPA. *See Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 664 (5th Cir. 2007) ("because the FDCPA does not contain an unequivocal and express waiver of sovereign immunity, the district court correctly held that it lacked subject matter jurisdiction in this case"). Indeed, the law exempts from its definition of "debt collector" "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties." 15 U.S.C. § 1692a(6)(C).

Finally, insofar as Rumbin seeks to assert a breach-of-contract claim against the Federal Defendants based on their alleged violation of a "stipulated agreement," Doc. No. 1-1 at 4, this Court lacks jurisdiction over such a claim as well. Although the Tucker Act waives the federal government's sovereign immunity over lawsuits that are founded upon contracts with the United States and that exceed $10,000 in value, such claims must be brought in the United States Court of Federal Claims—not a Federal District Court. 28 U.S.C. § 1491(a)(1); 28 U.S.C. § 1346(a)(2). Here, Rumbin claims that the offsets by the Treasury Department amount to $12,000 to $14,000. *See* Doc. No. 1-1 at 10. Thus, to the extent that Rumbin seeks to assert a breach-of-contract claim against the Federal Defendants, the Court should dismiss the claim for lack of jurisdiction.

IV. **CONCLUSION**

The Court should dismiss the claims against the Federal Defendants based on the doctrine of *res judicata*. Alternatively, the Court should dismiss the claims against the Federal Defendants for lack of jurisdiction.

|  |  |
|---|---|
|  | Respectfully submitted,<br><br>LEAH B. FOLEY<br>United States Attorney |
| Dated:  January 28, 2026        By: | */s/ Michael L. Fitzgerald*<br>MICHAEL L. FITZGERALD<br>Assistant United States Attorney<br>U.S. Attorney's Office<br>1 Courthouse Way, Ste. 9200<br>Boston, MA 02210<br>(617) 748-3266<br>michael.fitzgerald2@usdoj.gov |

**CERTIFICATE OF SERVICE**

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants:

**Peter R. Rumbin**
Pro se
87 Second St.
Hamden, CT 06514

**Sheri Cann**
Antonio Calvagno, Esq.
58 Bailey Ct
Haverhill, MA  01832

                                        */s/ Michael L. Fitzgerald*
                                        MICHAEL L. FITZGERALD
                                        Assistant U.S. Attorney