Date Filed 12/10/2025 Case 1:26-cv-10247-ADB   Document 14-10   Filed 02/18/26   Page 1 of 6
Superior Court - Essex
Docket Number 2577CV00816

11.2

Peter R. Rumbin, plaintiff, pro se

c/o Ms. Katia Baltimore, Secretary

188 Crocker Court, Orange, CT 06472

# COMMONWEALTH OF MASSACHUSETTS

## SUPERIOR COURT-ESSEX COUNTY

**PETER R. RUMBIN,**     Case No. **2577CV00816**

Plaintiff,

VS

**OFFICE OF THE GENERAL COUNSEL, US DEPT OF EDUCATION**

**MS. SHERI CANN, CEO. PRESIDENT, F.H. CANN & ASSOCIATES (NORTH ANDOVER, MASS),**

**SCOTT BASSENT, DEPT OF THE TREASURY**

**ELLEN R. PATTERSON, SENIOR EX. VP., GENERAL COUNSEL, WELLS FARGO & CO.**

**ELIZABETH SHANIN, VP & GENERAL COUNSEL, UNIVERSITY OF CHICAGO, DEFENDANTS**

**PLAINTIFF'S OBJECTION TO THE DEFENDANTS MOTION TO DISMISS, (CLAIM IS CLEARLY STATED IN THE COMPLAINT)**

NOW COMES the plaintiff Peter R. Rumbin by and through pro se (until counsel appears or is assigned by the court); (Ira Grudberg is recently deceased), the claim of relief is monetary since the defendants cannot restore the years of hardship and losses caused by their predatory lending.

**BACKGROUND**

1. F.H. Cann & Associates was involved in debt collection during the time

-1-

A TRUE COPY ATTEST
*[signature]*
DEPUTY ASST. CLERK

September 2014- through November 2021. In 2011 "financial offsets"

commenced were executed against the plaintiff between September 2014 - November 2021 when F.H. Cann was involved with student loan collections.

2. F.H. Cann was awarded a contract by the U.S. Dept. of Ed. to provide debt collection services. (a F.H. Cann debt statement has been provided as documentation) The F.H. Cann & Associates enriched themselves with these student loans. Financial offsets were levied against the plaintiff from 2011-2025. In 2025 for four months a one hundred percent offset was executed against the plaintiff and cancellation of medical health insurance.

3. In 1989-1990, Plaintiff won this student loan case in US District Court when Peter R. Rumbin, plaintiff was sued for the University of Chicago student loans before the late Honorable Judge Warren W. Eginton (Bridgeport, CT); the suit was dismissed with prejudice against the US Dept of ED and Treasury in 1990. Ira B. Grudberg, ESQ represented plaintiff.

4. In 2011, Due process was revoked by Congress and offsets against the plaintiff commenced. Plaintiff was left with $750/ month. In 2024, "claw back" occurred during for four months and one hundred percent of all funds were seized, and medical health insurance was cancelled, and plaintiff was expected to find health insurance and pay for it.

5. Plaintiff's legal counsel commenced litigation in 2011 in US District Court (Conn.), US Second Circuit Court of Appeals, two writs of certiorari to SCOTUS one with President Joe Biden (Ira B. Grudberg, ESQ legal counsel), class action suit: Sweet vs. McMahon (No. 3:19-CV-3674 N. D. Cal) with Harvard Law School et al predatory lending suit (Ira Grudberg, ESQ legal counsel). The Univ of Chicago was found guilty of predatory lending for the class action suit and the borrower defense ruling. These findings should preclude any one of the defendants from escaping justice.

6.Borrowed Defense and Predatory lending application to the U.S. Dept of Ed. was won that discharged the student loan debts (decision previously provided to this court,2025). The defendants have lost this student loan case three times. Ira Grudberg is council of record.

## PLAINTIFF'S REQUEST FOR RELIEF AND PLAINTIFF'S COUNTERARGUMENTS

Plaintiff Seeks:

<u>7.Cease and desist of unlawful seizure of property and monies by defendants.</u>

FHC did provide financial debt services between September 2014-November 2021.

<u>8.Return of all monies allegedly seized with interest.</u>

FHC collected funds and profited from its collection activities

<u>9.Court order preventing further taking of funds or property.</u>

Such a court order would prevent FHC from any further collection activities against the plaintiff.

<u>10.Reimbursement of Legal Fees</u>

FHC was collecting upon a predatory lending debt that was dismissed in 1990.

