Date Filed 12/16/2025 6:03 PM
Superior Court - Essex
Docket Number 2577CV00816

COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| ESSEX, ss. | SUPERIOR COURT DEPARTMENT |

PETER R. RUMBIN,

       Plaintiff,

       v.

                           CIVIL ACTION NO.  2577CV00816

OFFICE OF THE GENERAL COUNSEL,
U.S. DEPARTMENT OF EDUCATION,
MS. SHERI CANN, CEO, PRESIDENT,
F.H. CANN & ASSOCIATES, SCOTT
BESSENT, DEPARTMENT OF THE U.S.
TREASURY, ELLEN R. PATTERSON,
SENIOR EX. V.P., GENERAL COUNSEL,
WELLS FARGO & CO., ELIZABETH
SHANIN, V.P. & GENERAL COUNSEL,
UNIVERSITY OF CHICAGO,

       Defendants.

## DEFENDANT ELLEN R. PATTERSON'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO DISMISS THE COMPLAINT

Defendant Ellen R. Patterson ("Ms. Patterson") named in her capacity as Executive Vice President and General Counsel of Wells Fargo & Co., by counsel, hereby moves to dismiss all claims asserted against her for failure of the Complaint to demonstrate that the pleader is entitled to relief, and failure to state a claim upon which relief may be granted pursuant to Massachusetts Rules of Civil Procedure 8, 12(b)(2), and 12(b)(6), for lack of personal jurisdiction, and insufficiency of service and service of process. In support thereof, Ms. Patterson states as follows:

## I.    INTRODUCTION

This case appears to be an attempt to negate student loan debt of Plaintiff Peter Rumbin ("Plaintiff") following decades of prior unsuccessful litigation seeking the same relief. As to Ms. Patterson, however, this case is simple. Plaintiff's Complaint identifies Ms. Patterson solely by

A TRUE COPY, ATTEST

DEPUTY ASS'T CLERK

her corporate title and contains no factual allegations of personal conduct that could potentially give rise to liability under any legal theory. As a result, the Complaint is subject to dismissal in its entirety, with prejudice, as to Ms. Patterson.

Additionally, This Court does not have personal jurisdiction over Ms. Patterson. Ms. Patterson is not a resident of Massachusetts and does not maintain an office in Massachusetts. It also appears that Ms. Patterson was not properly served. For these reasons, this Court should also dismiss Plaintiff's Complaint.

## II.    FACTUAL ALLEGATIONS

There are no allegations in the Complaint pertaining to any personal conduct of Ms. Patterson. The sole factual allegation on the face of the complaint as to any Wells Fargo-related entity is as follows: "Wells Fargo Bank has paid billions of dollars in fines for its unjust and unfair credit behavior but has made billions of dollars in the conduct of this student loan business." *Id.* On this single allegation, Plaintiff appears to contend that Ms. Patterson may be held personally liable in her capacity as Executive Vice President and General Counsel of Wells Fargo Bank, N.A.'s parent holding company, Wells Fargo & Co., for unspecified predatory lending practices that ostensibly have nothing to do with Ms. Patterson in her personal capacity.

## III.    ARGUMENT

Plaintiff's Complaint fails as a matter of law and must be dismissed in its entirety for at least the following five reasons, any of which is independently sufficient to warrant dismissal with prejudice. First, the Complaint fails to contain a short and plain statement demonstrating that Plaintiff is entitled to any relief under any legal theory from Ms. Patterson. Second, relatedly, the Complaint fails to state a claim upon which relief may be granted as to Ms. Patterson. Third, Plaintiff's claims are barred by the doctrine of *res judicata*, as Plaintiff previously litigated the

same claims. Fourth, any claim pertaining to predatory lending is time-barred, and has been time-barred for at least a decade. And, fifth, Ms. Patterson is not able to provide Plaintiff with the relief he is seeking. As a result, the Court should dismiss the Complaint as to Ms. Patterson. Alternatively, this Court should dismiss this matter without prejudice because this Court does not have personal jurisdiction over Ms. Patterson and because service and service of process was insufficient.

### A. Plaintiff's Complaint against Ms. Patterson Must Be Dismissed Pursuant to Mass R. Civ. P. 8 and 12(b)(6) for Failure to State a Claim.

Plaintiff has failed to allege facts to support a claim against Ms. Patterson. A motion to dismiss pursuant to Rule 12(b)(6) of the Massachusetts Rules of Civil Procedure appraises the legal sufficiency of a complaint. To survive a motion to dismiss, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Iannacchino v. Ford Motor Co.*, 451 Mass. 623, 636 (2008). Although the Court must accept as true all well-pleaded the factual allegations in the complaint, labels and conclusions warrant no such consideration. *Id.*; *see also Cai v. Zhang*, No. 1982CV01116, 2020 Mass. Super. LEXIS 2237, at *6 (Sep. 24, 2020). Nor should a court accept as true allegations that are contradicted by the terms of a document attached to the complaint or matters of public record. *Galiastro v. Mortgage Elec. Registration Sys.*, 467 Mass. 160, 173 (2014); *Schaer v. Brandeis Univ.*, 432 Mass. 474, 477 (2000). Where it is clear from the face of the complaint that it fails to state a claim upon which relief may be granted or it will not survive an affirmative defense, the complaint should be dismissed. *Cavanagh v. Cavanaugh*, 396 Mass. 836, 838 (1986).

At a minimum, the Complaint as pled fails as a matter of law and is subject to dismissal because it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief" as to Ms. Patterson. *See* Mass. R. Civ. P. 8(a). Indeed, it is unclear what claims

Plaintiff intends to assert against Ms. Patterson. The Complaint only contains conclusory allegations that Wells Fargo & Co. engaged in predatory lending practices. There is not a single allegation as to Ms. Patterson's alleged involvement in the events on which Plaintiff bases his claim. As pled, Ms. Patterson lacks notice of the grounds for relief for any claim against her in her personal capacity. The appropriate remedy for such failure is dismissal. *Padmanabhan v. City of Cambridge*, 99 Mass App. Ct. 332, 342 (2021) ("A number of the defendants sued by [Plaintiff *pro se*] are mentioned only in the 'Parties' section of the amended complaint; [Plaintiff *pro se*] makes no allegations at all as to their tortious conduct. . . . Even giving [Plaintiff *pro se*] the benefit of all reasonable inferences, his failure to allege tortious (or any) conduct by these defendants means he cannot plausibly recover from them . . . .").

Moreover, it appears Plaintiff names Ms. Patterson in her capacity as Executive Vice President and General Counsel of Wells Fargo & Co. Wells Fargo & Co. is a corporation organized under the laws of Delaware and a financial holding company and a bank holding company registered under the Bank Holding Company Act of 1956, as amended. *See* Wells Fargo & Co. 2024 Form 10-K, at https://www.wellsfargo.com/assets/pdf/about/investor-relations/sec-filings/2024/10k.pdf. Ms. Patterson, named in her capacity as a corporate officer, is entitled to the presumption of limited liability for any acts taken in her capacity as an executive on behalf of Wells Fargo & Co. under Massachusetts law. *See, e.g., Connolly Accuchem Corp. v. Eclectic Foods, Inc.*, 2001 Mass. App. Div. 205, at *3 (2001) ("[Defendant], as a corporate officer, had no legal liability for the corporate contractual debts which form the basis of [Plaintiff's] action herein."); *see also Williams v. Vanaria*, 2000 Mass. App. Div. 162 at *2 (2000) (collecting cases).

What is more, corporate officers and directors may be held individually liable in connection with corporate business only by statute or for tortious activity in which they personally participate.

*Lyon v. Morphew*, 424 Mass. 828, 831 (1997). As stated above, the Complaint is devoid of even <u>one single factual allegation as to Ms. Patterson's personal involvement in the facts giving rise to the claim.</u> As a result, there is no legal basis to hold Ms. Patterson personally liable, and the Court must dismiss the Complaint in its entirety, and with prejudice, as to her.

      **B.    Plaintiff's Claims are Barred by *res judicata*.**

Plaintiff has previously litigated the debt at issue in this case since at least 1990. This Court should dismiss the Complaint on grounds of *res judicata* and find that Plaintiff is estopped from arguing that his student loans are invalid or discharged due to a prior settlement with the federal government. As pled, Plaintiff obtained student loans in the late-1970s. *See generally*, Compl. Those loans consisted of a National Direct Student Loan ("NDSL")[1], a Federally Insured Student Loan ("FISL") and two Guaranteed Student Loans ("GSLs").[2] *Id.*; *see also* Pet. for Cert., at 2. In 1987, the NDSL was declared to be in default and assigned to the U.S. Department of Education (the "Department of Education") for collection. *See* Pet. for Cert., at 10. Two years later, the United States commenced a lawsuit against Plaintiff in the District of Connecticut for repayment of the NDSL, *id.*, which Plaintiff claims resulted in a stipulated dismissal with prejudice in 1990 (the "1990 Dismissal"). *Id.*

Later, beginning in 2011, the Department of Education allegedly began garnishing Plaintiff's social security benefits to repay the GSLs that were assigned to it (separately from the NDSL) in 1998. At the time, Plaintiff claimed that the NDSL, the FISL, and the GSLs were subject

---

[1] "NDSLs are loans funded directly by the Department of Education." *Rumbin v. Duncan*, No. 3:11-cv-904, 2014 WL 2881397, at *2 (D. Conn. 2014).

[2] GSLs in the amounts of $2,500 each were loaned by the Connecticut Savings Bank to Plaintiff in 1977 and 1978. *Id.*

Date Filed 12/16/2025 6:05 PM
Superior Court - Essex
Docket Number 2577CV00816

to the 1990 Dismissal and therefore should have been terminated. *Rumbin v. Duncan*, 3:11-CV-00904, 2016 WL 632440, at *2 (D. Conn. 2016). In response to the garnishment, Plaintiff instituted litigation against the University of Chicago, an administrator that worked for the University of Chicago (together, the "Chicago-related Defendants"), then-Secretary of Education Arne Duncan, and then-Secretary of the Treasury Timothy Geithner (together, the "Government Parties") under a theory of *res judicata* pertaining to the 1990 Dismissal. *See Rumbin v. Duncan*, No. 3:11-CV-00904, 2014 WL 2881397 (D. Conn. 2014).

The United States District Court for the District of Connecticut granted summary judgment to the Chicago-related Defendants on June 25, 2014, finding that "the University did not originate those loans, and played no part in declaring them in default. In any event, the University cannot be called upon to answer for the actions of the Government in exercising administrative enforcement." *See Rumbin v. Duncan*, No. 3:11-CV-00904, 2014 WL 2881397, at *6 (D. Conn. 2014). Plaintiff's remaining claims against the Government Parties were dismissed on the Government Parties' motion in 2016 for, among other reasons, that claim and issue preclusion as to the 1990 Dismissal did not bar the Government from attempting to collect on the debt at issue in that case. *Rumbin v. Duncan*, No. 3:11-CV-00904, 2016 WL 632440 (D. Conn. 2016).

Thereafter, Plaintiff appealed to the Second Circuit, which dismissed the appeal as "lack[ing] an arguable basis either in law or fact." *Rumbin v. Duncan*, No. 18-3488, 2019 WL 11689797 (2d Cir. 2019). Plaintiff attempted to appeal to the United States Supreme Court, which denied his petition for certiorari. *Rumbin v. Devos*, 140 S. Ct. 2673 (2020).

Neither Ms. Patterson nor Wells Fargo was a party to the prior litigation.[3]  However, Massachusetts law "does not require mutuality of parties, so long as there is an identity of issues, a finding adverse to the party against home it is being asserted, and a judgment by a court or tribunal of competent jurisdiction," so long as "the determination of the issues for which preclusion is sought must have been essential to the underlying judgment." *Bellerman v. Fitchburg Gas and Elec. Light Co.*, 470 Mass. 43, 60 (2014).

Here, it is apparent that Plaintiff seeks to re-litigate a decades-old issue, which is that the GSL loans were part of his negotiated resolution with the federal government in 1990.  The Court should determine that Plaintiff cannot now seek to re-litigate the findings of the Connecticut District Court, which found that that the government was not barred from attempting to collect on the debt at issue in that case, the same debt that Ms. Patterson understands from the Complaint to be at issue in this case.  Accordingly, this Court should dismiss Plaintiff's claims with prejudice.

### C.     Plaintiff's Claims are Barred by the Statute of Limitations.

The Complaint appears to suggest that this Court has power to grant relief under a provision of the Dodd-Frank Wall Street Reform and Consumer Protection Act 12 U.S.C. §§ 5565 *et seq*. To the extent Plaintiff seeks to bring claims under this statute, the potentially relevant Federal consumer financial laws implicated by that statute include the Truth in Lending Act ("TILA") and the Fair Debt Collection Practices Act (FDCPA").  Each of these claims are barred by the statute of limitations.

---

[3] The Petition for a Writ of Certiorari attached to the Complaint names Wells Fargo as a respondent. However, the as-filed Petition for a Writ of Certiorari does not. *See generally* Pet. for Cert., *Rumbin v. Duncan*, No. 19-1113, 2019 WL 8301060 (2019).

Under TILA, the statute of limitations applicable to a claim for money damages, which Plaintiff appears to seek in this case, is one year from the date of the violation. 15 U.S.C. § 1640(e). As any violation under TILA relating to Plaintiff's student loan debt taken out in 1978 or 1979 would necessarily have accrued by approximately 1980, Plaintiff's claims have been time-barred for at least forty-four years. The statute of limitations for violation of the FDCPA is also one year. 15 U.S.C. § 1692k(d). In the light most favorable to Plaintiff, a cause of action pertaining to any entity or person's attempt to collect on Plaintiff's student loan debt accrued at latest, by 2011. Thus, any claim arising under that statute is likewise time barred and has been for at least fourteen years. As a result, Plaintiff cannot state a claim as to Ms. Patterson, and Plaintiff's claims should be dismissed with prejudice.

### D.    Ms. Patterson Cannot Give Plaintiff His Requested Relief.

The Complaint should additionally be dismissed because Ms. Patterson cannot give any of the relief that Plaintiff seeks—to the extent that he has not already received it.

Although it is difficult to discern exactly what Plaintiff is alleging and what relief he seeks, it appears that he asks the Court to discharge his student loans, and end to garnishment of his social security payments.

Notably, the Complaint does not allege that Ms. Patterson or Wells Fargo currently holds or ever did hold any of Plaintiff's debt.[4] Accordingly, Ms. Patterson and Wells Fargo are not in a position to discharge Plaintiff's debt. Likewise, the Complaint does not allege that Ms. Patterson and Wells Fargo caused or have anything to do with the garnishment of Plaintiff's social security

---

[4] Although this fact falls outside of the pleadings, it is worth noting that Wells Fargo undertook a good faith search of its records to determine whether Mr. Rumbin ever had a loan or other account with Wells Fargo, and, after conducting this search, is unable to locate any records of a banking relationship with Mr. Rumbin based on the information that appears on the face of the Complaint.

payments.  As such, no allegations support an inference that either Ms. Patterson or Wells Fargo

are able to cease the garnishment of Plaintiff's social security payments.

Because Ms. Patterson cannot provide Plaintiff with the relief he seeks, this Court should

dismiss with prejudice Plaintiff's claims against them.

> **E.** **Plaintiff's Complaint against Ms. Patterson Must Be Dismissed Pursuant to Mass R. Civ. P. 12(b)(2) For Lack of Personal Jurisdiction and Pursuant to Mass R. Civ. P. 12(b)(4) and (5) for Insufficiency of Process and Service of Process.**

Even if this Court does not dismiss Plaintiff's claims with prejudice—which it should do—

this Court should still dismiss them without prejudice for lack personal jurisdiction and for

insufficiency of process and service of process.

> *i.* *Plaintiff's Complaint Must Be Dismissed Because This Cour Lacks Personal Jurisdiction Over Ms. Patterson.*

In deciding a motion to dismiss pursuant to Mass R. Civ. P. 12(b)(2) for lack of personal

jurisdiction, the "[p]laintiff has the burden of establishing facts to show that the ground relied on

under Massachusetts' long arm statute is present" and that "[t]he exercise of jurisdiction under

State law [is] consistent with basic due process requirements mandated by the United States

Constitution." *Roberts v. Legendary Marine Sales*, 447 Mass. 860, 863 (2006); *see also Droukas

v. Divers Training Academy, Inc.*, 375 Mass. 149, 151 (1978) (internal citations and quotations

omitted) ("Confronted with a motion under Mass R. Civ. P. 12(b)(2) . . . a plaintiff has the burden

of establishing facts upon which the question of personal jurisdiction over a defendant is to be

determined.").

The Complaint does not allege *even one single fact* pertaining to Ms. Patterson, much less

any facts sufficient to support the exercise of personal jurisdiction over Ms. Patterson pursuant to

the Massachusetts long arm statute.  *See* Gen. L. 223A.  The Complaint does not include any facts

from which this Court may infer that Ms. Patterson transacted business with Plaintiff in Massachusetts, caused tortious injury to Plaintiff in Massachusetts, or is otherwise subject to general personal jurisdiction in Massachusetts. Accordingly, Plaintiff's Complaint must be dismissed on this basis alone. *See* Mass. R. Civ. P. 12(b)(2); *see also Droukas*, 375 Mass. at 149.

