Date Filed 12/19/2025 10:04 AM
Superior Court - Essex
Docket Number 2577CV00816

18.1

# COMMONWEALTH OF MASSACHUSETTS

# SUPERIOR COURT – ESSEX COUNTY

|  |  |
|---|---|
| Peter R. Rumbin,<br><br>       Plaintiff,<br><br>          vs.<br>• **Office of the General Counsel, US Dept of Education;**<br>• **Sheri Cann, CEO and President of F. H. Cann & Associates;**<br>• **Scott Bassent, Department of the US Treasury;**<br>• **Ellen R. Patterson, Senior Ex. VP, General Counsel, Wells Fargo & Co.;**<br>• **Elizabeth Shanin, VP & General Counsel, University Of Chicago.**<br><br>       Defendants | **Civil Case No. 2577CV00816** |

## DEFENDANT SHERI CANN, PRESIDENT OF F.H. CANN & ASSOCIATES, INC.'S

## MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO DISMISS

Pursuant to Superior Court Rule 9A, Defendant, Sheri Cann, President of F.H. Cann & Associates, Inc. ("FHC"), by and through its undersigned counsel, hereby submits this memorandum in support of her motion to dismiss Plaintiff's Complaint in its entirety pursuant to Mass. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted.

## I.    BACKGROUND

    a) FHC is a corporation duly organized under the laws of the Commonwealth of

- 1 -

A TRUE COPY, ATTEST:
DEPUTY ASST. CLERK

1       Massachusetts, with its principal place of business at 1600 Osgood Street, Suite 3058,

2       North Andover, MA 01845.

3    b)  Sheri A. Cann, is FHC's President and CEO.

4    c)  FHC provides, among other services, debt collection services.

5    d)  In September 2014, FHC was awarded a contract by the U.S. Department of Education

6       ("DOE") to provide debt collection services. <u>This contract was terminated in November</u>

7       <u>2021.</u>

8    e)  Plaintiff was the debtor on an account placed by DOE with FHC for collection.

9    f)  Legal proceedings and the substance of Plaintiff's allegations predate FHC's contract

10      with DOE and in some respects FHC's incorporation.

11

12   **II.   PLAINTIFF'S REQUESTED RELIEF AND DEFENDANT'S ARGUMENT**

13       Plaintiff's Complaint should be dismissed in its entirety with prejudice pursuant to Mass.

14   R. Civ. P. 12(b)(6), which allows dismissal where the complaint fails to state a claim upon which

15   relief can be granted. The standard is whether the plaintiff is entitled to relief under any set of

16   facts that could be proved in support of the claim. See *Iannacchino v. Ford Motor Co.*, 451

17   Mass. 623, 636 (2008) ("A complaint must contain factual allegations plausibly suggesting (not

18   merely consistent with) an entitlement to relief.").

19       Plaintiff seeks:

20   1.  <u>Cease and desist of alleged unlawful seizure of property and monies.</u>

21       Plaintiff does not allege any present seizure of any property or funds by FHC. Because

22   FHC has not performed DOE collections since November 2021, it lacks any present ability to

23   seize Plaintiff's property or funds. A "cease and desist" against FHC is therefore unnecessary

24   and legally unsupported.

2.   Return of all monies allegedly seized, with interest.

Plaintiff does not (and cannot) allege FHC holds any funds belonging to the Plaintiff. FHC never collected any funds from the Plaintiff, nor holds any funds collected on behalf of DOE. Any monies collected during the contract term were promptly remitted to DOE.

3.   Court order preventing further taking of funds or property.

An injunction against future takings by FHC is inappropriate and moot. FHC has not engaged in any collection activity on behalf of DOE since termination of the contract in November 2021 and thus has no ability or authority to take any funds from Plaintiff.

4.   Reimbursement of legal fees.

Plaintiff does not allege any wrongful conduct by FHC that would justify reimbursement of legal fees.

5.   Counterclaims under predatory lending and consumer protection laws.

FHC is not a lender and acted solely as a collection agency under its DOE contract. Any lending allegations or "predatory practices" theories are misdirected and cannot support claims against FHC.

**III.    THE COMPLAINT FAILS TO COMPLY WITH RULES 8(E) AND 9(B)**

This Court should dismiss the Complaint because it does not satisfy the pleading standards set forth in Rules 8(e) and 9(b) of the Massachusetts Rules of Civil Procedure.

Rule 8(e) requires that "[e]ach averment of a pleading shall be simple, concise, and direct." Mass. R. Civ. P. 8(e). This rule ensures that pleadings provide fair notice of the claims asserted and the grounds upon which they rest. See *Doe v. Nutter, McClennen & Fish*, 41 Mass. App. Ct. 137, 140 (1996) (holding that pleadings must give "fair notice of the claims and the grounds upon which they rest").

1    Rule 9(b) imposes a heightened standard for allegations of fraud, mistake, duress, or

2   undue influence, mandating that "the circumstances constituting fraud, mistake, duress or undue

3   influence shall be stated with particularity." Mass. R. Civ. P. 9(b). The purpose of this

4   requirement is to prevent baseless claims and protect defendants from reputational harm. See

5   *Equipment & Systems for Industry, Inc. v. Northmeadows Construction Co.*, 59 Mass. App. Ct.

6   931, 932 (2003) (affirming dismissal where fraud allegations lacked specific details); *Unisys*

7   *Finance Corp. v. Allan R. Hackel Org., Inc.*, 42 Mass. App. Ct. 275, 278 (1997) (requiring "the

8   who, what, when, where, and how" of the alleged fraud).

