1

2

3

4

**COMMONWEALTH OF MASSACHUSETTS**

**SUPERIOR COURT – ESSEX COUNTY**

5

6

7

8

9

10

11

12

13

| | |
|---|---|
| **Peter R. Rumbin,**<br><br>       Plaintiff,<br><br>                          vs.<br>• **Office of the General Counsel, US Dept of Education;**<br>• **Sheri Cann, CEO and President of F. H. Cann & Associates;**<br>• **Scott Bassent, Department of the US Treasury;**<br>• **Ellen R. Patterson, Senior Ex. VP, General Counsel, Wells Fargo & Co.;**<br>• **Elizabeth Shanin, VP & General Counsel, University Of Chicago.**<br><br>       Defendants | **Civil Case No. 2577CV00816** |

14

15

**DEFENDANT SHERI CANN, PRESIDENT OF F.H. CANN & ASSOCIATES, INC.'S**

16

**MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO DISMISS**

17

18

       Pursuant to Superior Court Rule 9A, Defendant, Sheri Cann, President of F.H. Cann &

19

Associates, Inc. ("FHC"), by and through its undersigned counsel, hereby submits this

20

memorandum in support of her motion to dismiss Plaintiff's Complaint in its entirety pursuant to

21

Mass. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted.

22

23

       **I.       BACKGROUND**

       a)  FHC is a corporation duly organized under the laws of the Commonwealth of

1    Massachusetts, with its principal place of business at 1600 Osgood Street, Suite 3058,

2        North Andover, MA 01845.

3    b)  Sheri A. Cann, is FHC's President and CEO.

4    c)  FHC provides, among other services, debt collection services.

5    d)  In September 2014, FHC was awarded a contract by the U.S. Department of Education

6        ("DOE") to provide debt collection services. This contract was terminated in November

7        2021.

8    e)  Plaintiff was the debtor on an account placed by DOE with FHC for collection.

9    f)  Legal proceedings and the substance of Plaintiff's allegations predate FHC's contract

10       with DOE and in some respects FHC's incorporation.

11

12   **II.     PLAINTIFF'S REQUESTED RELIEF AND DEFENDANT'S ARGUMENT**

13   Plaintiff's Complaint should be dismissed in its entirety with prejudice pursuant to Mass.

14   R. Civ. P. 12(b)(6), which allows dismissal where the complaint fails to state a claim upon which

15   relief can be granted. The standard is whether the plaintiff is entitled to relief under any set of

16   facts that could be proved in support of the claim. See *Iannacchino v. Ford Motor Co.*, 451

17   Mass. 623, 636 (2008) ("A complaint must contain factual allegations plausibly suggesting (not

18   merely consistent with) an entitlement to relief.").

19   Plaintiff seeks:

20   1.  Cease and desist of alleged unlawful seizure of property and monies.

21   Plaintiff does not allege any present seizure of any property or funds by FHC. Because

22   FHC has not performed DOE collections since November 2021, it lacks any present ability to

23   seize Plaintiff's property or funds. A "cease and desist" against FHC is therefore unnecessary

24   and legally unsupported.

1      2.  <u>Return of all monies allegedly seized, with interest.</u>

2        Plaintiff does not (and cannot) allege FHC holds any funds belonging to the Plaintiff. FHC

3  never collected any funds from the Plaintiff, nor holds any funds collected on behalf of DOE.

4  Any monies collected during the contract term were promptly remitted to DOE.

5      3.  <u>Court order preventing further taking of funds or property.</u>

6        An injunction against future takings by FHC is inappropriate and moot. FHC has not

7  engaged in any collection activity on behalf of DOE since termination of the contract in

8  November 2021 and thus has no ability or authority to take any funds from Plaintiff.

9      4.  <u>Reimbursement of legal fees.</u>

10        Plaintiff does not allege any wrongful conduct by FHC that would justify reimbursement

11  of legal fees.

