Peter R. Rumbin, plaintiff, pro se
c/o Ms. Katia Baltimore, Secretary
188 Crocker Court, Orange, CT 06472

**COMMONWEALTH OF MASSACHUSETTS**
**SUPERIOR COURT-ESSEX COUNTY**

**PETER R. RUMBIN,**          Case No. **2577CV00816**
Plaintiff,
VS
**OFFICE OF THE GENERAL COUNSEL, US DEPT OF EDUCATION**
**MS. SHERI CANN, CEO. PRESIDENT, F.H. CANN & ASSOCIATES (NORTH ANDOVER, MASS),**
**SCOTT BASSENT, DEPT OF THE TREASURY**
**ELLEN R. PATTERSON, SENIOR EX. VP., GENERAL COUNSEL, WELLS FARGO & CO.**
**ELIZABETH SHANIN, VP & GENERAL COUNSEL, UNIVERSITY OF CHICAGO,**
**DEFENDANTS**

## PLAINTIFF'S OBJECTION TO THE MOTION TO DISMISS FROM THE U. OF CHICAGO AND AND ELIZABETH SHANIN and F.H. CANN & ASSOCIATES

The Plaintiff is prop se and Ira Grudberg, Esq is deceased. From 1979-2025 the defendants never contacted plaintiff's legal counsel by phone or mail. However now that he is dead, they are all trying to avoid paying damages for the harm that they all caused to the plaintiff for 48 years. The defendants are simply generating pleadings because the plaintiff is not a lawyer.

The fact of the matter is that the General Counsel of the US Dept of Education has found the defendants guilty of predatory lending, fraud and embezzlement. The U. of Chicago upon investigation by the U S Dept of Ed in Chicago, refunded the PELL/BEOG funds that the U of Chicago had in its possession but had no applied it to pay the plaintiff's education bill and then borrowed money in this same year. This only happened for that one year and the plaintiff withdrew from the U. of Chicago. Harvard financial aid discovered these "financial aid irregularities" when it requested a financial aid transcript. The defendants were enriching themselves at the expense of the students of need by treating

as students of means. Plaintiff never borrowed again for his education and attended Harvard, and elsewhere on a full scholarship.

The General Counsel has access to all of the financial records and information about these defendants' malfeasance. Why the defendants continue to file motions to dismiss when they have been found guilty of predatory lending is perplexing. The defendants have been found guilty of predatory lending in the 1989-1990 case dismissed with prejudice against them by stipulated agreement of the parties. The defendants lost the class action suit Sweet vs Cardona in US District Court North District of California after an intense battle with Harvard Law School et al. No purpose is served to repeat this exercise. The court simply must hold a hearing for damages and order the defendants to pay damages and legal costs.

The relief sought from the defendants is money—the only thing that the defendants can provide to the plaintiff for the 48 years of troubles that they caused and the legal costs associated with their predatory lending. The plaintiff's credit worthiness is zero because their negative and derogatory comments.
Statute of limitation question cannot be used by the defendants as a defense to avoid paying for damages.

In 2011 the US Congress removed due process and commenced offsets until 2025. In 2024 for four months the US Treasury and Education executed their "Claw Back" when they offset 100 percent of the income of the plaintiff and medical insurance. The US Depts of Ed and Treasury have acknowledged their mistake and discharged the debts (see letter

discharging the debt). But the defendants are refusing to accept the fact that they have lost their case before the General Counsel of the US Dept of ED in Washington, DC.

The statute of limitation seems to be a moot point as a defense for the defendants. They simply cannot avoid their conviction by the General Counsel. The

Ira Grudberg, ESQ stated: When we win, will make money". The plaintiff has won and now it is time for the plaintiff to be paid for damages and legal costs by the defendants. They cannot recover the 48 years of hardship, disruption and damages that they caused by their corporate greed. All of the defendants unjustly enriched themselves to the detriment of the plaintiff. None of these defendants once previously appeared in any court proceeding with legal counsel, Ira Grudberg, Esq.