<u>11.Counterclaim under predatory lending and consumer protection laws.</u>

FHC was involved in the collection of predatory lending debts. FHC must pay money for its harm and endeavors.

## CONCLUSION

For the foregoing reasons, FHC and defendants must pay damages and legal costs. Court must deny their claim in its entirety. The late Ira B. Grudberg represented the plaintiff in obtaining a transcript from the Univ of Chicago

commencing in 1979 which required considerable effort and a few years to

obtain a transfer credit transcript. At that time the Univ. of Chicago was seeking additional funds from the plaintiff. Attorney Grudberg advised that this would be throwing "good money after bad".

Plaintiff had to resume his education once a transcript was available which postponed his education. In 1989 and 1990 the U.S. Dept of Ed. and Treasury served the plaintiff in Chicago IL for the student loan debt. The U.S, Dept of Ed. and Treasury lost the lawsuit for the student loans by stipulated agreement of the parties dismissed with prejudice against them. The U. of Chicago was caught committing embezzlement and fraud of the Pell/Beog grant funds and in the same year received student loan funds. The grant funds were not applied to the plaintiff's education bill.

This irregularity was discovered by the Harvard Financial Aid office when it requested a financial aid transcript from the Univ. of Chicago. Upon investigation by the U.S. Dept of Education in Chicago, ILL., the U. of Chicago returned the grant funds it had committed fraud to steal. However, the Univ of Chicago did not refund the loan monies that they had obtained and that were unnecessary if the grant funds had been credited to the plaintiff's education. This is now described as predatory lending. The Univ of Chicago "was treating students of need as students of means."

Ira Grudberg represented the plaintiff from 1979 – 2025. At no time during these years did the defendants contact him during the ongoing litigation in federal, U.S. Second Circuit Court of Appeals, two writs of certiorari to SCOTUS (one with President Joe Biden), class action suit with Harvard Predatory Lending et al with Attorney Alan Dershowitz (Harvard Law School) (Sweet vs. McMahon, No. 3:19-cv-3674, N.D.CAL.) and borrowed defense applications.

The defendants have received multiple copies of the writ of certiorari for the

-4-

SCOTUS appeals as well as for this legal matter.

The plaintiff seeks substantial monetary compensation. The defendants have lost this student loan case three times in court. The defendants denied the loss and revoked due process in 2011 which resulted in the ongoing litigation to the present. The plaintiff nor the court should permit the defendants to undertake yet another fourteen years of litigation. The attorney for the Wells Fargo Bank, Judah Rome denies the discharging of the student loans and predatory lending that the defendants engaged in. These defendants earned billions of dollars with predatory lending and embezzlement-fraud activities.

This plaintiff was one the few who discovered these "financial aid irregularities" because of Harvard College financial aid. The defendants must compensate the plaintiff for the years of harm to his credit (a score of zero), lost of educational opportunity, disruption of education and career, ongoing legal costs etc. The defendants deny reality that they have been discovered committing predatory lending and its ramifications. The court must compel them to compensate the plaintiff generously and bar them from seizing funds ever again and demands just restitution, damages, punitive damages and reimbursement of legal costs etc.

Attorney Ira Grudberg's writ of certiorari was used to frame the original complaint. This writ of certiorari was printed by the Boston Supreme Court press is available with its appendix and contains a comprehensive discussion of the student loan case now before the court. Unfortunately, Ira Grudberg, ESQ died recently. Plaintiff requires the court to appoint legal counsel, pro bono to assist the plaintiff in this matter because the defendants are refusing to settle the case and compensate the plaintiff.

Respectfully submitted,

Peter R. Rumbin, Plaintiff, pro se

c/o Ms. Katia Baltimore, Secretary, 188 Crocker Court, Orange, CT 06472

Dated this November 24, 2025

Certification

A copy of the above was sent by US Mail to the defendants on November 24, 2025, listed herein:

University of Chicago and Elizabet Shanin

Daniel J. Cloherty (BBO #565772)

Cloherty & Steinberg LLP

One Financial Center, Suite 1120

Boston, MA 02111, 617-481-0160

Judah H. Rome

Troutman Pepper Locke LLP

One Financial Plaza, Suite 2800

Westminster St.

Providence, RI 02903, 401-276-6433

Antonio Calvagno, Esq.

c/o F.H. Cann & Associates, Inc.

1600 Osgood St., Suite 3058

North Andover, MA 01845, 978-973-8593

U.S. Dept. of Education - Predatory Lending Student Loan Borrower Defense

400 Maryland Ave, SW, Washington, D.C. 20202