> ii.    ***Plaintiff's Complaint Must Be Dismissed for Insufficient Process and Service of Process***

"Under Mass.R.Civ.P. 12(b)(4), a party may move for dismissal of a lawsuit for insufficiency of service of process before filing an answer." *Espinal v. Hampton Shuttle, Inc.*, 2005 WL 2525412, at *1 (Mass. Super. Aug. 31, 2005). Meanwhile, "[i]n a motion to dismiss for insufficient service under Mass.R.Civ.P. 12(b)(5), the plaintiff bears the burden to establish valid service." *Weber v. Zurich Fin. Servs. Grp.*, 2004 WL 3091635, at *1 (Mass. Super. Nov. 30, 2004).

As an initial matter, it does not appear that Plaintiff served the correct copy of the Complaint on Ms. Patterson. The docket in this matter reflects that, on July 29, 2025, Plaintiff initially filed a 94-page document that purported to be the Complaint. *See* Paper No. 1. Then, on July 30 and July 31, 2025, there are Docket Notes indicating that the original complaint was not valid because it was signed by a deceased attorney. Then, on August 5, 2025, the Court received an 11-page document that appears to be the proper Complaint, no longer signed by a deceased attorney. This second version of the Complaint was not assigned a docket number, but is attached hereto as **EXHIBIT A**.

The document that was sent to Ms. Patterson is a 120-page document, attached hereto as **EXHIBIT B**, that does not match either the original Complaint filed on July 29, 2025, or the second version of the Complaint filed on August 5, 2025. Clearly, Ms. Patterson has not received a copy of the operative complaint, and as such, has not been served.

- 10 -

Additionally, it remains unclear whether the service that was made was done in accordance with c. 223A §§ 7, 8 and Mass. R. Civ. P. 4.  Further investigation is required.  However, given the requirement to raise this defense in a party's initial responsive pleading, Ms. Patterson expressly reserves her right to contest that service was properly effectuated.

Because Plaintiff failed to serve a true and accurate copy of the Complaint in Ms. Patterson, service was improper, and the Complaint should be dismissed.

## IV.    CONCLUSION

Based on the foregoing, this Court should grant Patterson's Motion and dismiss the Complaint with prejudice.

Dated:  November 24, 2025                    Respectfully submitted:

                              /s/ Judah H. Rome
                              Judah H. Rome
                              BBO# 695997
                              TROUTMAN PEPPER LOCKE LLP
                              One Financial Plaza
                              Suite 2800
                              Westminster Street
                              Providence, RI 02903
                              Phone: 401-276-6433
                              Email: judah.rome@troutman.com

                              *Attorneys for Defendant*
                              *Ellen R. Patterson*

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2025, I caused a true and accurate copy of the foregoing to be sent via U.S. mail to the following:

Peter R. Rumbin                         Katia Baltimore
87 Second Street                        188 Crockct Court
Hamden, CT 06514                        Orange, CT  06472

The foregoing was additionally served by email on all counsel of record.

_/s/ Judah H. Rome_
Judah H. Rome

Date Filed 12/16/2025 6:05 PM
Superior Court - Essex
Docket Number 2577CV00816

# EXHIBIT A

Date Filed 12/16/2025 6:05 AM
Superior Court · Essex
Docket Number 2577CV00816

2577CV00816

1

Superior Court                        State of Massachusetts

FILED
IN THE ESSEX SUPERIOR COURT

AUG 05 2025

THOMAS. H. DRISCOLL
CLERK OF COURTS

Peter R. Rumbin, Plaintiff              Doc. No.:

VS                                      July 31, 2025

Office of the General Counsel, US Dept of Education, Ms. Sheri Cann, CEO, President, F. H. Cann & Associates (North Andover, Mass), Scott Bassent, Department of The US Treasury, Ellen R. Patterson, Senior Ex. VP, General Counsel, Wells Fargo & Co., Elizabeth Shanin, VP & General Counsel, University of Chicago, Defendants

**Complaint for the University of Chicago Student Loan case-US Borrower Defense Application Predatory Lending Program Settlement**

**A BRIEF BACKGROUND**

Attorney Ira B. Grudberg has been counsel of record since the plaintiff was sued in Federal Court in 1989-1990 for student loans borrowed for one year while Mr. Rumbin, defendant at that time, was an University of Chicago student. The University of Chicago engaged in what is now termed: "predatory lending" and treated "students of need as students of means." The U. of Chicago received PELL/BEOG grant funds to pay for his education but instead of crediting these funds towards his education bill, the U. of Chicago pocketed the funds and then proceeded to borrow—which was unnecessary if the grant monies had been credited towards his education bill. Thus the U. of Chicago unjustly enriched itself and others. The U. of Chicago was caught embezzling and committing fraud when Harvard College financial aid office requested a financial aid transcript from the U. of Chicago. Harvard discovered these financial aid "irregularities" and then Harvard directed the plaintiff to inform the US Dept of Ed in Chicago, Illinois of the problem. US Dept of Ed in Chicago investigated the U. Of Chicago for "predatory lending" and embezzlement-fraud of plaintiff's BEOG/PELL grant funds. As a consequence of the investigation, the U. of Chicago returned the BEOG/PELL grant funds that it had embezzled and committed fraud for but not the loans. Plaintiff withdrew from the U. of Chicago and never borrowed again. He attended Harvard on a full scholarship.

The Connecticut Savings Bank refused to lend any more money to the U. of Chicago because (1) it did not like how U. of Chicago was conducing itself and (2) plaintiff's mother was dying from cancer and the bank refused to extend any more loans under the circumstances as it thought it would be imprudent. Furthermore, the U. of Chicago had requested that the plaintiff's parents take out a "second mortgage" in order to obtain more money. The bank also denied this requested and directed the plaintiff's parents to "have

your son withdraw from the U. of Chicago" and so he withdrew from U. of Chicago and never returned.

Since 1979, Ira Grudberg has been counsel of record when he first struggled to obtain a transfer credit transcript for over three years from the former dean of students, Professor Lorna Strauss of the University of Chicago.

Then, in 1989-1990, Grudberg represented Mr. Rumbin (then defendants) when he was sued for the student loans by the US Depts of Treasury and Education in Chicago and then Connecticut, US District Courts. Grudberg, won the student loan case in Federal Court in 1990 by stipulated agreement of the parties dismissed with prejudice against them (US Dept of Ed and Treasury et al). Plaintiff only borrowed student loans for this one year while a student attending U. of Chicago, withdrew and never borrowed again. All the loans were included in the stipulated agreement dismissed with prejudice against the US Depts of Ed and Treasury (see attached court order UD District Judge Warren Eginton and discovery-interrogatories etc.).

In 2011 due process was revoked by an act of US Congress and offsets commenced thereupon against the plaintiff, Mr. Rumbin, until 2024. This act of Congress permitted the US Depts of Treasury and Education to seize money and assets without suing in court and obtaining a favorable judgement from the court. Hence revoking due process, the US Depts of Ed and Treasury "could do an end run around the stipulated agreement of the parties, dismissal with prejudice against them" and thus it resorted to "self-help" by removing due process in the student loan case to avoid the previous court order signed by a Federal judge, Warren Eginton. Now the US Depts of Ed and Treasury did not have to sue in court and win a judgement before a judge to seize a student's monies and assets. The "claw back program" of 2024 imposed offsets of 100 percent by the US Dept of Treasury against plaintiff's income and total loss of health insurance except if you could pay for it and/or find a medical insurance company. This draconian policy caused significant hardships.

In 2011 a civil suit was filed against the defendants in US District Court, followed by a brief to the US Second Circuit Court of Appeals. Then Grudberg filed two writs of certiorari to SCOTUS (one with President Joe Biden) on behalf of the plaintiff, joined the class action suit Sweet vs DeVos (Sweet vs Cordola): borrower defense-predatory lending program of the US Dept of ED and three borrower defense program applications for predatory lending against the defendants with the US Dept. of ED. Recently, Grudberg won the borrower defense- predatory lending case before the General Counsel of the US Dept of Education (Washington, DC). This is the second time Grudberg and the plaintiff have won his student loan case in court. In this student loan case against the U. of Chicago, litigation by the

3

plaintiff commenced in 2011 and has continued until the present. But this case has been ongoing since 1979.

Compensation appropriate for this huge consumption of time and resources is justifiable and necessary to prevent its reoccurrence. Ira Grudberg, is counsel of record for the two writs of certiorari to SCOTUS, class action suit: Sweet vs Cordola (Sweet vs DeVos) with Harvard Law School et al as part of the borrower defense program-predatory lending (submitted three applications). Ira B. Grudberg, instructed the plaintiff to keep his name upon all pleadings since he is counsel of record for them.

The plaintiff hereby notices the court of the affirmative judgement discharging all debts in favor of the plaintiff by the class action suit Sweet vs Cordola-borrower defense application program for predatory lending issued by the General Counsel, US Dept. of Education. The defendants must be compelled to comply with this ruling. This "foreign judgement" according to rule M. G. L. 218, sec 4A is attached herein. Plaintiff requests the assistance of the court in enforcing judgement upon the defendants. (see attached affidavit and documents)

Plaintiff enlists the assistance of the court for execution of judgment upon the defendants for all outstanding debts claimed by them.  F.H. Cann & Associates claims $10,000 owed. Other defendants have ignored solicitations for monies that they claim are owed to them and to pay for damages and legal costs etc. Plaintiff requests that all debts be settled immediately by the defendants and that the court absolve the plaintiff of any financial liability whatsoever now and in the future. (Please read writ of certiorari, addendum and for a comprehensive history and legal case law).

## RELIEF SOUGHT

**1.**To cease and desist the unlawful seizure of property and monies; ignoring a prior judge's ruling of dismissal with prejudice against the defendants by stipulated agreement of the parties; Plaut v. Spendthrift Farms, res judicata, United Student Aid Funds, Inc. v. Espinosa, No appeal or modification of 1990 ruling was ever sought by defendants for over 30 years.

**2.** Return of what monies have been seized; total sum, with interest, of all payments, tax returns, fees, penalties, interest etc.

**3.** A Court order stopping any further taking of any funds or property from the plaintiff, Peter R. Rumbin

**4.** Reimbursement of all legal counsel fees and expenses as a result of the defendants' actions.

**5.** Counter suit on predatory lending, Dodd-Frank Consumer Protection Act or other applicable laws or relief as the court or legal counsel deem appropriate.

## THE COURT'S POWER TO GRANT RELIEF

The FCPA empowers this court to grant any appropriate legal or equitable relief with respect to violations of federal consumer financial law, the refund of monies, paid restitution, disengagement, or compensation for unjust enrichment, and civil money penalties. 12U.S.C.455565(A)(1). (p.31 Writ of certiorari to SCOTUS, Ira B. Grudberg, ESQ, counsel of record for plaintiff) The foregoing discussion is derived from Ira B. Grudberg's pleadings and instructions to the plaintiff. Attorney Ira B. Grudberg represented the plaintiff from 1979 until the recent present.

Respectfully submitted to the court;

Peter R. Rumbin, plaintiff (pro se)   ( Ms. Katia Baltimore, Sec't/Assist.,188 Crocker Court,

87 Second ST. Hamden, CT 06514       Orange, CT 06477, TEL 203-494-5229, messages)


Certification_____

It is hereby asserted that a copy of the above was sent to the defendants of record found on the cover sheet to the complaint and herein follows below this day July 31, 2025 by plaintiff, Peter R. Rumbin, 87 Second Street, Hamden, CT 06514:

US Dept of ED, Office of General Counsel, 400 Maryland Ave. SW, Washington, DC 20202

Sheri Cann, CEO, President, F. H. Cann & Associates, 1600 Osgood St., Suite 3058, North Andover, Mass. TEL 877-750-9804;

Department of the Treasury, Scott Bassent, secretary, 1500 Pennsylvania Ave. NW., Washington, DC 20220, TEL. (202)-622-2000

Ellen R. Patterson, Senior EX VP, General Counsel, Wells Fargo & Co., Corporate Offices, 420 Montgomery St., San Francisco, CAL 94104

Elizabeth Shanin, Interim VP and General Counsel, U. of Chicago, (Professor Lorna Strauss, former dean of students), Edward H. Levi Hall, Suite 619, 5801 S. Ellis Ave., Chicago, Illinois 60637; Tel 773-702-8873

Date Filed 12/16/2025 6:05 PM
Superior Court - Essex
Docket Number 2577CV00816

5

Affidavit For Foreign Judgement (M.G, L. 218, Sec.4A)     State of Massachusetts

Doc. No.:                                    Superior Court---Civil

Case: Rumbin, Peter R.

VS

Office of the General Counsel, US Dept. of Ed, F.H. Cann & Associates, Department of the Treasury, Scott Bassent, Ellen R. Pattersson, VP, Wells Fargo & Co., Elizabeth Shanin, Gen Counsel, U. of Chicago

## AFFIDAVIT

I certify that the following is true that the attached favorable judgement by the General Counsel of the US Dept. of Education is a true copy of the ruling.  Furthermore, to corroborate the court order stipulated agreement dismissal with prejudice against the defendants issued by Warren Eginton also discharges all loans and interrogatories, and discovery inventory all loans that were discharged in 1990 ruling that disclosed all loans and are therefore discharged today.  The court may corroborate these documents itself if it wishes. Documents are attached hereafter.

Peter R. Rumbin, plaintiff, pro se, 8? Second Street, Hamden, Conn. 06514

Sworn to before me _____ this 31st day of July, 2025

Frank Domonico
Notary
Commission expires 10-31-2029

Date signed
7-31-2025



Peter R Rumbin
87 2Nd St
Hamden, CT 06514-4711

March 24, 2025

Borrower Defense Application #: 02094713
Borrower Defense Application School: University of Chicago (The)

Dear Peter R Rumbin:

You are receiving this letter because you are a member of the class of Federal student loan borrowers covered by the recent settlement of the *Sweet v. Cardona* ("*Sweet*") lawsuit. You submitted a Borrower Defense to Repayment discharge application relating to your Federal student loan(s) on or before June 22, 2022. **The Department of Education, applying a special review process agreed to in the Sweet settlement agreement, has approved your claim for settlement relief.** For more information on the terms of the settlement agreement please see the Department's website at https://Studentaid.gov/announcements-events/sweet-settlement.

The Department has determined that you are entitled to settlement relief for the loans taken out on or after 4/15/1977 associated with your enrollment at University of Chicago (The) ("Relevant Federal Student Loan(s)") based on your allegations regarding the school's misconduct. Pursuant to the *Sweet* settlement, the Department of Education will do the following:
- discharge your Relevant Federal Student Loan(s);
- provide a refund for any payments made to the Department of Education on your Relevant Federal Student Loans, including Relevant Federal Student Loan debt that you previously paid off; and
- delete the credit report tradeline associated with the discharged loan(s).

The benefits described in this communication apply to your Relevant *Federal* Student Loan(s). The benefits do <u>not</u> apply to private loans. Discharging your Relevant Federal Student Loan(s) means that you will no longer owe the debt. You also may receive a refund for prior payments made to the Department on your discharged Relevant Federal Student Loan(s) related to University of Chicago (The). Your loan servicer will let you know if you are eligible for a payment refund, which would be mailed to you. Please check your online account with your loan servicer to ensure your address is correct so you can receive any refund.

**Other than confirming your address, you do not have to take any further action to receive your discharge.** Your servicer will send you more details about the discharge, including which loans have been forgiven. Your Relevant Federal Student Loan debt will remain in forbearance and collections will be stopped until you receive relief. Your credit report will also be updated to reflect this discharge when it is complete.

If you have questions about this notice, please call our borrower defense hotline at 1-855-279-6207. You may visit https://studentaid.gov/Contact for our hours of operation.

Sincerely,
U.S. Department of Education
Federal Student Aid


Federal Student Aid
830 First Street NE  Washington, D.C. 20202

Superior Court                           State of Massachusetts

Peter R. Rumbin, Plaintiff              Doc. No:

VS                                      July 31, 2025

Office of the General Counsel, US Dept.of Education, Ms. Sheri Cann, CEO, President, F. H.
Cann & Associates (North Andover, Mass), Scott Bassent, Department of The US Treasury,
Ellen R. Patterson, Senior Ex. VP, General Counsel, Wells Fargo & Co., Elizabeth Shanin, VP
& General Counsel, University of Chicago, Defendants

**Counter Suit on Predatory Lending, Dodd-Frank Consumer Protection Act and other
applicable laws or relief as the court or legal counsel deem appropriate.**

The plaintiff hereby files a counter suit on Predatory lending against the defendants for their
malfeasances and malevolent behavior against the plaintiff that spans from 1979 to the
present.  The predatory lending has cause disruption of the plaintiff's education, career
development, destroyed his credit worthiness and lifetime income. The defendants
unjustly enriched themselves at the expense of the students of need by treating them as
students of means.  U. of Chicago has increased its endowment tremendously; Wells Fargo
Bank has paid billions of dollars in fines for its unjust and unfair credit behavior but has
made billions of dollars in the conduct of this student loan business, and likewise, for F.H.
Cann & Associates, US Depts of Ed and Treasury.  The colleges pursued a prescription of
ever-increasing fees, tuition and room and board costs by simply saddling students with
ever increasing debts while the college administrators paid themselves multi-million-dollar
salaries, expensive housing and pensions.