9    The Complaint fails to meet these requirements in several respects:

10    <u>No Identifiable Cause of Action:</u> The pleading does not articulate any recognized legal

11   claim against the University, nor does it connect its factual assertions to a coherent legal theory.

12   See *Doe*, 41 Mass. App. Ct. at 140 (requiring clarity in claims).

13    <u>Failure to Differentiate Defendants:</u> The Complaint does not distinguish among the named

14   defendants or specify which defendant allegedly breached which obligation and in what manner,

15   contrary to the notice requirement of Rule 8(e).

16    <u>Conclusory Allegations of Fraud:</u> References to "predatory lending," "embezzlement,"

17   and "fraud" are wholly conclusory and lack the requisite particularity. The Complaint omits the

18   essential details—who engaged in the alleged conduct, what actions were taken, when and where

19   they occurred, and how they constitute fraud—necessary to satisfy Rule 9(b). See

20   *Northmeadows*, 59 Mass. App. Ct. at 932; *Unisys*, 42 Mass. App. Ct. at 278.

21    Because the Complaint disregards these fundamental pleading standards, dismissal is

22   warranted under Mass. R. Civ. P. 12(b)(6). See *Iannacchino*, 451 Mass. 623, 636 (2008)

23   (requiring factual allegations sufficient to state a plausible claim).

Date Filed 12/19/2025 10:04 AM
Superior Court - Essex
Docket Number 2577CV00816

### IV.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court **dismiss Plaintiff's Complaint in its entirety with prejudice** pursuant to Mass. R. Civ. P. 12(b)(6).

Respectfully submitted,

December 12, 2025

Sheri Cann, President of F.H. Cann & Associates, Inc

By her attorney,

*/s/ Antonio Calvagno*
Antonio Calvagno (BBO 708180)
c/o F.H. Cann & Associates, Inc
1600 Osgood St., Suite 3058
North Andover, MA 01845
Phone:    978.973.8593
Email:    acalvagno@fhcann.com

### CERTIFICATE OF SERVICE

I, Antonio Calvagno, hereby certify that on December 12, 2025, a true copy of the above document was served via first class mail upon:

- PETER R. RUMBIN, 87 Second St., Hamden, CT 06514

- KATIA BALTIMORE, 188 Crocker Court, Orange, CT 06472

The above document was additionally served by email on all counsel of record.

*/s/ Antonio Calvagno*
Antonio Calvagno

Date Filed 12/19/2025 10:04 AM
Superior Court - Essex
Docket Number 2577CV00816

18.2

Peter R. Rumbin, plaintiff, pro se

c/o Ms. Katia Baltimore, Secretary

188 Crocker Court, Orange, CT 06472

## COMMONWEALTH OF MASSACHUSETTS

## SUPERIOR COURT-ESSEX COUNTY

**PETER R. RUMBIN,**              Case No. **2577CV00816**

Plaintiff,

VS

**OFFICE OF THE GENERAL COUNSEL, US DEPT OF EDUCATION**

**MS. SHERI CANN, CEO. PRESIDENT, F.H. CANN & ASSOCIATES (NORTH ANDOVER, MASS),**

**SCOTT BASSENT, DEPT OF THE TREASURY**

**ELLEN R. PATTERSON, SENIOR EX. VP., GENERAL COUNSEL, WELLS FARGO & CO.**

**ELIZABETH SHANIN, VP & GENERAL COUNSEL, UNIVERSITY OF CHICAGO, DEFENDANTS**

**PLAINTIFF'S OBJECTION TO THE DEFENDANTS MOTION TO DISMISS, (CLAIM IS CLEARLY STATED IN THE COMPLAINT)**

   **NOW COMES** the plaintiff Peter R. Rumbin by and through pro se (until counsel appears or is assigned by the court); (Ira Grudberg is recently deceased), the claim of relief is monetary since the defendants cannot restore the years of hardship and losses caused by their predatory lending.

**BACKGROUND**

1. F.H. Cann & Associates was involved in debt collection during the time

-1-

A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

Date Filed 12/19/2025 10:54 AM
Superior Court - Essex
Docket Number 2577CV00816

September 2014- through November 2021. In 2011 "financial offsets"

commenced were executed against the plaintiff between September 2014 - November 2021 when F.H. Cann was involved with student loan collections.

2.F.H. Cann was awarded a contract by the U.S. Dept. of Ed. to provide debt collection services. (a F.H. Cann debt statement has been provided as documentation) The F.H. Cann & Associates enriched themselves with these student loans. Financial offsets were levied against the plaintiff from 2011-2025. In 2025 for four months a one hundred percent offset was executed against the plaintiff and cancellation of medical health insurance.

3.In 1989-1990, Plaintiff won this student loan case in US District Court when Peter R. Rumbin, plaintiff was sued for the University of Chicago student loans before the late Honorable Judge Warren W. Eginton (Bridgeport, CT); the suit was dismissed with prejudice against the US Dept of ED and Treasury in 1990. Ira B. Grudberg, ESQ represented plaintiff.

4.In 2011, Due process was revoked by Congress and offsets against the plaintiff commenced. Plaintiff was left with $750/ month. In 2024, "claw back" occurred during for four months and one hundred percent of all funds were seized, and medical health insurance was cancelled, and plaintiff was expected to find health insurance and pay for it.