12      5.  <u>Counterclaims under predatory lending and consumer protection laws.</u>

13        FHC is not a lender and acted solely as a collection agency under its DOE contract. Any

14  lending allegations or "predatory practices" theories are misdirected and cannot support claims

15  against FHC.

16

17  **III.    THE COMPLAINT FAILS TO COMPLY WITH RULES 8(E) AND 9(B)**

18        This Court should dismiss the Complaint because it does not satisfy the pleading standards

19  set forth in Rules 8(e) and 9(b) of the Massachusetts Rules of Civil Procedure.

20        Rule 8(e) requires that "[e]ach averment of a pleading shall be simple, concise, and

21  direct." Mass. R. Civ. P. 8(e). This rule ensures that pleadings provide fair notice of the claims

22  asserted and the grounds upon which they rest. See *Doe v. Nutter, McClennen & Fish*, 41 Mass.

23  App. Ct. 137, 140 (1996) (holding that pleadings must give "fair notice of the claims and the

24  grounds upon which they rest").

1   Rule 9(b) imposes a heightened standard for allegations of fraud, mistake, duress, or

2   undue influence, mandating that "the circumstances constituting fraud, mistake, duress or undue

3   influence shall be stated with particularity." Mass. R. Civ. P. 9(b). The purpose of this

4   requirement is to prevent baseless claims and protect defendants from reputational harm. See

5   *Equipment & Systems for Industry, Inc. v. Northmeadows Construction Co.*, 59 Mass. App. Ct.

6   931, 932 (2003) (affirming dismissal where fraud allegations lacked specific details); *Unisys*

7   *Finance Corp. v. Allan R. Hackel Org., Inc.*, 42 Mass. App. Ct. 275, 278 (1997) (requiring "the

8   who, what, when, where, and how" of the alleged fraud).

9   The Complaint fails to meet these requirements in several respects:

10   No Identifiable Cause of Action: The pleading does not articulate any recognized legal

11   claim against the University, nor does it connect its factual assertions to a coherent legal theory.

12   See *Doe*, 41 Mass. App. Ct. at 140 (requiring clarity in claims).

13   Failure to Differentiate Defendants: The Complaint does not distinguish among the named

14   defendants or specify which defendant allegedly breached which obligation and in what manner,

15   contrary to the notice requirement of Rule 8(e).

16   Conclusory Allegations of Fraud: References to "predatory lending," "embezzlement,"

17   and "fraud" are wholly conclusory and lack the requisite particularity. The Complaint omits the

18   essential details—who engaged in the alleged conduct, what actions were taken, when and where

19   they occurred, and how they constitute fraud—necessary to satisfy Rule 9(b). See

20   *Northmeadows*, 59 Mass. App. Ct. at 932; *Unisys*, 42 Mass. App. Ct. at 278.

21   Because the Complaint disregards these fundamental pleading standards, dismissal is

22   warranted under Mass. R. Civ. P. 12(b)(6). See *Iannacchino*, 451 Mass. 623, 636 (2008)

23   (requiring factual allegations sufficient to state a plausible claim).

- 4 -

**IV.    CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that this Court **dismiss**

**Plaintiff's Complaint in its entirety with prejudice** pursuant to Mass. R. Civ. P. 12(b)(6).

Respectfully submitted,

December 12, 2025

Sheri Cann, President of F.H. Cann & Associates, Inc

By her attorney,

*/s/ Antonio Calvagno*
Antonio Calvagno (BBO 708180)
c/o F.H. Cann & Associates, Inc
1600 Osgood St., Suite 3058
North Andover, MA 01845
Phone:      978.973.8593
Email:      acalvagno@fhcann.com

**CERTIFICATE OF SERVICE**

I, Antonio Calvagno, hereby certify that on December 12, 2025, a true copy of the above

document was served via first class mail upon:

- PETER R. RUMBIN, 87 Second St., Hamden, CT 06514

- KATIA BALTIMORE, 188 Crocker Court, Orange, CT 06472

The above document was additionally served by email on all counsel of record.

*/s/ Antonio Calvagno*
Antonio Calvagno