The Rumbin vs Duncan was ignored by the class action suit and borrower defense application- predatory lending litigation because Judge Haight, Jr. conduct was found to be prejudiced, and ignored the Second Circuit Court of Appeals directives. He refused to hold any hearing or listen to any pleadings from the plaintiff. The Sweet vs Cardona class action case supersedes Judge Haight as does the General Counsel of the US Dept of Education. Judge Haight and US Attorney Christine Sciarrino both worked together because of the ruling issued by Judge Warren Eginton in 1990 that US Attorney Christine Sciarrino had signed. She then lied to the court in the 2011 case when she said all the loans were not included—which was a lie to the court. She had never appealed or attempted to modify the 1990 ruling—a court order signed by Judge Eginton. Judge Haight refused to remand the case to Judge Eginton, too.

Ira Grudberg filed two writ of certiorari to SCOTUS one with President Joe Biden which led to the class action law suit, Sweet VS Cardona and its consequent ruling for the borrower defense program that the plaintiff applied to and won in 2025. The defendants cannot go back to Judge Haight for legal defense.

Attorney Antonio Calvagno (F.H.Cann) also cannot accept the class action ruling and the General Counsel rulings. Unless the defendants can only be convinced of this reality by a court order issued by the judge in this case. Ira Grudberg said that these defendants would be trouble and he was correct but as pro se I am not able to draft a point-by-point counter argument to them. But Ira Grudberg has written a writ of certiorari to SCOTUS and an appendix that the presiding judge should peruse and its clear exegesis can provide a bulwark against the defendants' motions to dismiss as pointless.

When the defendants have lost their case three times, it is more honorable and respectable to acknowledge culpability and make a generous monetary settlement to the plaintiff. Any other questions that the court has in this matter the plaintiff will do his best to respond to, but legal representation is required immediately. Plaintiff has contacted all the law schools and legal aid organizations for representation.

The student loan case was discharged in 2025 but the defendants have not paid damages and legal costs for the past 48 years and that is the point of the complaint. If you do not like it in Massachusetts perhaps it could be transferred to the Connecticut Superior Court. But the case against these defendants is not settled until legal costs and damages are paid in full to the plaintiff. They objections make it obvious that they all know that the plaintiff is owed generous compensation.

Ira Grudberg would insist upon it after defending the plaintiff against them and their seizure of the plaintiff's money and property. Last night at the "ask a lawyer" session in New Haven, the lawyer told the plaintiff that he must follow through to prevent the defendants from seizing his property (house etc.) and recover money from them all for their greedy predatory lending behavior.

Former Illinois Attorney Lisa Madigan closed colleges and fined them for their predatory lending and irregular financial aid practices. Noam Chomsky say that legal details should not abrogate the legitimacy of a plaintiff's claim for justice and rightful compensation.

Respectfully submitted, *[signature: Peter R. Rumbin]*

Peter R. Rumbin, Plaintiff, pro se
c/o Ms. Katia Baltimore, Secretary,188 Crocker Court, Orange, CT 06472
Dated this December 12, 2025
Certification
A copy of the above was sent by US Mail to the defendants on November 24, 2025, listed herein:
University of Chicago and Elizabet Shanin
Daniel J. Cloherty (BBO #565772)
Cloherty & Steinberg LLP
One Financial Center, Suite 1120
Boston, MA 02111 , 617-481-0160
Judah H. Rome
Troutman Pepper Locke LLP
One Financial Plaza, Suite 2800
Westminster St.
Providence, RI 02903 , 401-276-6433
Antonio Calvagno, Esq.
c/o F.H. Cann & Associates, Inc.
1600 Osgood St., Suite 3058
North Andover, MA 01845, 978-973-8593
U.S. Dept. of Education - Predatory Lending Student Loan Borrower Defense
400 Maryland Ave, SW, Washington, D.C. 20202