 Meanwhile poor students, like me, were burdened with unmanageable debts.  In the
plaintiff's case, the U. of Chicago committed fraud and embezzlement to keep the
PELL/BEOG grant funds for itself.  Most students would have been unaware of this
occurrence unless another college had requested a financial aid transcript as the plaintiff
had when he attended Harvard.  During this time, the college's financial aid office of the U.
of Chicago did not have to provide any accounting of the fund's whereabouts to the
student. Hence abuse was easily committed to enrich the college, while harming the
student, me.  For these reasons and others (see writ of certiorari etc.) the defendants
should be required to pay the plaintiff compensation for this counter suit on their predatory
lending and draconian conduct for 48 years!

Respectfully submitted:

Respectfully submitted to the court:

Peter R. Rumbin, plaintiff (pro se)

87 Second Street, Hamden, Conn. 06514

Certification_____

It is hereby asserted that a copy of the above was sent to the defendants of record found on the cover sheet to the complaint and herein follows below this day July 31, 2025 by plaintiff, Peter R. Rumbin, 87 Second Street, Hamden, CT 06514:

US Dept of ED, Office of General Counsel, 400 Maryland Ave. SW, Washington, DC 20202

Sheri Cann, CEO, President, F. H. Cann & Associates, 1600 Osgood St., Suite 3058, North Andover, Mass. TEL 877-750-9804;

Department of the Treasury, Scott Bassent, secretary, 1500 Pennsylvania Ave. NW., Washington, DC 20220, TEL. (202)-622-2000

Ellen R. Patterson, Senior EX VP, General Counsel, Wells Fargo & Co., Corporate Offices, 420 Montgomery St., San Francisco, CAL 94104

Elizabeth Shanin, Interim VP and General Counsel, U. of Chicago, (Professor Lorna Strauss, former dean of students), Edward H. Levi Hall, Suite 619, 5801 S. Ellis Ave., Chicago, Illinois 60637; Tel 773-702-8873

Date Filed 12/16/2025 6:06 PM
Superior Court, Essex
Docket Number 2577CV00816

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 2577CV0816 | Massachusetts Trial Court Superior Court |
|---|---|---|
| Help-Party Information | | COUNTY |

| Plaintiff Peter R. Rumbin | Defendant US Dept of Ed |
|---|---|
| ADDRESS: 87 Second St. | ADDRESS: Office of the General Counsel |
| Hamden,Conn. 06514 | 400 Maryland Ave.SW |
| Plaintiff Attorney: | Washington,DC 20202 see attached |
| ADDRESS: | Defendant Attorney: additional Defendants |
| | ADDRESS: |
| BBO: | BBO: |
| | Add Parties    Remove Parties |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| BG1 Fin. Institutions | A | YES X NO |

"If "Other" please describe: Student loan predatory lending

Is there a claim under G.L. c. 93A? Yes        Is there a class action under Mass. R. Civ. P. 23? Yes

Won case by stipulated NO Sweet vs Cordona,2024 YES NOUS Dist.No.Cal
ageement of def.dismissed STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A  Harvard L.Sch et al
with prejudice against them(1990,I.B.Grudberg,esq)
The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages.
(Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

#### TORT CLAIMS
March 2025 Gen.Counsel US Dept of ED discharged debt
A. Documented medical expenses to date

1. Total hospital expenses
2. Total doctor expenses
3. Total chiropractic expenses
4. Total physical therapy expenses
5. Total other expenses (describe below)

FILED
IN THE ESSEX SUPEIOR COURT
AUG 0 5 2025
THOMAS. H. DRISCOLL
CLERK OF COURTS

|  | |
|---|---|
| Subtotal (1-5): | $0 00 |
| B. Documented lost wages and compensation to date | |
| C. Documented property damages to date | |
| D Reasonably anticipated future medical and hospital expenses | |
| E. Reasonably anticipated lost wages | |
| F. Other documented items of damages (describe below) | |

Offsets,debts, legal costs, punitive,&Tort

| SEE Complaint TOTAL (A-F) | $0.00 |
|---|---|

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

#### CONTRACT CLAIMS
This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | $5,000 student loan c.$890 (Wells Fargo Bank)? | C.$6,000 |
| | $16,000 F.H.Cann & Associates, No. Andover, Mass. | Total C.$16,000 |

Offsets C. $12,000-14,000+ (US Treasury & ED.)

Add Claim    Delete Claim

| Signature of Attorney/Self-Represented Plaintiff: X /s/ Peter (R.) R. Rumbin | Date July 31, 2025 |
|---|---|

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

CERTIFICATION UNDER S.J.C. RULE 1:18(5)

Date: July 31 , 2025

SCG001: 02/24    www.mass.gov/courts    Date/Time Printed:08-22-2024 13:36:5

SHERICANN CEO president

Defendants: F.H.Cann & Associates, 1600 Osgood Street,Suite 3058,
North Andover, Mass.TEL 877-750-9804

Department of The Treasury,SCOTT BASSENT
1500 Pennsylvania Ave.NW
Washington,DC 20220,Tel (202)-622-2000

Ellen R. Patterson, Senior Executive Vice President,General
Counsel
Wells Fargo & Company, Corporate Offices
420 Montgomery Street, San Francisco, CAL.94104

Elizabeth Shanin, Interim Vice President and General
Counsel
The University of Chicago
Edward H;Levi Hall, Suite 619
5801 S. Ellis Ave.
Chicago,Illinois 60637
Tel 773-7028873

-----------------------------------------------------------------

COMPLAINT:  Please see attached writ of certiorari and
addendum and documents.
COMPLAINT

Date Filed 12/16/2025 6:05 PM
Superior Court
Docket Number 2577CV00816

| STATEMENT OF DAMAGES<br>G.L. c. 218, § 19A(a) | DOCKET NO.<br>2577 CV00816 | Trial Court of Massachusetts |
|---|---|---|

| PLAINTIFF(s)<br>Peter R. Rumbin | DEFENDANT(s)<br>US Dept of ED,U of Chicago,F.H.<br>Cann,Wells Fargo Bank,US Treasury | DATE FILED<br>July 31,2025 |
|---|---|---|

| INSTRUCTIONS: THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT AND BOSTON MUNICIPAL COURT CIVIL ACTIONS SEEKING MONEY DAMAGES. | COURT DIVISION<br>Superior Court-Mass-Civil |
|---|---|

## TORT CLAIMS — AMOUNT

| | |
|---|---|
| A.  Documented medical expenses to date: | |
| 1. Total hospital expenses: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
| 2. Total doctor expenses: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
| 3. Total chiropractic expenses: . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
| 4. Total physical therapy expenses: . . . . . . . . . . FILED IN THE ESSEX SUPERIOR COURT . | $ _____ |
| 5. Total other expenses (describe) _____ | $ _____ |
|  _____ AUG 05 2025 | |
|  THOMAS H. DRISCOLL SUBTOTAL: | $ _____ |
|  CLERK OF COURTS | |
| B.  Documented lost wages and compensation to date: . . . . . . . . . . . . . . . . . | $ _____ |
| C.  Documented property damages to date: . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
| D.  Reasonably anticipated future medical and hospital expenses: . . . . . . . . . | $ _____ |
| E.  Reasonable anticipated lost wages: . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
| F.  Other documented items of damage (describe): Offsets,legal fees, Debts, Class Action:Sweet v.Cordona,writs(2),Briefs etc. | c$40723 |

G.  Brief description of Plaintiff's injury, including nature and extent of injury:

Predatory lending etc. Loss of credit, loss of educational and career opportunities etc.

For this form, disregard double or treble damage claims; indicate single damages only.   **TOTAL:** $50,000-74,000+

## CONTRACT CLAIMS — AMOUNT

☑ **This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a)**

Provide a detailed description of the claim(s) The Court hAS POWER TO GRANT ANY APPROPRIATE LEGAL OR EQUITABLE RELIEF FOR violations of federal (&state)consumer financial law,refund of monies, paid restitution,disengagement, or compensation for unjust enrichment,& civil money penalties.

| | |
|---|---|
| | $ _____ |
| | $ _____ |
| | $ _____ |

For this form, disregard double or treble damage claims; indicate single damages only.   **TOTAL:** $100 millions

| ATTORNEY FOR PLAINTIFF (OR UNREPRESENTED PLAINTIFF)<br>Peter R.Rumbin | DEFENDANT'S NAME AND ADDRESS:(see attached)<br>Office of the General Counsel |
|---|---|
| SIGNATURE                                          DATE<br>Peter R. Rumbin | US Dept of ED, 400 Maryland Ave.SW |
| PRINT OR TYPE NAME                           B.B.O. #<br>87 Second St. | Washington,DC 20202 |
| ADDRESS<br>Hamden,CT 06514 | |

**CERTIFICATION PURSUANT TO SJC RULE 1:18:** I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney on Record: _Peter R. Rumbin_    Date: JULY 31,2025

12.18

Date Filed 12/16/2025 6:05 PM
Superior Court - Essex
Docket Number 2577CV00816

# EXHIBIT B

# WELLS FARGO
# CLIENT DIRECT

**WELLS FARGO BANK**
**420 MONTGOMERY ST**
**SAN FRANCISCO, CA**
**MAC: A0101-020**

### BATCH COVER SHEET

---

**DATE SERVED:** 11/3/2025

**TO:** Service of Process / Corporation Service Company

**OVERNIGHT:** Corporation Service Company
Attn: SOP / Wells Fargo
1201 Hays Street
Tallahassee, FL 32301-2699
800-927-9801

**FROM:** Eric Roddie
333 Market St.
San Francisco, CA 94105

---

**COMMENTS/NOTES:** First-class: 27    Total: 41
Certified: 12
Priority: 2

**Please read this section: The date on this cover sheet is the date that the sending Wells Fargo Mail Services team received this service. CSC has a mandatory date served field and this date will be entered as we may not have the actual date served.**

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please advise the sender immediately and delete this message. Thank you.

© 2024 Wells Fargo and Company

#16785459-v6                        06/25/2024

Date Filed 12/16/2025 6:05 PM
Superior Court - Essex
Docket Number 2577CV00816

| | DOCKET NO. | **Massachusetts** |
|---|---|---|
| **SUMMONS** | 2577 CV 00816 | **Trial Court** |
| | | **Superior Court** |

| Peter R. Rumbin | | |
|---|---|---|
| PLAINTIFF(S) | Thomas H. Driscoll | CLERK OF COURTS |
| v. | | |
| Wells Fargo Bank(& Company) | Essex | COUNTY |
| DEFENDANT(S) | | |

EllenR.Patterson,Senior EX. VP & Gen Counsel

**THIS SUMMONS IS DIRECTED TO** Wells Fargo & Co. (Defendant's name).

**You are being sued.** The Plaintiff(s) named above started a lawsuit against you. A copy of the Plaintiff(s)'

Complaint filed against you is attached to the Summons, and the original Complaint has been filed in

ESSEX Superior Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**

   If you do not respond, the Court may decide the case against you and award the Plaintiff(s) everything

   requested in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond

   to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff(s). **If you need more time**

   **to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

   To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff(s)'

   attorney, or the Plaintiff(s) if they are not represented by a lawyer. You can do this by:

   a) Filing your **signed original** response with the Clerk's Office for Civil Business in Essex

   Superior Court, by mail, in-person, or electronically through the web portal **www.eFileMA.com** if the

   Complaint was e-filed through that portal; or.

   b) Delivering or mailing a copy of your response to the Plaintiff(s)' attorney, or the Plaintiff(s) if they are

   not represented by a lawyer, at the following address: Peter R. Rumbin,plaintiff,

pro se, 87 Second ST.Hamden,CT 06514;

Ms. Katia Baltimore,sec't, 188 Crocker Court,Orange, CT 06472

TEL: (203)-494-5229

email: KATIB5261@gmail.com.

TRUE ATTEST COPY

DEPUTY SHERIFF

10/27/25

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the facts alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff(s), called counterclaims, that are based on the same facts or events described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff(s) about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

Another way to respond to a Complaint is by filing a "Motion to Dismiss" if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Massachusetts Rules of Civil Procedure, Rule 12.** If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

**www.mass.gov/law-library/massachusetts-superior-court-rules**

4. **Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot find or afford legal help, some basic information for self-represented litigants is available at: **www.mass.gov/courts/selfhelp.**

5. **Required Information on All Filings.**

The "DOCKET NO." appearing at the top of this Summons is the unique case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness: <u>Hon. Michael D. Ricciuti, Chief Justice</u>, on this date, _____ 7/30/25 _____. (Seal)

Clerk: <u>Thomas H. Driscoll, Jr.</u> _____.

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

Date Filed 12/16/2025 6:06 PM
Superior Court - Essex
Docket Number 2577CV00816

## PROOF OF SERVICE OF PROCESS

I certify that on this date, _____, I served a copy of this Summons, together with a copy of the Complaint, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

_____

_____

_____

DATE: _____    Signature: _____

**TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX – BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON DEFENDANTS.**

DATE: _____

Date Filed 12/16/2025 6:05 PM
Superior Court - Essex
Docket Number 2577CV00816

1

Superior Court                          State of Massachusetts

Peter R. Rumbin, Plaintiff              Doc. No.: 2577CV00816

VS                                      July 31, 2025

Office of the General Counsel, US Dept of Education, Ms. Sheri Cann, CEO, President, F. H.
Cann & Associates (North Andover, Mass), Scott Bassent, Department of The US Treasury,
Ellen R. Patterson, Senior Ex. VP, General Counsel, Wells Fargo & Co., Elizabeth Shanin, VP
& General Counsel, University of Chicago, Defendants

**Complaint for the University of Chicago Student Loan case-US Borrower Defense
Application Predatory Lending Program Settlement**

## A BRIEF BACKGROUND

Attorney Ira B. Grudberg has been counsel of record since the plaintiff was sued in Federal
Court in 1989-1990 for student loans borrowed for one year while Mr. Rumbin, defendant at
that time, was an University of Chicago student. The University of Chicago engaged in what
is now termed: "predatory lending" and treated "students of need as students of means."
The U. of Chicago received PELL/BEOG grant funds to pay for his education but instead of
crediting these funds towards his education bill, the U. of Chicago pocketed the funds and
then proceeded to borrow—which was unnecessary if the grant monies had been credited
towards his education bill. Thus the U. of Chicago unjustly enriched itself and others. The
U. of Chicago was caught embezzling and committing fraud when Harvard College
financial aid office requested a financial aid transcript from the U. of Chicago. Harvard
discovered these financial aid "irregularities" and then Harvard directed the plaintiff to
inform the US Dept of Ed in Chicago, Illinois of the problem. US Dept of Ed in Chicago
investigated the U. Of Chicago for "predatory lending" and embezzlement-fraud of
plaintiff's BEOG/PELL grant funds. As a consequence of the investigation, the U. of Chicago
returned the BEOG/PELL grant funds that it had embezzled and committed fraud for but not
the loans. Plaintiff withdrew from the U. of Chicago and never borrowed again. He
attended Harvard on a full scholarship.

The Connecticut Savings Bank refused to lend any more money to the U. of Chicago
because (1) it did not like how U. of Chicago was conducing itself and (2) plaintiff's mother
was dying from cancer and the bank refused to extend any more loans under the
circumstances as it thought it would be imprudent. Furthermore, the U. of Chicago had
requested that the plaintiff's parents take out a "second mortgage" in order to obtain more
money. The bank also denied this requested and directed the plaintiff's parents to "have

your son withdraw from the U. of Chicago" and so he withdrew from U. of Chicago and never returned.

Since 1979, Ira Grudberg has been counsel of record when he first struggled to obtain a transfer credit transcript for over three years from the former dean of students, Professor Lorna Strauss of the University of Chicago.

Then, in 1989-1990, Grudberg represented Mr. Rumbin (then defendants) when he was sued for the student loans by the US Depts of Treasury and Education in Chicago and then Connecticut, US District Courts. Grudberg, won the student loan case in Federal Court in 1990 by stipulated agreement of the parties dismissed with prejudice against them (US Dept of Ed and Treasury et al). Plaintiff only borrowed student loans for this one year while a student attending U. of Chicago, withdrew and never borrowed again. All the loans were included in the stipulated agreement dismissed with prejudice against the US Depts of Ed and Treasury (see attached court order UD District Judge Warren Eginton and discovery-interrogatories etc.).