5.Plaintiff's legal counsel commenced litigation in 2011 in US District Court (Conn.), US Second Circuit Court of Appeals, two writs of certiorari to SCOTUS one with President Joe Biden (Ira B. Grudberg, ESQ legal counsel), class action suit: Sweet vs. McMahon (No. 3:19-CV-3674 N. D. Cal) with Harvard Law School et al predatory lending suit (Ira Grudberg, ESQ legal counsel). The Univ of Chicago was found guilty of predatory lending for the class action suit and the borrower defense ruling. These findings should preclude any one of the defendants from escaping justice.

-2-

6.Borrowed Defense and Predatory lending application to the U.S. Dept of Ed. was won that discharged the student loan debts (decision previously provided to this court,2025). The defendants have lost this student loan case three times. Ira Grudberg is council of record.

## PLAINTIFF'S REQUEST FOR RELIEF AND PLAINTIFF'S COUNTERARGUMENTS

Plaintiff Seeks:

7.Cease and desist of unlawful seizure of property and monies by defendants.

FHC did provide financial debt services between September 2014-November 2021.

8.Return of all monies allegedly seized with interest.

FHC collected funds and profited from its collection activities

9.Court order preventing further taking of funds or property.

Such a court order would prevent FHC from any further collection activities against the plaintiff.

10.Reimbursement of Legal Fees

FHC was collecting upon a predatory lending debt that was dismissed in 1990.

11.Counterclaim under predatory lending and consumer protection laws.

FHC was involved in the collection of predatory lending debts. FHC must pay money for its harm and endeavors.

## CONCLUSION

For the foregoing reasons, FHC and defendants must pay damages and legal costs.  Court must deny their claim in its entirety. The late Ira B. Grudberg represented the plaintiff in obtaining a transcript from the Univ of Chicago

commencing in 1979 which required considerable effort and a few years to

obtain a transfer credit transcript. At that time the Univ. of Chicago was
seeking additional funds from the plaintiff. Attorney Grudberg advised that
this would be throwing "good money after bad".

Plaintiff had to resume his education once a transcript was available which
postponed his education. In 1989 and 1990 the U.S. Dept of Ed. and Treasury
served the plaintiff in Chicago IL for the student loan debt. The U.S, Dept of
Ed. and Treasury lost the lawsuit for the student loans by stipulated
agreement of the parties dismissed with prejudice against them. The U. of
Chicago was caught committing embezzlement and fraud of the Pell/Beog
grant funds and in the same year received student loan funds. The grant funds
were not applied to the plaintiff's education bill.

This irregularity was discovered by the Harvard Financial Aid office when it
requested a financial aid transcript from the Univ. of Chicago. Upon
investigation by the U.S. Dept of Education in Chicago, ILL., the U. of Chicago
returned the grant funds it had committed fraud to steal. However, the Univ of
Chicago did not refund the loan monies that they had obtained and that were
unnecessary if the grant funds had been credited to the plaintiff's education.
This is now described as predatory lending. The Univ of Chicago "was treating
students of need as students of means."

Ira Grudberg represented the plaintiff from 1979 – 2025. At no time during
these years did the defendants contact him during the ongoing litigation in
federal, U.S. Second Circuit Court of Appeals, two writs of certiorari to
SCOTUS (one with President Joe Biden), class action suit with Harvard
Predatory Lending et al with Attorney Alan Dershowitz (Harvard Law School)
(Sweet vs. McMahon, No. 3:19-cv-3674, N.D.CAL.) and borrowed defense
applications.

The defendants have received multiple copies of the writ of certiorari for the

SCOTUS appeals as well as for this legal matter.

The plaintiff seeks substantial monetary compensation. The defendants have lost this student loan case three times in court. The defendants denied the loss and revoked due process in 2011 which resulted in the ongoing litigation to the present. The plaintiff nor the court should permit the defendants to undertake yet another fourteen years of litigation. The attorney for the Wells Fargo Bank, Judah Rome denies the discharging of the student loans and predatory lending that the defendants engaged in. These defendants earned billions of dollars with predatory lending and embezzlement-fraud activities.

This plaintiff was one the few who discovered these "financial aid irregularities" because of Harvard College financial aid. The defendants must compensate the plaintiff for the years of harm to his credit (a score of zero), lost of educational opportunity, disruption of education and career, ongoing legal costs etc. The defendants deny reality that they have been discovered committing predatory lending and its ramifications. The court must compel them to compensate the plaintiff generously and bar them from seizing funds ever again and demands just restitution, damages, punitive damages and reimbursement of legal costs etc.

Attorney Ira Grudberg's writ of certiorari was used to frame the original complaint. This writ of certiorari was printed by the Boston Supreme Court press is available with its appendix and contains a comprehensive discussion of the student loan case now before the court. Unfortunately, Ira Grudberg, ESQ died recently. Plaintiff requires the court to appoint legal counsel, pro bono to assist the plaintiff in this matter because the defendants are refusing to settle the case and compensate the plaintiff.

Respectfully submitted,

Peter R.Rumbin, Plaintiff, pro se

c/o Ms. Katia Baltimore, Secretary,188 Crocker Court, Orange, CT 06472

Dated this November 24, 2025

Certification

A copy of the above was sent by US Mail to the defendants on November 24, 2025, listed herein:

University of Chicago and Elizabet Shanin

Daniel J. Cloherty (BBO #565772)

Cloherty & Steinberg LLP

One Financial Center, Suite 1120

Boston, MA  02111  , 617-481-0160

Judah H. Rome

Troutman Pepper Locke LLP

One Financial Plaza, Suite 2800

Westminster St.