In 2011 due process was revoked by an act of US Congress and offsets commenced thereupon against the plaintiff, Mr. Rumbin, until 2024. This act of Congress permitted the US Depts of Treasury and Education to seize money and assets without suing in court and obtaining a favorable judgement from the court. Hence revoking due process, the US Depts of Ed and Treasury "could do an end run around the stipulated agreement of the parties, dismissal with prejudice against them" and thus it resorted to "self-help" by removing due process in the student loan case to avoid the previous court order signed by a Federal judge, Warren Eginton. Now the US Depts of Ed and Treasury did not have to sue in court and win a judgement before a judge to seize a student's monies and assets. The "claw back program" of 2024 imposed offsets of 100 percent by the US Dept of Treasury against plaintiff's income and total loss of health insurance except if you could pay for it and/or find a medical insurance company. This draconian policy caused significant hardships.

In 2011 a civil suit was filed against the defendants in US District Court, followed by a brief to the US Second Circuit Court of Appeals. Then Grudberg filed two writs of certiorari to SCOTUS (one with President Joe Biden) on behalf of the plaintiff, joined the class action suit Sweet vs DeVos (Sweet vs Cordola): borrower defense-predatory lending program of the US Dept of ED and three borrower defense program applications for predatory lending against the defendants with the US Dept. of ED. Recently, Grudberg won the borrower defense- predatory lending case before the General Counsel of the US Dept of Education (Washington, DC).  This is the second time Grudberg and the plaintiff have won his student loan case in court. In this student loan case against the U. of Chicago, litigation by the

Date Filed 12/16/2025 6:05 PM
Superior Court - Essex
Docket Number 2577CV00816

3

plaintiff commenced in 2011 and has continued until the present. But this case has been ongoing since 1979.

Compensation appropriate for this huge consumption of time and resources is justifiable and necessary to prevent its reoccurrence. Ira Grudberg, is counsel of record for the two writs of certiorari to SCOTUS, class action suit: Sweet vs Cordola (Sweet vs DeVos) with Harvard Law School et al as part of the borrower defense program-predatory lending (submitted three applications). Ira B. Grudberg, instructed the plaintiff to keep his name upon all pleadings since he is counsel of record for them.

The plaintiff hereby notices the court of the affirmative judgement discharging all debts in favor of the plaintiff by the class action suit Sweet vs Cordola-borrower defense application program for predatory lending issued by the General Counsel, US Dept. of Education. The defendants must be compelled to comply with this ruling. This "foreign judgement" according to rule M. G. L. 218, sec 4A is attached herein. Plaintiff requests the assistance of the court in enforcing judgement upon the defendants. (see attached affidavit and documents)

Plaintiff enlists the assistance of the court for execution of judgment upon the defendants for all outstanding debts claimed by them. F.H. Cann & Associates claims $10,000 owed. Other defendants have ignored solicitations for monies that they claim are owed to them and to pay for damages and legal costs etc. Plaintiff requests that all debts be settled immediately by the defendants and that the court absolve the plaintiff of any financial liability whatsoever now and in the future. (Please read writ of certiorari, addendum and for a comprehensive history and legal case law).

## RELIEF SOUGHT

1. To cease and desist the unlawful seizure of property and monies; ignoring a prior judge's ruling of dismissal with prejudice against the defendants by stipulated agreement of the parties; Plaut v. Spendthrift Farms, res judicata, United Student Aid Funds, Inc. v. Espinosa, No appeal or modification of 1990 ruling was ever sought by defendants for over 30 years.

2. Return of what monies have been seized; total sum, with interest, of all payments, tax returns, fees, penalties, interest etc.

3. A Court order stopping any further taking of any funds or property from the plaintiff, Peter R. Rumbin

4. Reimbursement of all legal counsel fees and expenses as a result of the defendants' actions.

4

**5.** Counter suit on predatory lending, Dodd-Frank Consumer Protection Act or other applicable laws or relief as the court or legal counsel deem appropriate.

## THE COURT'S POWER TO GRANT RELIEF

The FCPA empowers this court to grant any appropriate legal or equitable relief with respect to violations of federal consumer financial law, the refund of monies, paid restitution, disengagement, or compensation for unjust enrichment, and civil money penalties. 12 U.S.C.455565(A)(1). (p.31 Writ of certiorari to SCOTUS, Ira B. Grudberg, ESQ, counsel of record for plaintiff) The foregoing discussion is derived from Ira B. Grudberg's pleadings and instructions to the plaintiff. Attorney Ira B. Grudberg represented the plaintiff from 1979 until the recent present.

Respectfully submitted to the court:

Peter R. Rumbin, plaintiff (pro se)  ( Ms. Katia Baltimore, Sec't/Assist.,188 Crocker Court,

87 Second ST. Hamden, CT 06514    Orange, CT 06477, TEL 203-494-5229, messages)

Certification_____

It is hereby asserted that a copy of the above was sent to the defendants of record found on the cover sheet to the complaint and herein follows below this day July 31, 2025 by plaintiff, Peter R. Rumbin, 87 Second Street, Hamden, CT 06514:

US Dept of ED, Office of General Counsel, 400 Maryland Ave. SW, Washington, DC 20202

Sheri Cann, CEO, President, F. H. Cann & Associates, 1600 Osgood St., Suite 3058, North Andover, Mass. TEL 877-750-9804;

Department of the Treasury, Scott Bassent, secretary, 1500 Pennsylvania Ave. NW., Washington, DC 20220, TEL. (202)-622-2000

Ellen R. Patterson, Senior EX VP, General Counsel, Wells Fargo & Co., Corporate Offices, 420 Montgomery St., San Francisco, CAL 94104

Elizabeth Shanin, Interim VP and General Counsel, U. of Chicago, (Professor Lorna Strauss, former dean of students), Edward H. Levi Hall, Suite 619, 5801 S. Ellis Ave., Chicago, Illinois 60637; Tel 773-702-8873

5

Affidavit For Foreign Judgement (M.G, L. 218, Sec.4A)     State of Massachusetts

Doc. No.:                                   Superior Court---Civil

Case: Rumbin, Peter R.

VS

Office of the General Counsel, US Dept. of Ed, F.H. Cann & Associates, Department of the Treasury, Scott Bassent, Ellen R. Pattersson, VP, Wells Fargo & Co., Elizabeth Shanin, Gen Counsel, U. of Chicago

## AFFIDAVIT

I certify that the following is true that the attached favorable judgement by the General Counsel of the US Dept. of Education is a true copy of the ruling.  Furthermore, to corroborate the court order stipulated agreement dismissal with prejudice against the defendants issued by Warren Eginton also discharges all loans and interrogatories, and discovery inventory all loans that were discharged in 1990 ruling that disclosed all loans and are therefore discharged today.  The court may corroborate these documents itself if it wishes. Documents are attached hereafter.

Peter R. Rumbin, plaintiff, pro se, 87 Second Street, Hamden, Conn. 06514

Sworn to before me                    This 31st  Day 1  July  2025

                    Frank Olewski
                    Notary
                    Commission expires
                    10-31-2029

Date signed
7-31-2025

5

6

Superior Court                          State of Massachusetts

Peter R. Rumbin, Plaintiff              Doc. No:

VS                                      July 31, 2025

Office of the General Counsel, US Dept.of Education, Ms. Sheri Cann, CEO, President, F. H.
Cann & Associates (North Andover, Mass), Scott Bassent, Department of The US Treasury,
Ellen R. Patterson, Senior Ex. VP, General Counsel, Wells Fargo & Co., Elizabeth Shanin, VP
& General Counsel, University of Chicago, Defendants

**Counter Suit on Predatory Lending, Dodd-Frank Consumer Protection Act and other
applicable laws or relief as the court or legal counsel deem appropriate.**

The plaintiff hereby files a counter suit on Predatory lending against the defendants for their
malfeasances and malevolent behavior against the plaintiff that spans from 1979 to the
present.  The predatory lending has cause disruption of the plaintiff's education, career
development, destroyed his credit worthiness and lifetime income. The defendants
unjustly enriched themselves at the expense of the students of need by treating them as
students of means.  U. of Chicago has increased its endowment tremendously; Wells Fargo
Bank has paid billions of dollars in fines for its unjust and unfair credit behavior but has
made billions of dollars in the conduct of this student loan business, and likewise, for F.H.
Cann & Associates, US Depts of Ed and Treasury.  The colleges pursued a prescription of
ever-increasing fees, tuition and room and board costs by simply saddling students with
ever increasing debts while the college administrators paid themselves multi-million-dollar
salaries, expensive housing and pensions.

 Meanwhile poor students, like me, were burdened with unmanageable debts.  In the
plaintiff's case, the U. of Chicago committed fraud and embezzlement to keep the
PELL/BEOG grant funds for itself.  Most students would have been unaware of this
occurrence unless another college had requested a financial aid transcript as the plaintiff
had when he attended Harvard.  During this time, the college's financial aid office of the U.
of Chicago did not have to provide any accounting of the fund's whereabouts to the
student. Hence abuse was easily committed to enrich the college, while harming the
student, me.  For these reasons and others (see writ of certiorari etc.) the defendants
should be required to pay the plaintiff compensation for this counter suit on their predatory
lending and draconian conduct for 48 years!

Respectfully submitted:

Respectfully submitted to the court:

Peter R. Rumbin, plaintiff (pro se)

87 Second Street, Hamden, Conn. 06514

Certification_____

It is hereby asserted that a copy of the above was sent to the defendants of record found on the cover sheet to the complaint and herein follows below this day July 31, 2025 by plaintiff, Peter R. Rumbin, 87 Second Street, Hamden, CT 06514:

US Dept of ED, Office of General Counsel, 400 Maryland Ave. SW, Washington, DC 20202

Sheri Cann, CEO, President, F. H. Cann & Associates, 1600 Osgood St., Suite 3058, North Andover, Mass. TEL 877-750-9804;

Department of the Treasury, Scott Bassent, secretary, 1500 Pennsylvania Ave. NW., Washington, DC 20220, TEL. (202)-622-2000

Ellen R. Patterson, Senior EX VP, General Counsel, Wells Fargo & Co., Corporate Offices, 420 Montgomery St., San Francisco, CAL 94104

Elizabeth Shanin, Interim VP and General Counsel, U. of Chicago, (Professor Lorna Strauss, former dean of students), Edward H. Levi Hall, Suite 619, 5801 S. Ellis Ave., Chicago, Illinois 60637; Tel 773-702-8873

Date Filed 12/16/2025 6:05 PM
Superior Court - Essex
Docket Number 2577CV00816

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br>2577CV00816 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| CASE NAME:<br>Rumbin, Peter R. vs. Scott Bassent In his/her capacity as Department of The US Treasury et al | Thomas H. Driscoll, Jr., Clerk of Courts<br>Essex County |
|---|---|

| TO: Peter R Rumbin<br>87 Second Street<br>Hamden, CT 06514 | COURT NAME & ADDRESS<br>Essex County Superior Court - Lawrence<br>43 Appleton Way<br>Lawrence, MA 01841 |
|---|---|

### TRACKING ORDER - A - Average

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 10/27/2025 | |
| Response to the complaint filed (also see MRCP 12) | | 11/26/2025 | |
| All motions under MRCP 12, 19, and 20 | 11/26/2025 | 12/26/2025 | 01/26/2026 |
| All motions under MRCP 15 | 09/22/2026 | 10/22/2026 | 10/22/2026 |
| All discovery requests **and depositions** served and non-expert depositions completed | 07/19/2027 | | |
| All motions under MRCP 56 | 08/18/2027 | 09/17/2027 | |
| Final pre-trial conference held and/or firm trial date set | | | 01/17/2028 |
| Case shall be resolved and judgment shall issue by | | 07/28/2028 | |

**The final pre-trial deadline is not the scheduled date of the conference.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED<br>07/30/2025 | ASSISTANT CLERK<br>Debra Vernava | PHONE<br>(978)242-1900 |
|---|---|---|

Date/Time Printed: 07-30-2025 13:17:34

SCV026\ 08/2018

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 2577CV00816 | Massachusetts Trial Court Superior Court T.H.Driscoll,Jr Clerk |
|---|---|---|
| Help-Party Information | | COUNTY ESSEX |

| Plaintiff Peter R. Rumbin | Defendant: US Dept of Ed |
|---|---|
| ADDRESS: 87 Second St. | ADDRESS: Office of the General Counsel |
| Hamden,Conn. 06514 | 400 Maryland Ave.SW |
| | Washington,DC 20202 see attached |
| Plaintiff Attorney: | Defendant Attorney: additional Defendants |
| ADDRESS: | ADDRESS: |
| | |
| | |
| BBO: | BBO: |

Add Parties    Remove Parties

## TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| BG1 | Fin. Institutions | A | YES    x NO |

"If "Other" please describe: Student loan predatory lending

Is there a claim under G.L. c. 93A? Yes          Is there a class action under Mass. R. Civ. P. 23? Yes

Won case by stipulated       NO   Sweet vs Cordona,2024   YES   NOUS Dist.No.Cal
ageement of def.dismissed    STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A   Harvard L.Sch et al
with prejudice against them(1990,I.B.Grudberg,esq)

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages
(Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

### TORT CLAIMS

A. Documented medical expenses to date   May,2025 Gen Counsel US Dept of ED discharged debt

|  |  |
|---|---|
| 1. Total hospital expenses | |
| 2. Total doctor expenses | |
| 3. Total chiropractic expenses | |
| 4. Total physical therapy expenses | |
| 5. Total other expenses (describe below) | |
| Subtotal (1-5): | $0.00 |
| B. Documented lost wages and compensation to date | |
| C. Documented property damages to date | |
| D. Reasonably anticipated future medical and hospital expenses | |
| E. Reasonably anticipated lost wages | |
| F. Other documented items of damages (describe below) | |
| Offsets,debts, legal costs, punitive,&Tort | |
| SEE Complaint    TOTAL (A-F): | $0.00 |

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

### CONTRACT CLAIMS

This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | $5,000 student loan c.$890 (Wells Fargo Bank)? | C.$6,000 |
| | $16,000 F.H.Cann & Associates, No. Andover, Mass. | Total C:$16,000 |
| | Offsets C. $12,000-14,000+ (US Treasury & ED.) | Add Claim    Delete Claim |

Signature of Attorney/Self-Represented Plaintiff: X /s/ Peter R R Rumbin    Date July 31, 2025

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

CERTIFICATION UNDER S.J.C. RULE 1:18(5)

Superior Court , Essex that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney X | | Date: July 31 , 202 |
|---|---|---|
| SC0001: 02/24 | www.mass.gov/courts | Date/Time Printed:08-22-2024 13:36:5 |

SHERI CANN CEO, president

Defendants: F.H Cann & Associates, 1600 Osgood Street,Suite 3058, North Andover, Mass.TEL 877-750-9804

Department of The Treasury, Scott B ASSENT
1500 Pennsylvania Ave.NW
Washington,DC 20220,Tel (202)-622-2000

Ellen R. Patterson, Senior Executive Vice President,General
                                    Counsel
Wells Fargo & Company, Corporate Offices
420 Montgomery Street, San Francisco, CAL.94104

Elizabeth Shanin, Interim Vice President and General
                                    Counsel
The University of Chicago

Edward H,Levi Hall, Suite 619
5801 S. Ellis Ave.
Chicago,Illinois 60637
Tel 773-7028873