Providence, RI  02903  , 401-276-6433

Antonio Calvagno, Esq.

c/o F.H. Cann & Associates, Inc.

1600 Osgood St., Suite 3058

North Andover, MA 01845,  978-973-8593

U.S. Dept. of Education -  Predatory Lending Student Loan Borrower Defense

400 Maryland Ave, SW, Washington, D.C. 20202

18.3

Peter R. Rumbin, plaintiff, pro se
c/o Ms. Katia Baltimore, Secretary
188 Crocker Court, Orange, CT 06472

## COMMONWEALTH OF MASSACHUSETTS
## SUPERIOR COURT-ESSEX COUNTY

**PETER R. RUMBIN,**          Case No. **2577CV00816**
Plaintiff,
VS
**OFFICE OF THE GENERAL COUNSEL, US DEPT OF EDUCATION**
**MS. SHERI CANN, CEO. PRESIDENT, F.H. CANN & ASSOCIATES (NORTH ANDOVER, MASS),**
**SCOTT BASSENT, DEPT OF THE TREASURY**
**ELLEN R. PATTERSON, SENIOR EX. VP., GENERAL COUNSEL, WELLS FARGO & CO.**
**ELIZABETH SHANIN, VP & GENERAL COUNSEL, UNIVERSITY OF CHICAGO,**
**DEFENDANTS**

### PLAINTIFF'S OBJECTION TO THE MOTION TO DISMISS FROM THE U. OF CHICAGO AND AND ELIZABETH SHANIN and F.H. CANN & ASSOCIATES

The Plaintiff is prop se and Ira Grudberg, Esq is deceased. From 1979-2025 the

defendants never contacted plaintiff's legal counsel by phone or mail. However now that

he is dead, they are all trying to avoid paying damages for the harm that they all caused to

the plaintiff for 48 years. The defendants are simply generating pleadings because the

plaintiff is not a lawyer.

The fact of the matter is that the General Counsel of the US Dept of Education has

found the defendants guilty of predatory lending, fraud and embezzlement. The U. of

Chicago upon investigation by the U S Dept of Ed in Chicago, refunded the PELL/BEOG

funds that the U of Chicago had in its possession but had no applied it to pay the plaintiff's

education bill and then borrowed money in this same year. This only happened for that one

year and the plaintiff withdrew from the U. of Chicago. Harvard financial aid discovered

these "financial aid irregularities" when it requested a financial aid transcript. The

defendants were enriching themselves at the expense of the students caused by treating

as students of means. Plaintiff never borrowed again for his education and attended

Harvard, and elsewhere on a full scholarship.

The General Counsel has access to all of the financial records and information

about these defendants' malfeasance. Why the defendants continue to file motions to

dismiss when they have been found guilty of predatory lending is perplexing. The

defendants have been found guilty of predatory lending in the 1989-1990 case dismissed

with prejudice against them by stipulated agreement of the parties. The defendants lost the

class action suit Sweet vs Cardona in US District Court North District of California after an

intense battle with Harvard Law School et al.  No purpose is served to repeat this exercise.

The court simply must hold a hearing for damages and order the defendants to pay

damages and legal costs.

The relief sought from the defendants is money—the only thing that the defendants

can provide to the plaintiff for the 48 years of troubles that they caused and the legal costs

associated with their predatory lending. The plaintiff's credit worthiness is zero because

their negative and derogatory comments.

Statute of limitation question cannot be used by the defendants as a defense to avoid

paying for damages.

In 2011 the US Congress removed due process and commenced offsets until 2025.

In 2024 for four months the US Treasury and Education executed their "Claw Back" when

they offset 100 percent of the income of the plaintiff and medical insurance. The US Depts

of Ed and Treasury have acknowledged their mistake and discharged the debts (see letter

discharging the debt). But the defendants are refusing to accept the fact that they have lost their case before the General Counsel of the US Dept of ED in Washington, DC.

The statute of limitation seems to be a moot point as a defense for the defendants. They simply cannot avoid their conviction by the General Counsel. The

Ira Grudberg, ESQ stated: When we win, will make money". The plaintiff has won and now it is time for the plaintiff to be paid for damages and legal costs by the defendants. They cannot recover the 48 years of hardship, disruption and damages that they caused by their corporate greed. All of the defendants unjustly enriched themselves to the detriment of the plaintiff. None of these defendants once previously appeared in any court proceeding with legal counsel, Ira Grudberg, Esq.

The Rumbin vs Duncan was ignored by the class action suit and borrower defense application- predatory lending litigation because Judge Haight, Jr. conduct was found to be prejudiced, and ignored the Second Circuit Court of Appeals directives. He refused to hold any hearing or listen to any pleadings from the plaintiff. The Sweet vs Cardona class action case supersedes Judge Haight as does the General Counsel of the US Dept of Education. Judge Haight and US Attorney Christine Sciarrino both worked together because of the ruling issued by Judge Warren Eginton in 1990 that US Attorney Christine Sciarrino had signed. She then lied to the court in the 2011 case when she said all the loans were not included—which was a lie to the court. She had never appealed or attempted to modify the 1990 ruling—a court order signed by Judge Eginton. Judge Haight refused to remand the case to Judge Eginton, too.

Ira Grudberg filed two writ of certiorari to SCOTUS one with President Joe Biden which led to the class action law suit, Sweet VS Cardona and its consequent ruling for the borrower defense program that the plaintiff applied to and won in 2025. The defendants cannot go back to Judge Haight for legal defense.