------------------------------------------------------

COMPLAINT:  Please see attached writ of certiorari and
            addendum and documents.
                COMPLAINT

| STATEMENT OF DAMAGES<br>G.L. c. 218, § 19A(a) | DOCKET NO.<br>2577 CV 00816 | Trial Court of Massachusetts |
|---|---|---|

| PLAINTIFF(s)<br>Peter R. Rumbin | DEFENDANT(s)<br>US Dept of ED,U of Chicago,F.H.<br>Cann,Wells Fargo Bank,US Treasury | DATE FILED<br>July 31, 2025 |
|---|---|---|

| INSTRUCTIONS: THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT AND BOSTON MUNICIPAL COURT CIVIL ACTIONS SEEKING MONEY DAMAGES. | COURT DIVISION<br>Superior Court-Mass-Civil |
|---|---|

| TORT CLAIMS | AMOUNT |
|---|---|
| A. Documented medical expenses to date: | |
| 1. Total hospital expenses: . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
| 2. Total doctor expenses: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
| 3. Total chiropractic expenses: . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
| 4. Total physical therapy expenses: . . . . . . . . . . . . . . . . . . . . . | $ _____ |
| 5. Total other expenses (describe) _____ | $ _____ |
| _____ SUBTOTAL: | $ _____ |
| B. Documented lost wages and compensation to date: . . . . . . . . . . . . . . . . . | $ _____ |
| C. Documented property damages to date: . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
| D. Reasonably anticipated future medical and hospital expenses: . . . . . . . . . . | $ _____ |
| E. Reasonable anticipated lost wages: . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
| F. Other documented items of damage (describe): Offsets,legal fees,<br>Debts, Class Action:Sweet v.Cordona,writs(2),Briefs etc. | $ _____<br>c$40723 |
| G. Brief description of Plaintiff's injury, including nature and extent of injury:<br>Predatory lending etc. Loss of credit, loss of<br>educational and career opportunities etc. | |
| For this form, disregard double or treble damage claims; indicate single damages only.   TOTAL: | $50,000-74,000+ |

| CONTRACT CLAIMS | AMOUNT |
|---|---|
| ☑ This action includes a claim involving collection of a debt incurred pursuant to a revolving<br>credit agreement. Mass. R. Civ. P. 8.1(a) | |
| Provide a detailed description of the claim(s)The Court hAS POWER TO<br>GRANT ANY APPROPRIATE LEGAL OR EQUITABLE RELIEF FOR violations<br>of federal (&state)consumer financial law,refund of monies,<br>paid restitution,disengagement, or compensation for unjust<br>enrichment,& civil money penalties. | $ _____<br>$ _____<br>$ _____ |
| For this form, disregard double or treble damage claims; indicate single damages only.   TOTAL: | $100 millions |

| ATTORNEY FOR PLAINTIFF (OR UNREPRESENTED PLAINTIFF)<br>Peter R.Rumbin | DEFENDANT'S NAME AND ADDRESS:(see attached)<br>Office of the General Counsel |
|---|---|
| SIGNATURE                                    DATE<br>Peter R. Rumbin | US Dept of ED, 400 Maryland Ave.SW |
| PRINT OR TYPE NAME                    B.B.O. #<br>87 Second St. | Washington,DC 20202 |
| ADDRESS<br>Hamden,CT 06514 | |

CERTIFICATION PURSUANT TO SJC RULE 1:18: I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney on Record: *Peter R. Rumbin*                    JULY 31, 2025
                                                                        Date:

12 18

| NOTICE OF APPEARANCE | DOCKET NUMBER 2577CV00816 | Massachusetts Trial Court |
|---|---|---|

**CASE NAME**

Peter R. Rumbin

U. of Chicago,F.H.Cann & Assoc.Office of
the general Counsel,US Dept of Ed;Dept of
Treasury,Wells fargo  & Associates

**COURT DEPARTMENT (Select only one court.)**

☐ Boston Municipal Court   ☐ District Court   ☐ Housing Court
☐ Juvenile Court   ☐ Land Court
☐ Probate & Family Court   ☒ Superior Court

**COURT DIVISION OR COUNTY**

Mass.ESSEX.  Superior Court

---

## Notice of Appearance

Please enter my appearance in this case:

☒☒ for myself.

☒ as attorney for:  Peter R. Rumbin , plaintiff

---

**Please print or type all of the information requested below.**

| NAME (FIRST, MIDDLE, LAST) Ira B. Grudberg,Esq, (recently deceased)    Peter R.Rumbin | B.B.O. OR STATE BAR NUMBER (IF APPLICABLE) (Pro se) |
|---|---|
| FIRM OR AGENCY NAME (IF APPLICABLE) Ms. Katia Baltimore,Sect/Assistant to PRR 188 Crocker Court Orange, Conn 06472 | OFFICE OR HOME PHONE NUMBER Katia Baltimore,sec't  203-494-5229 |
| STREET ADDRESS 114 Laurel Crest Rd.    87 Second ST    Hamden,CT 06514 . | APT/UNIT # | MOBILE PHONE NUMBER |

| CITY/TOWN Madison, | STATE CT | ZIP CODE 06443 | E-MAIL ADDRESS KATIB52612@GMAIL.COM |
|---|---|---|---|

| DATED FEB.5,2025 | SIGNATURE *Peter P R Rumbin* |
|---|---|

Date Filed 12/16/2025 6:05 PM
Superior Court - Essex
Docket Number

| | Account # :<br>21-2547049 | Client Reference # :<br>- N198905001250601 | Total Due :<br>$16953.43 |
|---|---|---|---|

EOS CCA
PO BOX 5369
NORWELL MA 02061-5369
FORWARD SERVICE REQUESTED

| Do not send cash | NOTE NAME / ADDRESS /<br>PHONE NO. CHANGES<br>ON BACK OF COUPON |
|---|---|
| Make checks payable to:<br>U.S. Department of Education | |

Show your social security number on your check

**Return this portion with your payment**

SEND PAYMENT TO :
00-28A

S-ONCCOA21 L-28A (ED001) A-21-2547049-12
P1GKF700204104 I05037
PETER RUMBIN
87 2ND ST
HAMDEN CT 06514-4711

NATIONAL PAYMENT CENTER
PO BOX 105028
ATLANTA GA 30348-5028

4 320443873290 0000004950 00000538    4 320443873290 0003302011 16953430

✂ Detach Upper Portion And Return With Payment ✂    March 30, 2011

EOS CCA
700 LONGWATER DRIVE
PO BOX 5369
NORWELL MA 02061-5369
Toll Free : 1-877-863-9438



**Office Hours :**
Monday - Thursday 7:00AM - 8:00 PM PT
Friday 7:00AM - 5:00 PM PT
Saturday 7:00AM - 12:00 PM PT

## *** FIRST DEMAND NOTICE ***

RE : Your Account with our client : U.S. DEPARTMENT OF EDUCATION
Client Reference # : N198905001250601
EOS CCA Account # : 21-2547049                          Total Due: $16953.43

Your account(s) has been placed with us for collection. Please see below for details of your outstanding obligation. This is a demand for payment of your debt.

We urge you to remit payment to the National Payment Center, using the top portion of this coupon.  If you dispute this debt please see the reverse side of this notice for important rights.

| DEBT ID # | PRINCIPAL | INTEREST | CHARGES | BALANCE |
|---|---|---|---|---|
| N198905001250601 | $0.00 | $0.00 | $0.00 | $0.00 |
| F198105000054801 | $0.00 | $0.00 | $0.00 | $0.00 |
| G199909004165601 | $2586.30 | $4230.98 | $1659.38 | $8476.66 |
| G199909004165702 | $2586.30 | $4231.07 | $1659.40 | $8476.77 |
| | | | Total Due: | $16953.43 |

NOTE: Your account is accruing interest on a daily basis; please contact our office for an exact payoff amount.

All payments should be mailed to: National Payment Center P.O. Box 105028 Atlanta, GA 30348-5028.

| Please direct disputes or other correspondence regarding your account to:<br>**EOS CCA ED Administrative Unit, PO Box 5369, Norwell, MA 02061-5369** |
|---|

This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

IED001                    **PLEASE SEE REVERSE SIDE FOR IMPORTANT RIGHTS**                    28A

Date Filed 12/16/2025 6:05 PM
Superior Court - Essex
Docket Number 2577CV00816

| | DO NOT SEND CASH<br>MAKE CHECKS PAYABLE TO:<br>U.S. DEPARTMENT OF EDUCATION<br>SHOW YOUR SOCIAL SECURITY NUMBER<br>ON YOUR CHECK | | ACCOUNT NO. | PRINCIPAL BAL. | INTEREST |
|---|---|---|---|---|---|
| | | | SXXX-XX-7329 | $5,172.60 | $8,470.81 |
| | | | PENALTY CHARGES | FEES & COSTS | TOTAL BALANCE |
| | | | $0.00 | $0.00 | $13,643.41 |

**RETURN THIS PORTION WITH YOUR PAYMENT**

NOTE NAME/ADDRESS/PHONE NO. CHANGES ON BACK

AMOUNT PAID:

D019086896

017931  1482  047519
PETER R RUMBIN
87 2ND ST
HAMDEN CT  06514-4711

SEND PAYMENT TO:

NATIONAL PAYMENT CENTER
US DEPARTMENT OF EDUCATION
PO BOX 105028
ATLANTA GA 30348-5028

5 340190868964 0000001158 00000709   5 340190868964 0004092011 13643412

---

KEEP THIS PORTION FOR YOUR RECORDS

# U.S. DEPARTMENT OF EDUCATION

DATE: APRIL 9, 2011

### NOTICE OF UNPAID BALANCE

---

OUR RECORDS INDICATE THAT THE DEPARTMENT OF EDUCATION RECENTLY CREDITED
TO YOUR ACCOUNT FUNDS TAKEN BY OFFSET OF FEDERAL PAYMENTS OWED TO YOU,
AND THAT, AS OF THE DATE OF THIS NOTICE, YOU STILL OWE THE DEPARTMENT
THE BALANCE SHOWN ABOVE.

PLEASE SEND THAT AMOUNT, ALONG WITH THE DETACHABLE COUPON AT THE TOP OF
THIS NOTICE, TO THE ADDRESS SHOWN ON THAT COUPON.  PLEASE BE SURE TO
WRITE YOUR NAME, ADDRESS AND SOCIAL SECURITY NUMBER ON YOUR CHECK OR
MONEY ORDER.  PLEASE DO NOT SEND CASH.

### AVOID OFFSET NEXT YEAR!

YOU MAY BE ABLE TO AVOID OFFSET NEXT YEAR WITHOUT PAYING THE FULL AMOUNT
OF YOUR DEBT.  BY MAKING MONTHLY PAYMENTS YOU MIGHT BECOME ELIGIBLE FOR
THE CONSOLIDATION OR REHABILITATION PROGRAMS, OR YOU MAY BE ABLE TO
NEGOTIATE A LOWER PAYOFF BALANCE.

IF YOU WISH TO MAKE PAYMENT BY CREDIT CARD, IF YOU HAVE ANY QUESTIONS,
OR IF YOU WISH TO ESTABLISH A MONTHLY PAYMENT PLAN, PLEASE CONTACT THE
DEPARTMENT'S CUSTOMER SERVICE CENTER AT 1-800-621-3115.

THIS NOTICE PERTAINS ONLY TO DEBTS OWED TO THE U.S. DEPARTMENT OF EDUCA-
TION FOR WHICH WE HAVE PREVIOUSLY WRITTEN TO YOU AND THAT ARE PAYABLE TO
THE NATIONAL PAYMENT CENTER.  THIS PAYOFF AMOUNT DOES NOT INCLUDE ANY
LOAN OBLIGATION FOR WHICH YOU ARE NOW RECEIVING PAYMENT NOTICES FROM ANY
OTHER PARTY, INCLUDING A SCHOOL, A GUARANTY AGENCY, A COMMERCIAL LENDING
INSTITUTION, OR THE DEPARTMENT'S DIRECT LOAN PROGRAM OFFICES.

A58      0004466      019086896                    1104080412



Peter R Rumbin
87 2Nd St
Hamden, CT 06514-4711

March 24, 2025

Borrower Defense Application #: 02094713
Borrower Defense Application School: University of Chicago (The)

Dear Peter R Rumbin:

You are receiving this letter because you are a member of the class of Federal student loan borrowers covered by the recent settlement of the *Sweet v. Cardona* ("*Sweet*") lawsuit. You submitted a Borrower Defense to Repayment discharge application relating to your Federal student loan(s) on or before June 22, 2022. **The Department of Education, applying a special review process agreed to in the Sweet settlement agreement, has approved your claim for settlement relief.** For more information on the terms of the settlement agreement please see the Department's website at https://Studentaid.gov/announcements-events/sweet-settlement.

The Department has determined that you are entitled to settlement relief for the loans taken out on or after 4/15/1977 associated with your enrollment at University of Chicago (The) ("Relevant Federal Student Loan(s)") based on your allegations regarding the school's misconduct. Pursuant to the *Sweet* settlement, the Department of Education will do the following:

- discharge your Relevant Federal Student Loan(s);
- provide a refund for any payments made to the Department of Education on your Relevant Federal Student Loans, including Relevant Federal Student Loan debt that you previously paid off; and
- delete the credit report tradeline associated with the discharged loan(s).

The benefits described in this communication apply to your Relevant *Federal* Student Loan(s). The benefits do not apply to private loans. Discharging your Relevant Federal Student Loan(s) means that you will no longer owe the debt. You also may receive a refund for prior payments made to the Department on your discharged Relevant Federal Student Loan(s) related to University of Chicago (The). Your loan servicer will let you know if you are eligible for a payment refund, which would be mailed to you. Please check your online account with your loan servicer to ensure your address is correct so you can receive any refund.

**Other than confirming your address, you do not have to take any further action to receive your discharge.** Your servicer will send you more details about the discharge, including which loans have been forgiven. Your Relevant Federal Student Loan debt will remain in forbearance and collections will be stopped until you receive relief. Your credit report will also be updated to reflect this discharge when it is complete.

If you have questions about this notice, please call our borrower defense hotline at 1-855-279-6207. You may visit https://studentaid.gov/Contact for our hours of operation.

Sincerely,
U.S. Department of Education
Federal Student Aid



Date Filed 12/16/2025 6:09 PM
Superior Court - Essex
Docket Number 2577CV00816

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,              :

      Plaintiff,                      :    Civil No. N 89-522 (WWE)

VS.                                    :

PETER R. RUMBIN,                       :

      Defendant.                      :    September 24, 1990

### STIPULATION FOR DISMISSAL

It is hereby stipulated by and between the federal plaintiff, United States of America, on the one hand, and the defendant, Peter R. Rumbin, on the other hand, by and through their respective attorneys as follows:

1.    That the parties do hereby agree to the dismissal of the above captioned action with prejudice, each party to bear his own costs and attorney's fees.

2.    That the defendant, Peter R. Rumbin agrees to discharge and hold and save harmless the United States of America and the Secretary of the United States Department of Education and their agents, officers and employees from any claims, including costs or expenses for or on account of any and all lawsuits or claims of any character whatsoever, in connection with the subject matter or institution of this action.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Civil No. N 89-522 (WWE) |
| VS. | : | |
| PETER R. RUMBIN, | : | |
| Defendant. | : | September 26, 1990 |

MOTION TO DISMISS

Pursuant to Rule 41 of the Federal Rules of Civil Procedure, the federal plaintiff hereby moves the Court to dismiss this action with prejudice, in accordance with the attached Stipulation.

RESPECTFULLY SUBMITTED,

THE PLAINTIFF

BY: STANLEY A. TWARDY, JR.
UNITED STATES ATTORNEY

CHRISTINE SCIARRINO
SPECIAL ASST. U.S. ATTORNEY
915 LAFAYETTE BLVD.
BRIDGEPORT, CT  06604
(203) 579-5596

*(handwritten left margin, vertical)* September 27, 1990: Motion GRANTED. The clerk is directed to dismiss this action with prejudice and to close this case in accordance with Local Rule 16.

Warren W. Eginton, U.S.D.J.

MICROFILM

SEP 27 1990

FILED
SEP 21  2 04 PM '90
CLERK
U.S. DISTRICT COURT
BRIDGEPORT, CONN.

PLAINTIFF,

UNITED STATES OF AMERICA

STANLEY A. TWARDY, JR.
UNITED STATES ATTORNEY

DATED SEPTEMBER 24, 1990

CHRISTINE SCIARRINO
SPECIAL ASST. U.S. ATTORNEY
915 LAFAYETTE BLVD.
BRIDGEPORT, CT 06604
(203) 579-5596


DEFENDANT,

PETER R. RUMBIN

DATED SEPTEMBER 25, 1990.

BY:
DAVID A. LEFF, ESQ.
JACOBS, GRUDBERG, BELT & DOW
350 ORANGE STREET
NEW HAVEN, CT 06503
HIS ATTORNEY


DEFENDANT,

PETER R. RUMBIN

DATED SEPTEMBER 25, 1990

BY:
PETER R. RUMBIN
87 SECOND STREET
HAMDEN, CT 06514

2

Date Filed 12/16/2025 6:05 PM
Superior Court - Essex
Docket Number: PS77CV00816

2413 RAYBURN HOUSE OFFICE BUILDING
WASHINGTON, DC 20515-0703
(202) 225-3661

59 ELM STREET
SECOND FLOOR
NEW HAVEN, CT 06510
(203) 562-3718

DURHAM, MIDDLEFIELD MIDDLETOWN
(860) 344-1159

WEBSITE HTTP://DELAURO.HOUSE.GOV

CHAIR, COMMITTEE ON APPROPRIATIONS

SUBCOMMITTEE
CHAIR
LABOR, HEALTH AND HUMAN SERVICES,
EDUCATION, AND RELATED AGENCIES

# UNITED STATES
## HOUSE OF REPRESENTATIVES

ROSA L. DeLAURO
3RD DISTRICT, CONNECTICUT

July 6, 2022

Mr. Peter R. Rumbin
87 2nd Street
Hamden, Connecticut 06514-4711

Dear Mr. Rumbin:

Thank you for contacting me regarding your continued difficulties with your student loans.

Unfortunately, there is no Administrative remedy and as a Member of the United States Congress, the legal part of this matter is not within my jurisdiction. I would recommend that you continue working with your attorney.

With respect to your $600 EIP from the IRS, it must be claimed on your 2020 Tax Return or an amended 2020 Tax Return if it was already filed.

I am sorry that I am not able to be of direct assistance with this matter though I hope the information I provided is useful. Please feel free to contact me if I can be of assistance in the future.