Attorney Antonio Calvagno (F.H.Cann) also cannot accept the class action ruling and the General Counsel rulings. Unless the defendants can only be convinced of this reality by a court order issued by the judge in this case. Ira Grudberg said that these defendants would be trouble and he was correct but as pro se I am not able to draft a point-by-point counter argument to them. But Ira Grudberg has written a writ of certiorari to SCOTUS and an appendix that the presiding judge should peruse and its clear exegesis can provide a bulwark against the defendants' motions to dismiss as pointless.

When the defendants have lost their case three times, it is more honorable and respectable to acknowledge culpability and make a generous monetary settlement to the plaintiff. Any other questions that the court has in this matter the plaintiff will do his best to respond to, but legal representation is required immediately. Plaintiff has contacted all the law schools and legal aid organizations for representation.

The student loan case was discharged in 2025 but the defendants have not paid damages and legal costs for the past 48 years and that is the point of the complaint. If you do not like it in Massachusetts perhaps it could be transferred to the Connecticut Superior Court. But the case against these defendants is not settled until legal costs and damages are paid in full to the plaintiff. They objections make it obvious that they all know that the plaintiff is owed generous compensation.

Ira Grudberg would insist upon it after defending the plaintiff against them and their

seizure of the plaintiff's money and property.  Last night at the "ask a lawyer" session in

New Haven, the lawyer told the plaintiff that he must follow through to prevent the

defendants from seizing his property (house etc.) and recover money from them all for their

greedy predatory lending behavior.

Former Illinois Attorney Lisa Madigan closed colleges and fined them for their predatory

lending and irregular financial aid practices. Noam Chomsky say that legal details should

not abrogate the legitimacy of a plaintiff's claim for justice and rightful compensation.

Respectfully submitted,

Peter R. Rumbin, Plaintiff, pro se
c/o Ms. Katia Baltimore, Secretary,188 Crocker Court, Orange, CT 06472
Dated this December 12, 2025
Certification
A copy of the above was sent by US Mail to the defendants on November 24, 2025, listed
herein:
University of Chicago and Elizabet Shanin
Daniel J. Cloherty (BBO #565772)
Cloherty & Steinberg LLP
One Financial Center, Suite 1120
Boston, MA 02111 , 617-481-0160
Judah H. Rome
Troutman Pepper Locke LLP
One Financial Plaza, Suite 2800
Westminster St.
Providence, RI 02903 , 401-276-6433
Antonio Calvagno, Esq.
c/o F.H. Cann & Associates, Inc.
1600 Osgood St., Suite 3058
North Andover, MA 01845,  978-973-8593
U.S. Dept. of Education -  Predatory Lending Student Loan Borrower Defense
400 Maryland Ave, SW, Washington, D.C. 20202

# COMMONWEALTH OF MASSACHUSETTS

## SUPERIOR COURT – ESSEX COUNTY

Peter R. Rumbin,

      Plaintiff,

      vs.

- **Office of the General Counsel, US Dept of Education;**
- **Sheri Cann, CEO and President of F. H. Cann & Associates;**
- **Scott Bassent, Department of the US Treasury;**
- **Ellen R. Patterson, Senior Ex. VP, General Counsel, Wells Fargo & Co.;**
- **Elizabeth Shanin, VP & General Counsel, University Of Chicago.**

      Defendants

**Civil Case No. 2577CV00816**

---

**DEFENDANT SHERI CANN, PRESIDENT OF F.H. CANN & ASSOCIATES, INC.'S REPLY IN SUPPORT OF HER MOTION TO DISMISS THE COMPLAINT PURSUANT TO RULE 12(b)(6)**
**For Failure to State a Claim Upon Which Relief Can Be Granted**

Pursuant to Superior Court Rule 9A, Defendant, Sheri Cann, President of F.H. Cann & Associates, Inc. ("FHC"), by and through its undersigned counsel, hereby submits this reply in support of her motion to dismiss Plaintiff's Complaint in its entirety pursuant to Mass. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted. As better explained below Plaintiff's Opposition fails to rebut any of the arguments detailed in Defendant's Motion to Dismiss and supporting Memorandum of Law.

1. **Cease and desist of alleged unlawful seizure of property and monies.**

Date Filed 12/19/2025 10:43AM
Superior Court - Essex
Docket Number 2577CV00816

In his opposition Plaintiff states "FHC did provide financial debt services between September 2014-November 2021". While this circumstance is undisputed, it does not support the claim to "cease and desist of alleged unlawful seizure of property and monies". As acknowledged by Plaintiff, FHC has not performed DOE collections since November 2021, therefore it lacks any present ability to seize Plaintiff's property or funds. The claim is moot and no relief can be granted by the Court.

2. **Return of all monies allegedly seized, with interest.**

In his opposition Plaintiff states "FHC collected funds and profited from its collection activities." Once again, Plaintiff does not (and cannot) claim FHC holds any funds belonging to him.

3. **Court order preventing further taking of funds or property.**

In his opposition Plaintiff states "Such a court order would prevent FHC from any further collection activities against the plaintiff." As noted in our Memorandum in support of the motion to dismiss, an injunction against future takings by FHC is inappropriate and moot. FHC has not engaged in any collection activity on behalf of DOE since termination of the contract in November 2021 and thus has no ability or authority to take any funds from Plaintiff.

4. **Reimbursement of legal fees.**

In his opposition Plaintiff states "FHC was collecting upon a predatory lending debt that was dismissed in 1990." FHC worked on accounts assigned by its client, the DOE, between September 2014 and November 2021. Plaintiff is misdirecting his claim and does not allege any wrongful conduct by FHC that would justify reimbursement of legal fees.