Sincerely,

ROSA L. DeLAURO
Member of Congress

RLD/lm

I encourage you to visit my website (www.house.gov/delauro).

Date Filed 12/16/2025 6:06 PM
Superior Court - Essex
Docket Number 2577CV00816

LAW OFFICES OF

# Jacobs, Grudberg, Belt & Dow, P.C.

350 ORANGE STREET
POST OFFICE BOX 606
NEW HAVEN, CONNECTICUT 06503-0606

TELEPHONE (203) 772-3100
FAX (203) 772-1691

OUR FILE NUMBER    B04-1282

HOWARD A. JACOBS
IRA B. GRUDBERG
DAVID L. BELT
WILLIAM F. DOW III
JONATHAN KATZ
DAVID T. GRUDBERG
BERNARD CHRISTIANSON
ROSEMARIE PAINE
JOSEPH J. PACKTOR
ALINOR C. STERLING
ANDREW I. SCHAFFER
TRISHA MORRIS PORTO
EDWARD J. McMANUS
JOSHUA D. LANNING

ISRAEL J. JACOBS (1918-1963)

August 2, 2004

Ms. Diane Spadoni
Federal Student Aid
8 31st Street, NE
Washington, D.C. 20202-5464

RE:  Debt No. G199909004165601
     G199909004165702
     Account No. 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

Dear Ms. Spadoni:

     I am writing on behalf of Peter Rumbin.  Your July 20th letter says it is his position that he "believes" he should not be he held responsible for repaying the student loan.  The fact is he was sued on the loan in the United States District in Connecticut at least a decade ago and our position was upheld in that motion.  The case was dismissed.  It is not a question of what anybody "believes", but what the court held some time ago.  I am following up on his letter of July 30th in which he sets that forth.  Our office represented him in the suit, and I can inform you that what he tells you is true concerning the suit and the court.

                        Very truly yours,

                        JACOBS, GRUDBERG, BELT & DOW, P.C.

                        By_____
                        Ira B. Grudberg

IBG/ad

cc:    Peter Rumbin

Date Filed 12/16/2025 6:05 PM
Superior Court - Essex
Docket Number 2577CV00816

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| | X | |
| UNITED STATES OF AMERICA | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | CIVIL NO. N-89-522 (WWE) |
| PETER R. RUMBIN | : | |
| Defendant. | : | JULY 20, 1990 |
| | X | |

MOTION FOR LEAVE TO FILE AMENDED ANSWER

Defendant Peter R. Rumbin moves the Court for leave to file an amended answer, a copy of which is attached hereto as Exhibit A, on the ground that the defendant's original answer, filed on November 3, 1989, was completed by the defendant before he was represented by counsel. As the defendant has no legal training, he was unaware of the defenses available to him, and his answer fails to fully address the legal issues between the parties.

For the foregoing reasons, justice requires that the defendant be given an opportunity to file an amended answer.

ORAL ARGUMENT NOT REQUESTED

Counsel for plaintiff has been contacted and states that she has no objection to the granting of this motion.

                    THE DEFENDANT,
                    PETER R. RUMBIN

          By _____
                    David A. Leff
                    JACOBS, GRUDBERG, BELT & DOW, P.C.
                    350 Orange Street
                    New Haven, Connecticut  06503
                    (203) 772-3100
                    His Attorneys

Date Filed 12/16/2025 6:05 PM
Superior Court - Essex
Docket Number 2577CV00816

FILED

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

AUG 3   2 31 PM '90

CLERK
U.S. DISTRICT COURT
BRIDGEPORT, CONN.

```
                                     X
UNITED STATES OF AMERICA,            :
            Plaintiff                :
         V.                          :
                                     :
PETER R. RUMBIN,                     :    CIVIL NO. N-89-522  (WWE)
            Defendant.               :
                                     :    JULY 20, 1990
                                     X
```

### AMENDED ANSWER

Now comes the defendant Peter R. Rumbin, for Amended Answer
to the Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim against the defendant
upon which relief can be granted.

### SECOND DEFENSE

The right of action set forth in the Complaint did not
accrue within six years next before the commencement of this
action.

### THIRD DEFENSE

1.  The defendant admits the allegations contained in
Paragraph 1 of the Complaint.

2.  The defendant admits the allegations contained in
Paragraph 2 of the Complaint.

3.  The defendant is without sufficient information to

Date Filed 12/16/2025 6:05 PM
Superior Court - Essex
Docket Number 2577CV00816

either admit or deny the allegations contained in Paragraph 3 of the Complaint and leaves the plaintiff to her proof.

4. The defendant admits that demand has been made upon him for the sum of $2,107.58, by letter of the plaintiff, dated October 5, 1989 (a copy of which is attached hereto as Exhibit A). The defendant is without information to either admit or deny all other allegations contained in Paragraph 4 of the Complaint and leaves the plaintiff to her proof.

<u>FOURTH DEFENSE</u>

1. If any money was loaned to the defendant, such money was loaned to the defendant as part of an underlying agreement to provide financial assistance to the defendant.

2. The University of Chicago required the defendant to apply for loans as a condition precedent to an award of financial assistance.

3. The University of Chicago, through its agents, servants, and employees, represented to the defendant that federal grant monies then available to the University of Chicago would be allocated first to meet the defendant's financial assistance requirements before the University of Chicago would require the defendant to take a student loan as part of his award of financial assistance.

4. Acting in reliance upon the above-recited representation, the defendant was induced to apply for financial assistance from the University of Chicago.

2

Date Filed 12/16/2025 6:05 PM
Superior Court - Essex
Docket Number 2577CV00816

5.   Following its review of the defendant's application for financial assistance, the University of Chicago directed the defendant to take a student loan as part of an award of financial assistance.

6.   The University of Chicago intentionally and deliberately failed to utilize the federal grant monies then available, and despite its failure to exhaust these funds, it required the defendant to take a student loan.

7.   Acting in reliance upon the representation of the University of Chicago that it would exhaust the available federal grant monies first before requiring the defendant to take a student loan, the defendant was caused to incur the onerous and unnecessary burden of a student loan.

WHEREFORE, any obligations arising as a result of any sums loaned by or through the University of Chicago, evidenced by any note or otherwise, are unenforceable against the defendant for the following reasons:

    a.   The defendant was fraudulently induced to incur such obligation by the University of Chicago;

    b.   There was a want or failure of consideration to the underlying agreement to provide financial aid; and

3

c.  There was a failure to perform a condition precedent
    to the underlying agreement to provide financial
    aid.

                          THE DEFENDANT,
                          PETER R. RUMBIN

                     By _____
                          David A. Leff
                          JACOBS, GRUDBERG, BELT & DOW, P.C.
                          350 Orange Street
                          New Haven, Connecticut  06503
                          (203) 772-3100
                          His Attorneys

                              4

Date Filed 12/16/2025 6:05 PM
Superior Court - Essex
Docket Number 2577CV00816

<u>CERTIFICATION</u>

This is to certify that a copy of the foregoing has been

mailed, United States mail, first class postage prepaid, on this

20th day of July, 1990 to:

Carmen Espinoza Van Kirk
Assistant United States Attorney
450 Main Street, Room 328
Hartford, Connecticut  06103

David A. Leff

5

4

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,            :
                Plaintiff,           :
                                     :
        v.                           :  CIVIL NO. N-89-522 ~~WWE~~
                                     :
PETER R. RUMBIN,                     :  ~~DECEMBER 4, 1989~~
                Defendant.           :  JANUARY 19, 1990
          DEFENDANT'S RESPONSE TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST
  REQUEST FOR PRODUCTION OF DOCUMENTS AND FIRST
            REQUESTS FOR ADMISSIONS

        Pursuant to Federal Rules of Civil Procedure 33, 34, and 36,

plaintiff, United States of America, requests that defendant, Peter

R. Rumbin respond to the interrogatories in Part II, and produce

the documents in Part III, and respond to the requests for

admission in Part IV, in accordance with the instructions and

definitions set forth in Part I, within thirty (30) days at the

Office of the United States Attorney, 915 Lafayette Blvd., Room

309, Bridgeport, Connecticut 06604, and permit the plaintiff, its

attorneys and agents, to inspect and copy any documents produced.


        I.  Instructions and Definitions

        The following instructions and definitions apply to each

discovery request contained herein:

        1.  The term "document" includes, but is not limited to,

originals and copies of all correspondence, literature, papers,

memoranda, reports, notes, rough drafts, notebooks, work pads,

messages, telegrams, mailgrams, tape recordings, transcripts,

Date Filed 12/16/2025 6:05 PM
Superior Court - Essex
Docket Number 2577CV00816

records, pamphlets, manuals, books, letters, releases, contracts, agreements, receipts, checks, and other recorded data.

2. This request is intended to cover all documents in the possession, custody or control of Peter R. Rumbin, including:

(a) documents in the physical custody of Peter R. Rumbin, his agents, employees, representatives, investigators, affiliates or its attorneys' agents, employees, representatives or investigators; and

(b) documents which are in the physical custody of any person or entity other than Peter R. Rumbin and which Peter R. Rumbin (I) owns such documents in whole or in part, (II) has a right by contract or otherwise to retrieve, use, inspect, examine or copy such documents, (III) has an understanding, express or implied, that Peter R. Rumbin may retrieve, use, inspect examine or copy such documents on any terms or (IV) has, as a practical matter, been able to use, inspect, examine or copy such documents when Peter R. Rumbin has sought to do so.

3. If any document or category of documents can not be produced in full, Peter R. Rumbin shall produce to the extent possible and shall specify the reason for its inability to produce that portion of the document or category of documents not produced.

4. "Identify" shall mean the following:

(a) when used in reference to a natural person, it means to state the person's:

(1) full name;

(2) present home address, or, it unavailable, last known home address;

(3) present business address, or, if unavailable, last known business address; and

(4) business affiliation and job title, or, if unavailable, last known business affiliation job title;

(b) when used in reference to a document, it means to state the type of document (e.g., letter, memorandum, telegram, chart) or other means of identifying it, its author and originator, its date or dates, all addresses or recipients and its present location or custodian.

5. The applicable time period for responses to these requests, unless otherwise stated in a particular request, is January 1, 1977, to date, and is ongoing.

II. <u>Interrogatories</u>

1. Identify all loans or grants received by Peter R. Rumbin or the University of Chicago for the education of Peter R. Rumbin including:

(A) The source of each loan or grant;

Response: 1) University of Chicago, National Direct Student Loan.

2) Connecticut Savings Bank, Connectcut Student Loan Foundation

7

(B)  The amount of each loan or grant;

Response: 1) $890.00 plus interest.
          2) $5,000.00


(C)  The terms of repayment of each loan or grant;

Response: 1) The payment of principal and interest to be made
commencing 9 months after I ceased 1/2 normal full-time academic workload at an
institution of higher education and ending ten years and 9 months thereafter at
3% per year from the beginning of repayment period; see loan note in plaintiff's
possession.  2) Unknown; low interest with payment deferred until education ended.
(D)  Present balance due and owing by Peter R. Rumbin
     on each loan or grant;

Response: 1) Undertermined.
          2) $5,739.89 as of 3-28-89.


(E)  The source and date of each payment made as
     repayment of the loan or grant;

Response: 1) None.
          2) Paid off by National Account Service on or about
             3-28-89.


2.    Identify the agents, servants, or employees of the

University of Chicago who communicated with Peter R. Rumbin

regarding repayment of the National Direct Student Loan Note

executed on or about March 29, 1977.

Response:
a) Tim Curtis, P.O. Box 92250, Los Angles, CA 90009, Account Rep. Academic Financial
   Services Assoc.
b) Department of Health Education and Welfare , Office of Education, Bureau of
   Student Financial Assistance, P.O. Box 8422 Chicago, Ill. 60680
c) Mrs. Lorna P. Straus, The University of Chicago, 1116 E. 59th St.,Chicago, Ill.
   60637; Dean of Students in the College.
d) E.W. Osborn, Jr.; University of Chicago, 5801 Ellis Ave., Chicago, Ill. 60637;
   Director of Student Loan Center.
e) Fred R. Brook, Jr., The University of Chicago, Office of Colleg Aid,
   Chicago, Ill. 60637, Director.

3.  Describe the substance of these communications and any internal decisions, agreements, or documents, which were the result of communications between Peter R. Rumbin and agents, servants, or employees of the University of Chicago regarding repayment of the National Direct Student Loan Note executed on or about March 29, 1977. Response: a) Statement of principal due of $890 and discussion of rights of deferment due to full-time student status.

~~Response:~~ b) Notice of delinquency amounts $942.73 or 942.67.

c) Application for additional loans; tuition for '78, college aid office.

d) Obligations under NDSL and FISL; sale of loan to student loan marketing assoc.; loan balance stated as $1,650 and $180 past due.

e) College aid granted of $2010 gift and loan of $1,650.

4.  Identify the date, location, and substance of any communication between Peter R. Rumbin and agents, servants or employees of the University of Chicago, regarding repayment of the National Direct Student Loan Note executed on or about March 29, 1977. a) Sept. 7, Aug. 31, July 31, Aug. 22, 1978 and Sept. 30, 1979.

b) Jan. 31 and Mar. 1, 1981.

~~Response:~~ c) Jan. 10, 1978.

d) Oct. 17, 1950.

e) Apr. 11, 1977.

All by mail to Hamden, Conn. address. (See Ans. to interrogatory No. 3 above for substance )

5.  Describe and identify the terms of repayment of the National Directed Student Loan Note, executed on or about March 29, 1977 by Peter R. Rumbin, including:

(A)  The document or oral statement specifying repayment;

Response:  See Answer to interrogatory No. 1(B) (1) above, and loan note dated March 29, 1977 in plaintiff's possession.

(B)  The date of the oral statement.

Response: None.

(C)  All persons who have knowledge of the terms
     of repayment.

Response:  Peter R. Rumbin; Tim Curtis; Lorna P. Straus;
           E.W. Osborn Jr.; Fred R. Brooks Jr.

           (See Ans. to interrogatory No. 2 above for addresses
           and titles)

6.  Describe the manner in which the University of

Chicago failed and neglected to utilize federal BEOG (Now PELL)

funds.  Response: BEOG funds were available for educational expenses of the
        defendant at the time of the loans involved but were not utilized first
        Response:
        resulting in the unnecessary utilization of loan monies and additional
        monies paid by the defendant's parents.  On information and belief,
        the University of Chicago was made to return unused BEOG funds to the
        U.S. Dept. HEW after investigation on or about Oct., 1980.

7.  Describe the fraudulent misrepresentations made to

Peter R. Rubmin by servants, agents or employees of the University

of Chicago, including:

(A)  The substance of the fraudulent misrepresenta-
     tions;

     Response: The defendant had to apply for student loans and grants
     as a condition to receipt of financial aid and that the university would
     utilize all available grant monies first in payment for defendant's educational
     expenses before resorting to use of loan money.
     That the defendant could obtain sufficient financial aid to complete
     his education at that university.

10

(B)  The date of each fraudulent misrepresentation;

Response:  On divers times prior to and on or about March 29 and April 15, 1977.

(C)  The name of the individual knowledgeable of the fraudulent misrepresentation;

Response: Fred R. Brooks, Jr.; William Borchert, Asst. Dir. of College Aid; Lorna P. Straus, Dean of Students; all of University of Chicago, 1116 E. 59th St., Chicago, Ill. 60637; Nancy Eakin, Dir. of Claims, U.S. Dept. of Education, Division of Institutional Review,    401 So. State St., Chicago, Ill. 60605; and *

(D)  The name of the individual who made each fraudulent misrepresentation;

Response: Fred R. Brooks, Jr.; Lorna P. Straus, Enid Rieser, Asst. Dean of Students/Advisor and others, (See Ans. to Interrogatory No. 2 for addresses and titles)

### III.  Request To Produce

Pursuant to Federal Rule of Civil Procedure 34, the United States requests that Peter R. Rumbin produce the following documents:

1.  All documents constituting the contents of any file pertaining to Peter R. Rumbin and the National Direct Student Loan Note executed on or about March 29, 1977. Response: Produced.

2.  All notes, memorandum or other documents of conversations held between Peter R. Rumbin and agents, servants or employees of the University of Chicago, pertaining to the National Direct Student Loan, executed on or about March 29, 1977.

Response: Produced.

* Inter. No. 7(C) Cont.  Virginia Safran, Student Loan Officer, Univ. of Chicago, 1116 E. 59th St., Chicago, Ill. , Last Known Residence New Haven, Conn. as of 1980.

3. All written correspondence or documents received from or sent to Peter R. Rumbin by the University of Chicago or the United States of America, pertaining to the National Direct Student Loan executed by Peter R. Rumbin on or about March 29, 1977.  Response: Produced.

4. All documents pertaining to the decisions set forth in Interrogatory No.1   Response: None.

5. All documents pertaining to the decisions set forth in Interrogatory No.3   Response: None.

6. All documents pertaining to the decisions set forth in Interrogatory No.4   Response: Produced.

7. All documents pertaining to the decisions set forth in Interrogatory No.5   Response: Loan Document in plaintiff's possesion speaks for itself.