5. **Counterclaims under predatory lending and consumer protection laws.**

As noted in our Memorandum is support of the motion to dismiss, FHC is not a lender and acted solely as a collection agency under its DOE contract. Any lending allegations or "predatory practices" theories are misdirected and cannot support claims against FHC.

**CONCLUSION**

For the foregoing reasons, and for those better detailed in FHC's Memorandum of Law, Defendant respectfully requests that this Court **dismiss Plaintiff's Complaint in its entirety with prejudice** pursuant to Mass. R. Civ. P. 12(b)(6).

Respectfully submitted,

December 18, 2025

Sheri Cann, President of F.H. Cann & Associates, Inc

By her attorney,

*/s/ Antonio Calvagno*
Antonio Calvagno (BBO 708180)
c/o F.H. Cann & Associates, Inc
1600 Osgood St., Suite 3058
North Andover, MA 01845
Phone:       978.973.8593
Email:       acalvagno@fhcann.com

- 3 -

Date Filed 12/19/2025 10:04 AM
Superior Court - Essex
Docket Number 2577CV00816

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I, Antonio Calvagno, hereby certify that on December 18, 2025, a true copy of the above document was served via first class mail upon:

- PETER R. RUMBIN, 87 Second St., Hamden, CT 06514

- KATIA BALTIMORE, 188 Crocker Court, Orange, CT 06472

The above document was additionally served by email on all counsel of record.

_/s/ Antonio Calvagno_
Antonio Calvagno

Date Filed 12/19/2025 10:04 AM
Superior Court - Essex
Docket Number 2577CV00816

18.5

# COMMONWEALTH OF MASSACHUSETTS

## SUPERIOR COURT – ESSEX COUNTY

PETER R. RUMBIN,

        Plaintiff,

vs.

- **OFFICE OF THE GENERAL COUNSEL, US DEPT OF EDUCATION,**
- **MS. SHERI CANN, CEO, PRESIDENT, F. H. CANN & ASSOCIATES (NORTH ANDOVER, MASS),**
- **SCOTT BASSENT, DEPARTMENT OF THE US TREASURY,**
- **ELLEN R. PATTERSON, SENIOR EX. VP, GENERAL COUNSEL, WELLS FARGO & CO.,**
- **ELIZABETH SHAN IN, VP & GENERAL COUNSEL, UNIVERSITY OF CHICAGO,**

        Defendants

CIVIL ACTION NO. 2577CV00816

## NOTICE OF FILING

    Pursuant to Superior Court Rule 9A, Defendant Sheri Cann, President of F.H. Cann & Associates, Inc. (FHC) hereby gives notice to all counsel of record that the following documents are being filed with the Court in the above-captioned case in connection with the FHC's Motion to Dismiss:

1. FHC's Notice of Motion to Dismiss

2. FHC's Motion to Dismiss

3. FHC's Memorandum in Support of its Motion to Dismiss

CIVIL ACTION NO. 2577CV00816 - 1

A TRUE COPY ATTEST

DEPUTY ASS'T. CLERK

4.  Certificate of Compliance with Rule 9C (appended to Motion to Dismiss)

5.  Plaintiff's Objection to FHC's Motion to Dismiss

6.  FHC's reply to Plaintiff's Objection to Motion to Dismiss

7.  Certificates of Service (appended to each relevant document)

        Respectfully submitted,

                               Sheri Cann, President of F.H. Cann & Associates, Inc

                               By her attorney,

                               */s/ Antonio Calvagno*

                               Antonio Calvagno (BBO 708180)
                               c/o F.H. Cann & Associates, Inc
                               1600 Osgood St., Suite 3058
                               North Andover, MA 01845
                               Phone: 978.973.8593
                               Email: acalvagno@fhcann.com

December 18, 2025

## CERTIFICATE OF SERVICE

    I, Antonio Calvagno, hereby certify that on December 18, 2025, a true copy of the above document was served via first class mail upon:

-   PETER R. RUMBIN, 87 Second St., Hamden, CT 06514

-   KATIA BALTIMORE, 188 Crocker Court, Orange, CT 06472

    The above document was additionally served by email on all counsel of record.

                               */s/ Antonio Calvagno*
                               Antonio Calvagno

CIVIL ACTION NO.  2577CV00816 - 2



Superior Court                    State of Massachusetts

Peter R. Rumbin, Plaintiff        Doc. No.: 2571MCV 008 16 D

VS                                Dec 22, 2025

Office of the General Counsel, US Dept of Education, Ms. Sheri Cann, CEO, President, F. H. Cann & Associates (North Andover, Mass), Scott Bassent, Department of The US Treasury, Ellen R. Patterson, Senior Ex. VP, General Counsel, Wells Fargo & Co., Elizabeth Shanin, VP & General Counsel, University of Chicago, Defendants

---

MOTION FOR 30 DAY STAY

Plaintiff respectfully requests a stay of 30 days while legal counsel reviews case in order to appear. Plaintiff discussed this case with the legal counsel, and he directed the plaintiff to request time to review this case because of the holidays.