8. All documents pertaining to the decisions set forth in Interrogatory No.7.   Response: Produced Notes of Telephone conversation with U.S. Dept. of Ed., Region 5 Director of Claims, Nancy Eakin, dated Oct. 23-24, 198

## IV. Requests For Admission

Pursuant to Federal Rule of Civil Procedure 36, Peter R. Rumbin is instructed to admit the truth of the following within thirty (30) days of service.

1. On or about March 29, 1977, Peter R. Rumbin signed a National Direct Student Loan Note.

Answer: Admitted.

Date Filed 12/16/2025 6:03 PM
Superior Court - Essex
Docket Number 2577CV00816

12

2.   Attached hereto, as Exhibit "A" is a true and correct copy of a National Direct Student Loan Note, executed by Peter R. Rumbin.

Answer:  Admitted.

3.   Pursuant to a National Direct Student Loan, Peter R. Rumbin was loaned $1,650.00, for attendance at the University of Chicago.

Answer:   Upon reasonable inquiry and investigation, there are conflicting figures in communications, such that I do not have sufficient information or knowledge to admit or deny the statement.   It is admitted that I signed a note to that effect, it is not known whether that amount was actually applied or spent on my education.

4.   Peter R. Rumbin has made no payments toward the National Direct Student Loan Note, executed on or about March 29, 1977.

Answer:  Admitted.

5.   The defendant has no information to refute the mathematical calculation of the National Direct Student Loan, as referenced in the Complaint.

Answer: Denied. See conflicting figures in correspondence re: loans produced herewith.

Date Filed 12/16/2025 6:05 PM
Superior Court - Essex
Docket Number 2577CV00816

339 01070

STUDENT LOAN
INTERIM NOTE

$ 2500.00
Amount of Loan                                              Date of Disbursement

FOR VALUE RECEIVED, the undersigned Borrower promises to pay to the order of

CONNECTICUT SAVINGS BANK
(Name of Lender)

at  17 Church Street, New Haven, Connecticut
(Address of Lender)

Connecticut the sum of  TWENTY FIVE HUNDRED DOLLARS AND NO CENTS

Dollars ($ 2500.00                  ) together with interest at the rate of seven (7) percent per annum on the outstanding principal balance, which interest shall be charged and shall accrue from the date hereof, or, if the loan proceeds are disbursed at a later date, from the date of actual disbursement by the lender of the loan proceeds. If there is such a delay in the disbursement of loan proceeds, the obligation of the Borrower is conditioned upon the disbursement of loan proceeds. In the amount stated above. This Note becomes payable and shall mature upon the earlier of the following dates: (1) the first day of the thirteenth calendar month after the month in which the Borrower completes the academic program for which the loan was made, or (2) the first day of the tenth calendar month after the month in which the borrower otherwise ceases to carry at an eligible institution at least one-half the normal academic workload (as determined by the institution).

This loan may be eligible for interest subsidy payments of seven (7) percent per annum by the U. S. Government. If eligible, these subsidized interest payments shall be paid on behalf of the Borrower by the U. S. Government and shall reduce Borrower's interest obligation as provided above. The Lender or holder hereof will not collect or attempt to collect interest from the Borrower eligible for and receiving a federal interest subsidy. The federal interest subsidy shall terminate upon the Maturity Date of this Note or upon the date of default as described in Paragraph 3 below. Default caused by making a false loan application or financial statement may result in retroactive termination of the interest subsidy. Upon the termination of subsidized interest payments, the Borrower shall thereafter be liable for payment of interest on the unpaid principal balance at the annual interest rate of seven (7) percent, which shall accrue from the date the subsidized payments terminate.

The Borrower further understands and agrees:

1. Governing Law; Connecticut Student Loan Foundation. This Note is subject to the provisions of Subchapter IV, Part B, of the Higher Education Act of 1965, as amended, and any regulations issued thereunder, and Connecticut General Statutes Chapter 160, §10-338 et seq., as amended. This Note shall otherwise be governed and construed in accordance with the laws of the State of Connecticut.

2. Installment Note. In lieu of paying this Interim Note in cash (or the equivalent acceptable to the holder) upon the Maturity Date, the Borrower may execute and deliver to the holder an Installment Note, on a form containing such terms and conditions as may then be prescribed by the holder and the Connecticut Student Loan Foundation, for the payment of the principal balance owing plus all accrued and unpaid interest. The Installment Note will require completion of repayment within fifteen (15) years from the date of execution of the Borrower's initial guaranteed student loan except in the event of an extension pursuant to Paragraph 4 below. The Installment Note will require the Borrower to pay a minimum of $360 per year, including interest or the balance of all such loans (whichever is less), except that in the case of a husband and wife, both of whom have guaranteed student loans outstanding, the total of the combined payments for such a couple during any year shall not be less than $360 or the balance of all such loans, whichever is less.

3. Default. The Borrower shall be considered in default if any of the following conditions should exist:
a. If there has been a failure to pay principal and unpaid interest hereunder when due or, in the alternative, to execute and deliver an Installment Note in lieu of such payment on or before the Maturity date. The Borrower will be given 120 days from the Maturity Date to cure the failure to pay this
b. Note or to execute and deliver an Installment Note; or
(b) if bankruptcy proceedings are commenced by or against the Borrower; or
(c) if the Borrower has submitted to this Lender, holder hereof, or Connecticut Student Loan Foundation, or shall hereafter submit, for student loan purposes, a loan application or financial statement that is false, fraudulent, or contains a material misrepresentation.

In the event of default by reason of bankruptcy or the submission of a false statement, the Lender or holder hereof may, at its option, declare the entire balance of principal and unpaid interest immediately due and payable. In the event of default for any reason, interest shall be charged to the Borrower and shall accrue on the unpaid balance (consisting of principal and accrued and unpaid interest as of the date of default) at the annual rate of seven (7) percent from the date of default.

4. Extension. In the event that the Borrower has ceased to carry at an eligible institution in which the Borrower has been accepted for enrollment or was enrolled at least one-half the normal full-time academic workload, or in the event the Borrower has completed the academic program for which the loan was made, the Maturity Date hereunder may be extended during the period that the Borrower is pursuing a full-time course of study at an eligible institution, or is pursuing a course of study pursuant to a graduate fellowship program approved by the U. S. Commissioner of Education and the Connecticut Student Loan Foundation, or during a period not in excess of three (3) years during which the Borrower is a member of the Armed Forces of the United States, serves as a volunteer under the Peace Corps Act, serves as a full-time volunteer under the Domestic Volunteer Service Act of 1973, or during a single period, not in excess of twelve (12) months, at the request of the Borrower, during which the Borrower is seeking and unable to find full-time employment. During any such extension period, the Borrower, if otherwise eligible, may receive federal interest subsidy. In order to obtain an extension pursuant to this paragraph, the Borrower agrees to notify, and to provide satisfactory proof, to the holder hereof of such entitlement or status, and to execute an Extension Note on a form containing such terms and conditions as may then be prescribed by the holder and the Connecticut Student Loan Foundation. Any period of extension pursuant to this paragraph shall not be counted in determining the fifteen (15) year maximum period required by Paragraph 2 hereof.

5. Prepayment. This Note may be prepaid at any time, either in whole or in part, at the option of the Borrower, without penalty and without liability for unearned interest. Such prepayment shall be first applied to interest accrued and unpaid (and not paid by the federal interest subsidy) to the date of prepayment; the balance of the prepayment shall be applied to principal.

6. No Waiver. No extension of time for payment of all or part of the amount owing hereunder shall affect the Borrower's liability hereunder, nor shall acceptance by the holder hereof of any late payment constitute a waiver of any other rights of the holder.

7. Demand. Demand, presentment for payment, and notice of dishonor are expressly waived by the Borrower.

8. Collection Costs. In the event of default, the Borrower shall pay all costs of collection, including court costs and reasonable attorneys' fees incurred in the collection of this Note.

9. Notification of Change of Address. The Borrower agrees to notify the holder hereof of any change of address promptly after the change.

Borrower acknowledges that prior to signing below, he or she has received and read a legible and completely filled-in copy of this Note and the accompanying Truth-in-Lending Disclosure for this Note.

Oct 20, 77
Date of Execution                                    Signature of Borrower

                                                     Peter R. Rushin
                                                     Typed or Printed Name of Borrower

                                                     Elmwood St.
Lender — White                                       Address — Number and Street
Student — Pink
                                                     Hamden, Conn.
CI-103 Rev. 7/77

BEST COPY AVAILABLE
AT TIME OF IMAGING

TO THE ORDER OF THE
CONNECTICUT STUDENT LOAN FOUNDATION
WITHOUT RECOURSE OR WARRANTY
CONNECTICUT SAVINGS BANK
NEW HAVEN, CONNECTICUT

Signature

Typed Name/Title Delores A. DeSocia

Title Consumer Loan Collection Officer

Date September 9, 1987

BEST COPY AVAILABLE
AT TIME OF IMAGING

STUDENT LOAN
INTERIM NOTE

339-01071

$ 2,500.00                                     December 21, 1979
Amount of Loan                                  Date of Disbursement

FOR VALUE RECEIVED, the undersigned Borrower promises to pay to the order of

Connecticut Savings Bank
(Name of Lender)

at      47 Church Street  New Haven, Connecticut
(Address of Lender)

Connecticut the sum of    Two thousand five hundred dollars and no cents

Dollars ($ 2,500.00    ) together with interest at the rate of seven (7) percent per annum on the outstanding principal balance, which interest shall be charged and shall accrue from the date hereof, or, if the loan proceeds are disbursed at a later date, from the date of actual disbursement by the Lender of the loan proceeds. If there is such a delay in the disbursement of loan proceeds, the obligation of the Borrower is conditioned upon the disbursement of loan proceeds in the amount stated above. This Note becomes payable and shall mature upon the earlier of the following dates: (1) the first day of the thirteenth calendar month after the month in which the Borrower completes the academic program for which the loan was made, or (2) the first day of the tenth calendar month after the month in which the borrower otherwise ceases to carry at an eligible institution at least one-half the normal academic workload (as determined by the institution).

This loan may be eligible for interest subsidy payments of seven (7) percent per annum (as known by the U.S. Government. If eligible, these subsidized interest payments shall be paid on behalf of the Borrower by the U.S. Government and shall reduce Borrower's interest obligation as provided above. The Lender or holder hereof will not collect or attempt to collect interest from the Borrower adequate. The act resulting a federal interest subsidy. The federal interest subsidy shall terminate upon the Maturity Date of this Note or upon the date of default as described in Paragraph 3 below. Default caused by making a false loan application or financial statement may result in retroactive termination of the interest subsidy. Upon the termination of subsidized interest payments, the Borrower shall thereafter be liable for payment of interest on this unpaid principal balance at the annual interest rate of seven (7) percent, which shall accrue from the date the subsidized payments terminate.

The Borrower further understands and agrees:

1. Governing Law; Connecticut Student Loan Foundation. This Note is subject to the provisions of Subchapter IV, Part B, of the Higher Education Act of 1965, as amended, and any regulations issued thereunder, and Connecticut General Statutes Chapter 187, §10-358 et seq., as amended. This Note shall otherwise be governed and construed in accordance with the laws of the State of Connecticut.

2. Installment Note. In lieu of paying this Interim Note in cash (or the equivalent acceptable to the holder) upon the Maturity Date, the Borrower may execute and deliver to the holder an Installment Note, on a form containing such terms and conditions as may then be prescribed by the holder and the Connecticut Student Loan Foundation, for the payment of the principal balance owing plus all accrued and unpaid interest. The Installment Note will require completion of repayment within fifteen (15) years from the date of execution of the Borrower's fully guaranteed student loan except in the event of an extension pursuant to Paragraph 4 below. The Installment Note will require the Borrower to pay a minimum of $360 per year, (including interest or the balance of all such loans (whichever is less), except that in the case of a husband and wife, both of whom have guaranteed student loans outstanding, the total of the combined payments for such a couple during any year shall not be less than $360 or the balance of all such loans, whichever is less.

3. Default. The Borrower shall be considered in default if any of the following conditions should exist:
  (a) If there has been a failure to pay principal and unpaid interest hereunder when due or, in the alternative, to execute and deliver an installment Note in lieu of such payment on or before the Maturity date. The Borrower will be given 120 days from the Maturity Date to cure this failure to pay this Note or to execute and deliver an Installment Note; or
  (b) If bankruptcy proceedings are commenced by or against the Borrower; or
  (c) If the Borrower has submitted to the Lender, holder hereof, or Connecticut Student Loan Foundation, or shall hereafter submit, for student loan purposes, a loan application or financial statement that is false, fraudulent, or contains a material misrepresentation.

In the event of default by reason of bankruptcy or the submission of a false statement, the Lender or holder hereof may, at its option, declare the entire balance of principal and unpaid interest immediately due and payable. In the event of default for any reason, interest shall be charged to the Borrower and shall accrue on the unpaid balance (consisting of principal and accrued and unpaid interest as of the date of default) at the annual rate of seven (7) percent from this date of default.

4. Extension. In the event that the Borrower has ceased to carry at an eligible institution in which the Borrower has been accepted for enrollment or was enrolled at least one-half the normal full-time academic workload, or in the event the Borrower has completed the academic program for which the loan was made, the Maturity Date hereunder may be extended during the period that the Borrower is pursuing a full-time course of study at an eligible institution, or is pursuing a course of study pursuant to a graduate fellowship program approved by the U.S. Commissioner of Education and the Connecticut Student Loan Foundation, or during a period not in excess of three (3) years during which the Borrower is a member of the Armed Forces of the United States, serves as a volunteer under the Peace Corps Act, serves as a full-time volunteer under the Domestic Volunteer Service Act of 1973, or during a single period, not in excess of twelve (12) months, at the request of the Borrower, during which the Borrower is seeking and unable to find full-time employment. During any such extension period, the Borrower, if otherwise eligible, may receive federal interest subsidy. In order to obtain an extension pursuant to this paragraph, the Borrower agrees to notify, and to provide satisfactory proof, to the holder hereof of such affiliation or status, and to execute an Extension Note on a form containing such terms and conditions as may then be prescribed by the holder and the Connecticut Student Loan Foundation. Any period of extension pursuant to this paragraph shall not be counted in determining the fifteen (15) year maximum period required by Paragraph 2 hereof.

5. Prepayment. This Note may be prepaid at any time, either in whole or in part, at the option of the Borrower, without penalty and without liability for unaccrued interest. Such prepayment shall be first applied to interest accrued and unpaid (and not paid by the federal interest subsidy) to the date of prepayment; the balance of the prepayment shall be applied to principal.

6. No Waiver. No extension of time for payment of all or part of the amount owing hereunder shall affect the Borrower's liability hereunder, nor shall acceptance by the holder hereof of any late payment constitute a waiver of any other rights of the holder.

7. Demand. Demand, presentment for payment, and notice of dishonor are expressly waived by the Borrower.

8. Collection Costs. In the event of default, the Borrower shall pay all costs of collection, including court costs and reasonable attorneys' fees incurred in the collection of this Note.

9. Notification of Change of Address. The Borrower hereby agrees to notify the holder hereof of any change of address promptly after the change.

Borrower acknowledges that prior to signing below, he or she has received and read a legible and completely filled-in copy of this Note and the accompanying Truth-in-Lending Disclosure for this Note.

21 Dec 78                            [signature]
Date of Execution                    Signature of Borrower

Lender — White
Student — Pink                       Peter R. Rumkin
                                     Typed or Printed Name of Borrower

CT 103 Rev. 7/77                     87 Second Street
                                     Address — Number and Street

                                     Hamden, Connecticut  06514
                                     City, State and Zip Code

BEST COPY AVAILABLE
AT TIME OF IMAGING

CONNECTICUT STATE ... ... ...ION
WITHOUT RECOURSE U
CONNECTICUT S ...
... ... ...

Signature _____

Typed Name/Officer __Dolores A. DeLucia__

Title __Consumer Loan Collection Officer__

Date __September 9, 1987__

BEST COPY AVAILABLE
AT TIME OF IMAGING

F

PETER RUMBIN,

     Plaintiff                          Docket No. 3:11 CV904 (CSH)

V.

ARNE DUNCAN, ET AL                      July 24, 2012

## AFFIDAVIT OF PETER RUMBN

     I, Peter Rumbin, am over eighteen years of age and believe in the obligations or an oath and make these statements on the bases of my own observations and experience;

    1. In 1977 and 1978 I applied for Federal PELL Grant money to attend the University of Chicago.

    2. I also dealt with the University of Chicago Financial Aid office who advised me apply for federal guaranteed college loans, which I did.

    3. The next summer I went to take courses a Harvard University and the financial aid advisor there check my loan status and advised me that I did indeed have PELL grant money available while at the Univ. of Chicago, but that it had not been used.