Respectfully submitted to the court:

Peter R. Rumbin, plaintiff (pro se)       Ms. Katia Baltimore, Sec't.   (203) 494-5229

87 Second Street, Hamden, Conn. 06514      188 Crocker Court, Orange, CT 06472

Certification

It is hereby asserted that a copy of the above was sent to the defendants of record found on the cover sheet to the complaint and herein follows below this day July 25, 2025 by plaintiff, Peter R. Rumbin, (for Ira B. Grudberg, Esq) 87 Second Street, Hamden, CT 06514:

US Dept of ED, Office of General Counsel, 400 Maryland Ave. SW, Washington, DC 20202

Sheri Cann, CEO, President, F. H. Cann & Associates, 1600 Osgood St., Suite 3058, North Andover, Mass. TEL 877-750-9804;

Department of the Treasury, Scott Bassent, secretary, 1500 Pennsylvania Ave. NW., Washington, DC 20220, TEL. (202)-622-2000

Ellen R. Patterson, Senior EX VP, General Counsel, Wells Fargo & Co., Corporate Offices, 420 Montgomery St., San Francisco, CAL 94104

Elizabeth Shanin, Interim VP and General Counsel, U. of Chicago, (Professor Lorna Strauss, former dean of students), Edward H. Levi Hall, Suite 619, 5801 S. Ellis Ave., Chicago, Illinois 60637; Tel 773-702-8873

A TRUE COPY ATTEST

DEPUTY ASSI. CLERK



Peter R. Rumbin, plaintiff, pro se
c/o Ms. Katia Baltimore, Secretary
188 Crocker Court, Orange, CT 06472

**COMMONWEALTH OF MASSACHUSETTS**
**SUPERIOR COURT ESSEX COUNTY**
Case No. 2577CV00816

**PETER R. RUMBIN,**
Plaintiff,
VS
**OFFICE OF THE GENERAL COUNSEL, US DEPT OF EDUCATION**
**MS. SHERI CANN, CEO, PRESIDENT, F.H. CANN & ASSOCIATES (NORTH ANDOVER, MASS),**
**SCOTT BASSENT, DEPT OF THE TREASURY**
**ELLEN R. PATTERSON, SENIOR EX. VP., GENERAL COUNSEL, WELLS FARGO & CO.**
**ELIZABETH SHANIN, VP & GENERAL COUNSEL, UNIVERSITY OF CHICAGO**
**DEFENDANTS**

PLAINTIFF, PETER R. RUMBIN, HEREBY REQUESTS THE MOTION FOR LEAVE OF THE COURT TO FILE ADDITIONAL DOCUMENTS (ADDENDUM) TO DEFENDANTS' MOTION TO DISMISS FROM THE U. OF CHICAGO AND ELIZABETH SHANIN AND F.H. CANN & ASSOCIATES FILED WITH THE COURT ON (12/19/2025)

Plaintiff respectfully requests permission to file an addendum to the plaintiff's objection to the defendants' motion to dismiss: the U. of Chicago and Elizabeth Dhanin and F.H. Cann & Associates filed 12/19/2025. This addendum contains some additional information in support of the plaintiff's objection to the defendants' motion to dismiss. (Relative to a 9A motion packages previously filed with the court).

Respectfully submitted by:

Peter R. Rumbin, Plaintiff, pro se
c/o Ms. Katia Baltimore, Secretary, 188 Crocker Court, Orange, CT 06472
Dated this December 29, 2025
Certification
A copy of the above was sent by US Mail to the defendants on December 29, 2025, listed herein:
University of Chicago and Elizabet Shanin
Daniel J. Cloherty (BBO #565772)
Cloherty & Steinberg LLP
One Financial Center, Suite 1120
Boston, MA 02111 , 617-481-0160

ESSEX SUPERIOR COURT
FILED
2026 JAN A 11: 48

A TRUE COPY, ATTEST

DEPUTY ASS'T. CLERK

Judah H. Rome
Troutman Pepper Locke LLP
One Financial Plaza, Suite 2800
Westminster St.
Providence, RI 02903  , 401-276-6433
Antonio Galvagno, Esq.
c/o F.H. Cann & Associates, Inc.
1600 Osgood St., Suite 3058
North Andover, MA 01845, 978-973-8593
U.S. Dept. of Education - Predatory Lending Student Loan Borrower Defense
400 Maryland Ave, SW, Washington, D.C. 20202

Peter R. Rumbin, plaintiff, pro se
c/o Ms. Katia Baltimore, Secretary
188 Crocker Court, Orange, CT 06472

## COMMONWEALTH OF MASSACHUSETTS
## SUPERIOR COURT-ESSEX COUNTY

PETER R. RUMBIN          Case No: 2577CV00816
Plaintiff,
VS
OFFICE OF THE GENERAL COUNSEL, US DEPT OF EDUCATION,
MS. SHERI CANN, CEO, PRESIDENT, F.H. CANN & ASSOCIATES (NORTH ANDOVER,
MASS)
SCOTT BASSENT, DEPT OF THE TREASURY
ELLEN R. PATTERSON, SENIOR EX. VP., GENERAL COUNSEL, WELLS FARGO & CO.
ELIZABETH SHANIN, VP & GENERAL COUNSEL, UNIVERSITY OF CHICAGO
DEFENDANTS

**PLAINTIFF'S OBJECTION TO THE MOTION TO DISMISS FROM THE U. OF CHICAGO AND
AND ELIZABETH SHANIN and F.H. CANN & ASSOCIATES**

ADDENDUM

RE:Second Circuit Court of Appeals and Judge Haight,Jr.