    4. Over ten years later in 1989 I was sued by the USA for unpaid an unpaid college loan with an initial principle of $1,650.

    5. During the course of that litigation, I sought to have the University of Chicago account for how the grant money and loan money was applied and if in fact they had credited my account with any Pell grant monies.

    6. At that time I also learned the U.S. Department of Education had investigated the University of Chicago and found irregularities with the way the handled the grant and loan money for students.

    7. Also during the prior 1989 Conn. District Court Proceedings I answered disclosure requests and revealed information on what I thought was three loans for $1,650, $890 and $5,000 respectively, and later learned that the later was really two loans of $2,500 principle.

    8. In the 1989 case proceeding there were pre-trial conferences and at one point before the Hon. Judge Eginton a full candid conference with the U.S. Attorney,  Attorney Leff and myself where each of the four loans and all of the defenses of limitations periods, fraudulent

inducement, lack of consideration, the irregularities with the student loan and grant on the part of the University of Chicago and the U.S. Department of Education investigation of them, and their being made to return grant money, and specifically all four of the loans disclosed.

9. It was after all of the facts and issues, arguments and defenses and issue were laid out and discussed as all four of the loans, the stipulation for judgment of dismissal with prejudice was entered by agreement of both parties on September 24, 1990.

10. When I was applying for the financial aid and loans I was told by the University of Chicago financial aid advisers that they would first allocate all available grant moneys toward my tuition costs and then utilize loan money, which they did not do and refuse to account as to what and how the allocation was.

11. I was induced to borrow moneys in reliance upon that representation, which the University did not keep and breached.

12 . The defendant USA waited some 21 years until March 2011 with the interest piling up to institute the enforcement by Treasury offset.

Peter Rumbin, Affiant

Subscribed and sworn to before me on
7/24/2012  at Hamden CT

Robert C, Ruggiero, Jr.
 Comm. of the Superior Ct of Conn.

2

Date Filed 12/16/2025 6:05 PM
Superior Court - Essex
Docket Number 2577CV00816

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

PETER RUMBIN,

    Plaintiff

V.

ARNE DUNCAN, ET AL

    Defendants

Docket No. 3:11 CV904 (CSH)

JULY 23, 2012

<u>PLAINTIFF'S MEMORANDUM IN OPPOSITION TO USA MEMORANDUM TO DISMISS</u>

The plaintiff in the above entitle action hereby submits the following argument and authority in opposition the defendant United States of America's (USA) Memorandum to Dismiss, dated August 4, 2011, Doc. 12.

On page 4 of the USA's memorandum it understates the plaintiff's position on his first claim as simply that the U.S. is enforcing a claim that was dismissed. More accurately the plaintiff's claim is the U.S. present enforcement and collection is improper as barred by the doctrines of *Res Judicata*, claim and issue preclusion, and collateral estopple. That is, that the precise same issues, claims, defenses, transactions, arguments, among the same parties pertained to all four loans.

The classic formulation of the res judicata and claim preclusion doctrine is as follows:

[T]he judgment, if rendered on the merits, constitutes an absolute bar to a subsequent action. Its is finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. <u>Cromwell v. County of Sac.</u> 94 U.S. 351-2, 24 L. Ed. 195 (1876).

More recently, the bar aspect has been articulated as: If the plaintiff loses the litigation, the resultant judgment acts a bar to any further by the plaintiff on the "same claim"<u>Kaspar Wire</u>

Works v. Leco Eng'g & Mach. Inc. 575 F.2nd 530, 535(5th Cir. 1978); Restatement 2nd of Judgments, § 19(1982). Claim preclusion prevents a party from suing on the same claim which was previously litigated to final judgment by that party and precludes the assertion by such party of any legal theory, cause of action, or defense that could have been asserted in that action. While issue preclusion prevents relitigation of issues actually litigated and necessary for the outcome of the prior suit, even it if the current action involves different claims. Parklane Hoisery Co. v. Shore, 439 U.S. 332, 326 n. 5, 99 S. Ct. 645; Lawlor v. Nat. Screen Serv. Corp. 349 U.S. 332, 326, 75 S. Ct. 865(1955); Restatement 2nd of Judgments, §17 cmt. a-c.

A claim in regard to the doctrines includes not only those matters actually addressed by the prior judgment but also those matters which could have been raised in the action. "Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." Brown v. Felsen, 442 U.S. 127, 131, 99 S. Ct. 2205(1979). Thus, matters that arise from the same facts, occurrences or transaction that were the basis of a prior action may be within the scope of claim preclusion.

In this case, the defendant during the prior 1989 action specifically sought disclosure of all of the defendant there and plaintiff's herein existing college loans. See Document 1 attached to plaintiff's complaint. In plaintiff's responses of January 19, 1990 to the Interrogatories 1-3 the amounts and existence of all 4 loans was provided $890, $1650 and the two $2,500 subject loans in total form of $5,000, numbers G601 and F801 as referred to in defendant's memorandum at p. 3.(Complt. pp. 16-18). Thus, all four loans where involved in that prior litigation. Furthermore the chronology is undisputed. The plaintiff took out these loans while attending the University of Chicago during 1977 and 1978. Both loans were declared in default on September 1, 1987, two full years prior to the United State's commencing the prior action on October 17,

2

1989. (Defd's Memorandum p. 3, Doc.12). Thus, the existence and fact of default on the two $2,500 loans were made known to the defendant during the course of the prior litigation.   On page 5 of defendant's memorandum it criticizes the plaintiff's mere conclusions that the debts being enforced are the same debt.  However, as the above cited authority makes clear and as plaintiff's res judicata argument is that subject latter two loans are the same claim and same issue that was litigated in the prior action and that they are barred by the doctrine because the loans and default on them were extant and known and raised and discussed during the prior litigation and part of the deliberation and settlement reached.

Most significant, there was a full judicial pre-trial with counsel in chambers with Judge Eginton including candid discussion of all of the facts and issues, arguments and defenses were laid out and discussed as to all four of the loans, that generated the stipulation for judgment of dismissal with prejudice and entered by agreement of both parties on September 24, 1990. Afdvt. of Rumbin, para. 8 & 9, Attached.  The defendant USA waited some 21 years since that stipulation to commence the enforcement through Treasury offset with interest that increased the debt more than three fold. Afdvt Rumbin, para. 10.

The doctrine of res judicata serves a vital public interest of fundamental substantive justice and private peace and finality that there be an end to litigation. Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 401(1981); Hart Steele Co. v. RR Supply Co., 244 U.S. 294, 299 (1917) Reed v. Allen, 286 U.S 191, 198-9(1932).

Given the circumstances in this case where the two latter loans were know, disclosed and already in default and discussed in the pre-trial proceedings leading up to the stipulated dismissal with prejudice, it cannot be fairly said that those two loans are entirely unrelated to the loans involved in the prior 1989 action. Rather they were involved as they presented the same claim and issues and were subject, then, to the same defenses and arguments, and they could have

3

been raised in that action, just as the $890 loan was. Thus, further assertion of the loan debt as to those two loan debts is barred by the claim and issue preclusion doctrines.

The defendant in their memorandum (p. 5) argue that the plaintiff's claim that the present enforcement is improper because it is barred by the statute of limitation must fail because of the enactment of 20 USC § 1091(a)(a)(1). However, that section was enacted in 1991 as Pub. L No. 102-26. Thus, at the time of the stipulated dismissal, when the defendants were engaged in litigation with the plaintiff over student loan debt and could have raised the latter two debts, those two debts were as a matter of law time barred by the 6 year period under the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA), Pub.L. No. 99-272 (1986). It does not comport with the spirit and policy of the doctrine of res judicata, to allow the defendants a second bite of the apple by not asserting their claims as to the latter two loans when they had the opportunity in then present pending litigation and then asserting it now when the law changed. To allow such a result appears to offend Constitutional principals of fundamental fairness.

As to the defendants claims that their was a failure of proper service upon the U.S. Attorney's Office, Attorney General and the agencies being sue, it asserted that the plaintiff has filed on or about May 18 and 19, 2012 returns of service which show that both the U.S. Attorney's and Attorney General and the U.S. Departments of Education and Treasury were in fact served.

For all of the above reasons, the defendant USA motion to dismiss should be denied.

Respectfully Submitted,

*Peter Rumbin*

Peter Rumbin, Pro Se
87 Second St.
Hamden, CT 06514

Certification: A copy of the foregoing was mailed postage paid to all counsel of record on July 24, 2012, the same being:
 Christine Sciarrio, Esq., U.S. Attorney's Office, 157 Church St.,23rd FL, New Haven, CT 06510
Patrick M.Noonan, Esq., Donahue,Durham & Noonan, Concept Parkn Ste, 306, 741 Boston Post Rd., Guildford, CT 06437

*Peter Rumbin*

Peter Rumbin

4

Home > Announcements & Events > Sweet v. Cardona Settlement

# *Sweet v. Cardona* Settlement

Under the settlement in *Sweet v. Cardona*, class members are not required to make payments on their student loans while they have a pending borrower defense application or while their loans are in the process of being discharged.

*Sweet class members who have pending borrower defense applications or have applications that have been approved but have loans that have not been fully discharged are not obligated to repay their loans.*

If you have been notified by the U.S. Department of Education (ED) that you are a member of the *Sweet* class and you receive a payment notice from your servicer, you are not obligated to make payments while your application or loan discharge is pending. The Department is working with servicers to ensure class members with pending applications do not receive payment notices in error.

On June 22, 2022, ED and the plaintiffs reached a settlement in the case titled *Sweet v. Cardona* (formerly *Sweet v DeVos*). The court granted final approval to the settlement as fair, adequate, and reasonable on Nov. 16, 2022. The agreement affects the processing of borrower defense applications filed on or before Nov. 15, 2022. Borrowers whose applications for borrower defense discharges were pending as of June 22, 2022, are "Class Members," while those whose applications were submitted in the period from June 23 to Nov. 15, 2022, are "Post-Class Applicants."

The settlement became effective on Jan. 28, 2023, and ED is starting to implement it, as described below. The settlement is final, though the court granted a temporary stay (delay) of discharges related to three schools until the court of appeals rules on their motion to stay.

## What is this case about?

A lawsuit was filed in a federal district court in California by seven borrower defense applicants who represent, with certain exceptions, all borrowers with pending borrower defense applications filed on or before June 22, 2022. The lawsuit challenges the way ED has dealt with borrower defense applications in the past, including ED's delays in issuing final decisions and ED's denial of certain applications starting in December 2019. The case is now called *Sweet v. Cardona*, No. 3:19-cv-3674 (N.D. Cal.).

On Nov. 16, 2022, after a hearing, the court granted final approval of the settlement reached by ED and the plaintiffs. On Jan. 13, 2023, three schools appealed the district court's approval of the settlement and asked the district court to stay (delay) the settlement while an appeals court considers the appeal. On Feb. 15, 2023, the court held a hearing on the three schools' motion to stay the settlement, and on Feb. 24, the district court denied the schools' request to stay the settlement overall but granted a temporary stay of discharges and discharge requests related to the three schools that filed the motion (Lincoln Educational Institute; American National University; and Everglades College, Inc.) to allow these schools to present a stay motion to the court of appeals. The schools then filed a motion for a stay with the court of appeals on Feb. 27 and, consequently, the temporary stay for the three schools will remain in effect until the court of appeals rules on the motion before it.

## What are the terms of the settlement for borrowers who applied for borrower defense relief on or before June 22, 2022?

In the settlement, ED agrees to resolve the borrower defense applications that wer~ following terms:

- If the borrower defense application related to federal student loans taken ou list of schools attached to the settlement agreement as Exhibit C, the borrowe Settlement Relief means that the federal student loan(s) associated with the b discharged, ED will refund any amounts paid to ED on those loans, and the c deleted from the borrower's credit report.

- Within 90 days of the court's final approval of the settlement agreement, ED will receive Full Settlement Relief as stated above and that relief will be prov date of the settlement agreement. Until this relief is provided, ED won't take

- If the borrower's loans aren't associated with a school on the list, the borrowe application according to the following schedule:

Hi there! I'm Aidan®, the financial aid virtual assistant. How can I help you today?

> Help with the FAFSA® form

> Login (FSA ID) issues

> I want my loan and grant info

> I have a different question

*Sweet v. Cardona* Loan Discharge Application Decision Schedule.

| Application Submitted | ED Decision |
|---|---|
| Between Jan. 1, 2015, and Dec. 31, 2017 | No later than July 28, 2023 |
| Between Jan. 1, 2018, and Dec. 31, 2018 | No later than Jan. 28, 2024 |
| Between Jan. 1, 2019, and Dec. 31, 2019 | No later than July 28, 2024 |
| Between Jan. 1, 2020, and Dec. 31, 2020 | No later than Jan. 28, 2025 |
| Between Jan. 1, 2021, and June 22, 2022 | No later than July 28, 2025 |

- If ED doesn't make a decision on an application within the timelines outlined above, the borrower will receive Full Settlement Relief. If a borrower submitted multiple applications, ED will use the earliest submitted application date.

**ED's Review Process**

ED will use a streamlined review process to make decisions on these applications. ED will review these applications using the 2016 Borrower Defense Regulation but will not require evidence outside of the written application, require proof of reliance, or apply any statute of limitations. Rather, ED will determine whether the application states a claim that, if presumed to be true, would assert a valid basis for borrower defense under the applicable regulation. Borrowers whose applications are approved under the procedures above will receive Full Settlement Relief.

**If Your Application Isn't Approved Under the Streamlined Review Process**

ED won't deny an application without first providing instructions on what is required for a successful application and giving the borrower the opportunity to resubmit the application. If the borrower chooses to resubmit the application, it must be submitted within six months after receiving those instructions. The instructions will explain that if the application is not resubmitted within the six-month period, the application will be considered denied.

If the borrower chooses to resubmit their application within the six-month time period after receiving the instructions, ED will issue a final decision no later than six months after receiving the resubmitted application.

For any borrower who received a notice from ED in December 2019 or later informing them that their borrower defense application was denied, that denial has been voided and ED will review the application pursuant to the terms described above.

## What are the terms of the settlement for borrowers who applied for borrower defense relief after June 22, 2022, but before final approval of the settlement?

For post-class applicants (borrowers who submitted a borrower defense application in the period from June 23, 2022, to Nov. 15, 2022), ED will review these applications using the 2016 Borrower Defense Regulation and will issue a decision on the application no later than Jan. 28, 2026.

If ED doesn't issue a decision within this time period, the borrowers will receive Full Settlement Relief.

## What if the loan is in default?

If the loan for which a Class Member or Post-Class Applicant has submitted a borrower defense application in default, ED will not take action to collect the debt—such as by garnishing wages or taking por [...] is pending or while the borrower is waiting to receive any relief owed under the s [...]

Hi there! I'm Aidan®, the financial aid virtual assistant. How can I help you today?

## What happens next?

ED has already reopened the previously denied cases that require streamlined re [...] You'll receive a decision based on the schedule noted above.

Additionally, in accordance with the court's order issued on Feb. 24, 2023 (describ [...] loans associated with Lincoln Technical Institute; American National University; a [...] appeals rules on the stay motion.

## *Sweet v. Cardona* Settlement Quarterly Reports

The settlement requires that we submit quarterly reports documenting our progress toward fulfilling our obligations un [...] the settlement, and that we post them publicly.

- May 30, 2023, Quarterly Report*

- August 28, 2023, Quarterly Report*

- November 27, 2023, Quarterly Report*

- February 26, 2024, Quarterly Report*

- May 28, 2024, Quarterly Report*

- August 26, 2024, Quarterly Report*

*ED strives to make all content accessible to everyone. While this document does not currently meet the standards of Section 508 of the Rehabilitation Act of 1973, as amended, we are working to create accessible versions. For immediate assistance on receiving a 508-compliant document, please send us a written request, including title of document, date of request, and your email address, to:

Federal Student Aid Information Center
P.O. Box 84
Washington, D.C. 20044

## Can I get more information?

Check back here periodically for updated information about the settlement.

- Review the settlement.*

- Review the complaint.*

- Review the amended complaint.*

- Review the preliminary approval order.*

- Review the order granting final approval.*

- Review the order denying the motion to stay.*

Learn more about this lawsuit and the proposed settlement and find contact information for the lawyers who brought the lawsuit ↗.

*ED strives to make all content accessible to everyone. While this document does not currently meet the standards of Section 508 of the Rehabilitation Act of 1973, as amended, we are working to create accessible versions. For immediate assistance on receiving a 508-compliant document, please send us a written request, including title of document, date of request, and your email address, to:

Federal Student Aid Information Center
P.O. Box 84
Washington, D.C. 20044

## I am not a class member. Should I apply for borrower defense?

The *Sweet* settlement only impacts individuals who applied for borrower defense discharge on or before Nov. 15, 2022. If you didn't apply on or before Nov. 15, 2022, learn more about borrower defense and w

Hi there! I'm Aidan®, the financial aid virtual assistant. How can I help you today?

Was this page helpful?*