1) Attorneys Gunilla Faringer and Charles Darlington
were disciplined by the court and New York Bar for violations
of local rule 32--failure to file an appearance,sign their
brief,failure to apologize to the court when discovered,failure
to appear in court to defend their brief and mistakes in the
brief(all loans were included in the stipulated agreement
dismissed with prejudice against US Dept of ED,Treasury &Justice.)
                                      Haight
2) Judge/refused to comply with the Appeal Court directive
to hold a hearing and to permit plaintiff legal representation.
Judge Haight was only interested in continuing the offsets
that were applied every month, not in justice. He refused to
acknowledge any of the arguements setforth by the plaintiff
through legal counsel.Judge Haight refused to appoint
legal counsel. He did return his retainer but not the first two
     A third lawyer was supposed to write a brief and appear but
he did nothing.

3) The malfeasance and turpitude of these three lawyers and Judge Haight are the reason for the writ of certiorari to SCOTUS. The revocation of due process and Judge Haight's refusal to accept Judge Warren Eginton's court order dismissing the original suit against Peter R. Rumbin for the U. of Chicago's Predatory lending and fraud has caused years of litigation and and financial harship etc. for the plaintiff. These defendants are totally responsible for their penuriousness and greed.

He(God) frustrates the devices of the crafty
So that their hands achieve no success. JOB 5:13

Respectfully submitted,

Peter R. Rumbin, Plaintiff, pro se
c/o Ms. Katia Baltimore, Secretary,188 Crocker Court, Orange, CT 06472
Dated this December 27, 2025
Certification
A copy of the above was sent by US Mail to the defendants on December 27, 2025, listed herein:
University of Chicago and Elizabet Shanin
Daniel J. Cloherty (BBO #565772)
Cloherty & Steinberg LLP
One Financial Center, Suite 1120
Boston, MA 02111 , 617-481-0160
Judah H. Rome
Troutman Pepper Locke LLP
One Financial Plaza, Suite 2800
Westminster St.
Providence, RI 02903 , 401-276-6433
Antonio Calvagno, Esq.
c/o F.H. Cann & Associates, Inc.
1600 Osgood St., Suite 3058
North Andover, MA 01845, 978-973-8593
U.S. Dept. of Education - Predatory Lending Student Loan Borrower Defense
400 Maryland Ave, SW, Washington, D.C. 20202

FILED
ESSEX SUPERIOR COURT
2026 JAN -5 A 11:18

Jan 17,2026                    doc # 2577cv00816 Rumbin vs Scott Bassent et.
                                                                            AC
Clerk of the Court
Essex Superior Court
Thomas H.Driscoll Jr. ESQ
43 Appleton Way
Lawrence,MASS 01840

Dear Clerk of the Court, Thomas Driscoll:
        What is RULE 9A?
        Ira Grudberg,ESQ died who was representing me in this
student loan case since 1980 to the present. Despite contacting
many lawyers no one wants to appear in this case thus far.
Under these circumstances I need some help to address whatever
it is that is wrong.
        As I explained to F.H.Cann-Sheri Cann's lawyer the only
"relief" that these defendants can provide now is money as
described in the complaint and in the writ of certiorari written
by Ira Grudberg to SCOTUS twice, once with President Joe Biden,
and class action suit, Sweet vs Cardona and borrower defense
predatory lending which the defendants were found guilty of.
Case was won by Ira Grudberg in 1990 by stipulated agreement of
the parties dismissed with prejudice against them.
        I have  a hearing on March 10 at 2 PM. Please contact me
so that I can address the court's concerns as soon as possible.
You can contact me or my secretary. Her email is located on the
writ of certiorari and telephone listed herein. I appreciate
your assistance.

        Very truly yours,
        Peter R.Rumbin,plaintiff pro se
87 Second ST,Hamden,CT 06514

Ms. Katia Baltimore, secretary
188 Crocker Court, Orange,CT 06472
TEL 203--494--5229
CC.

2026 JAN 23  A 11: 02        FILED
                             ESSEX SUPERIOR COURT

A TRUE COPY, ATTEST
        DEPUTY ASST. CLERK

| **CLERK'S NOTICE** | DOCKET NUMBER<br><br>**2577CV00816** | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|

| CASE NAME:<br>**Rumbin, Peter R. vs. Scott Bassent In his/her capacity as Department of The US Treasury et al** | Thomas H. Driscoll, Jr., Clerk of Courts<br>Essex County |
|---|---|

| TO:<br>Peter R Rumbin<br>87 Second Street<br>Hamden, CT 06514 | COURT NAME & ADDRESS<br>Essex County Superior Court - Lawrence<br>43 Appleton Way<br>Lawrence, MA 01841 |
|---|---|

You are hereby notified that on 01/08/2026 the following entry was made on the above referenced docket:

**Endorsement on Motion to (#20.0): File Additional Documents to Defendants' Motion to Dismiss DENIED After review motion DENIED substantly despite plaintiff's failure to comply with Rule 9A. A motion to dismiss is typically assessed on the four corners drawn therefrom. See Navarro v. Burgess, 99 Mass. App. Ct. 466, 467, n. 4 (2021) explaining that under certain circumstances not applicable here, the court may consider materials outside the four corners of the complaint. The court will not convert this motion into a motion for summary judgment by including and/or considering matters outside the pleadings.**

*This refers to tenants ? Help me please.*

| DATE ISSUED<br><br>**01/09/2026** | ASSOCIATE JUSTICE/ ASSISTANT CLERK<br><br>**Hon. Salim Tabit** | SESSION PHONE#<br><br>**(978)242-1900** |
|---|---|---|

Date/Time Printed: 01-09-2026 10:56:40

SCR016I.02/2023